Brian M. Rothschild, USB #15316
Darren Neilson, USB #15005
Alexander S. Chang, USB #18879
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com
DNeilson@parsonsbehle.com
AChang@parsonsbehle.com
ecf@parsonsbehle.com

*Proposed Attorneys for Debtor Power Block Coin L.L.C.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 24-bk-23041-JTM |
| POWER BLOCK COIN, L.L.C. | Chapter 11 |
| Debtor | Judge Joel T. Marker |

**DEBTOR POWER BLOCK COIN L.L.C.'S MOTION FOR CONTEMPT SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY BY MOHSIN Y. MEGHJI, CELSIUS NETWORK LLC, AND ITS AFFILIATED POST-EFFECTIVE DATE DEBTORS**

POWER BLOCK COIN, L.L.C., d/b/a "SMARTFI" the above captioned debtor and debtor in possession (the "**Debtor**" or "**SmartFi**"), moves this Court for Contempt Sanctions for Violation of the Automatic Stay by Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Celsius Debtors ("**Meghji**"), Celsius Network LLC ("**Celsius**"), and the affiliated post-effective date debtors of Celsius (together with Celsius and Meghji, the "**Celsius Parties**"). The Debtor seeks such relief under sections 105(a) and 362 of title 11 of the United

4879-0117-0898

States Code (the "**Bankruptcy Code**"), and Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

The Debtor is entitled to injunctive relief and damages for contempt, including the attorney's fees incurred in bringing this Motion, for violations of the Automatic Stay by the Celsius Parties, who commence separate adversary proceedings to collect on prepetition claims in direct violation of section 362(a)(1) of the Bankruptcy Code. These violations forced the Debtor to incur additional and unnecessary attorney's fees associated with this Motion, which it should be awarded as a sanction for the Celsius Parties willful violation.

The Celsius Parties have committed multiple, willful, and damaging violations of the automatic stay by commencing adversary proceedings against the Debtor in an attempt to collect on an alleged prepetition claims. Despite communicating with counsel for the Celsius Parties in an attempt to avoid bringing this motion and incurring the unnecessary time and fees associated with the same, the Celsius Parties refused to voluntarily dismiss or stay the adversary proceedings and resolve their differences through the claims adjudication process in this bankruptcy. Accordingly, the Court should enter an Order: (1) enjoining the Celsius Parties from their initiated litigation against Debtor arising from alleged prepetition claims; (2) finding the Celsius Parties in contempt of this Court; and (3) adjudging the Celsius Parties liable for damages in an amount to be proved at an evidentiary hearing to be scheduled upon the entry of this order, including attorneys' fees and costs incurred by the Debtor.

## JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334.

Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408

2

4879-0117-0898

and 1409. This Motion is properly brought as a motion under Bankruptcy Rules 9014 and 9020 and seeks relief under sections 105(a) and 362 of the Bankruptcy Code.

## BACKGROUND

1.　　SmartFi provides crypto-based financial services.  Historically, these have included operating a cryptocurrency exchange platform, crypto-based savings accounts, crypto-based lending, crypto information, token creation and offering, alternative currencies, and cryptocurrency investment.  *See* ¶ 4 of the *Declaration of Aaron Tilton in Support of First Day Motions* (the "**First Day Declaration**") (ECF Docket No. 8).

2.　　SmartFi operates a platform for its clients through its website portal at www.smartfi.com.  It generates revenue through interest on loans denominated in dollars and cryptocurrencies, trading and hedging, and fees assessed on certain transactions on its platform. *Id*. at ¶ 5.

3.　　On June 20, 2024 (the "**Petition Date**"), SmartFi filed a petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing this Chapter 11 Case, and elected to proceed under Subchapter V.  (ECF Docket No. 1).  The Debtor remains in possession of its estate and is operating its business.

4.　　On March 20, 2024, Celsius made a demand to the Debtor for return of $4,218,580.17.  The demand referenced a previous demand in the amount of $8,437,160.34.  The demand characterized the "Withdrawal Preference Exposure" as $30,680.583.04.

5.　　After the Petition Date, on July 12, 2024, the Celsius Parties commenced two adversary proceedings against the Debtor based on alleged preference transfers in the 90 days prior to Celsius' own bankruptcy filing in the U.S. Bankruptcy Court for the Southern District of New

4879-0117-0898

York. *See Meghji v. Power Block Coin, LLC,* Case No. 24-02093, Bankr. D. Utah (the "**Megjhi Case,**" (ECF Docket No. 1) (the "**Megjhi Complaint**"); *Celsius Network LLC, et al. v. Power Block Coin, LLC*, Case No. 24-02094, Bankr. D. Utah (ECF Docket No. 1) (individually, the "**Celsius Case**" and the "**Celsius Complaint**," and together with the Maegjhi Case, the "**Celsius Adversary Proceedings**").

6.      The Celsius Adversary Proceedings arise from dozens of alleged transfers between Celsius and SmartFi between April and June of 2022.  (Megjhi Case, Exhibit A to ECF Docket No. 1; Celsius Case, Exhibit A to ECF Docket No. 1).

7.      The Megjhi Complaint seeks to avoidable preference payment under section 547 of the Bankruptcy Code in the total amount of $79,032,563.75.  (Megjhi Case, ECF Docket No. 1, ¶¶ 44, 50-63).  Through the Megjhi Complaint, Megjhi requests, not a claim in the amount of $79,032,563.75 in the Debtor's bankruptcy, but instead, that this Court seize the debtor's assets and direct them to Megjhi.  (*Id.* at Prayer for Relief  ¶¶ a-g [sic]).

8.      The Celsius Complaint seeks to avoidable preference payments under section 547 of the Bankruptcy Code in the amount of $54,256,669.86. (Celsius Case, ECF 1, ¶¶ 35, 51-56).  The Celsius Complaint also requests that this Court sieze the Debtor's assets and direct them to Celsius. (*Id.* at Prayer for Relief ¶¶ a-h).

9.      The Megjhi Case and Celsius Case each state that they do not consent to jurisdiction of this Court, and that "the [Celsius Parties]…submit that this case should be heard by the NY Bankruptcy Court and intend to file a motion ***to lift the automatic stay and/or a motion to transfer venue in this case for that purpose***." (Megjhi Case, ECF Docket No. 1, ¶¶ 17 - 18; Celsius Case, ECF Docket No. 1, ¶¶ 15 – 16 (emphasis added)).

4

4879-0117-0898

10.    On August 9, 2024, the Celsius Parties filed Motions in the Megjhi Case and Celsius Case to transfer venue for the Celsius Adversary Proceedings to the United States Bankruptcy Court for the Southern District of New York.  (Megjhi Case, ECF Docket No. 3; Celsius Case, ECF Docket No. 8) (collectively, the "**Transfer Motions**").

11.    In addition to seeking a to transfer venue to a bankruptcy court over 2,000 miles away, the Transfer Motions request relief from the automatic stay to prosecute their claims against SmartFi in New York.  (Megjhi Case, ECF Docket No. 3 at ¶ 14; Celsius Case, ECF Docket No. 8 at ¶ 14).

## ARGUMENT

The filing of a chapter 11 bankruptcy petition immediately "operates as a stay, *applicable to all entities*, of…the *commencement* or continuation, including the issuance or employment of process, *of a judicial…action or proceeding against the debtor that was or could have been commenced before the commencement of the case* under [title 11], *or to recover a claim against the debtor that arose before the commencement of the case* under [title 11]." 11 U.S.C. § 362(a)(1) (emphasis added). This automatic stay under section 362(a) also bars "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case…" 11 U.S.C. § 362(a)(6).

"The purpose of the automatic stay is to give 'the debtor a breathing spell from his creditors' by stopping 'all collection efforts, all harassment, and all foreclosure actions.'" *Vitamins Online, Inc. v. Heartwise, Inc.*, 71 F4th 1222, 1235 (10th Cir. 2023) (*quoting* William L. Norton, Jr. & William L. Norton III, *Norton Bankruptcy Law and Practice* § 362 (3d. Ed. 2008)). "The automatic say provision of the Bankruptcy Code, § 362(a), has been described as

4879-0117-0898

one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat. Bank v. New Jersey Dept. of Environmental Protection*. 474 U.S. 494, 503 (1986). As one court has put it, "[t]he automatic stay is *the* protection afforded to an individual or entity that seeks protection under our nation's bankruptcy laws." *In re Adkins*, 513 B.R. 888, 891 (Bankr. N.D. Tex. 2014) (emphasis in original).

"The Tenth Circuit has held that bankruptcy courts have civil contempt powers pursuant to § 105(a)" that may be exercised to remedy a violation of the automatic stay. *In re C.W. Min. Co.*, 477 B.R. 176, 194 (10th Cir. BAP 2012).  In doing so, the court must ensure that any sanctions for civil contempt meet one or both of the following purposes: (1) to compel or ensure compliance with a court order; and (2) compensate parties for losses caused by the contemnor's refusal to abide by a court order.  *Id.*

The Celsius Adversary Proceedings is an attempt by the Celsius Parties to collect on a prepetition claim that both arose before the commencement of SmartFi's bankruptcy case *and* could have been pursued by Celsius prior to that date, including *in its own bankruptcy proceeding*.  Even worse, the Celsius Adversary Proceedings attempt to force SmartFi to retain counsel, appear, and defend itself in New York while simultaneously working to propose, confirm, and fulfill a Subchapter V plan of reorganization in this case. Such a scenario would rob SmartFi any benefit of the automatic stay and significantly frustrate its ability to effectively reorganize, if not make it outright impossible.

Celsius failed to act on its prepetition claims before the Debtor found itself in bankruptcy. Its lack of diligence does not entitle it to pursue its claims through an adversary proceeding instead of the claims adjudication process that every other creditor must follow.  Nor should the

6

4879-0117-0898

Celsius Parties be able to do an end around the automatic stay by initiating the action in Debtor's

bankruptcy and then seek to remove it to New York.  Accordingly, the Celsius Adversary

Proceedings violate the automatic stay under section 362(a).  The Court should grant the

Debtor's Motion, exercise its civil contempt authority to compensate the Debtor for the fees and

costs it has incurred because of the Celsius Parties' stay violations, and enjoin the Celsius Parties

from further violations of the automatic stay.

I.      **The Celsius Adversary Proceedings Violate the Automatic Stay.**

The Complaint filed in the Megjhi Case alleges that the "Celsius Debtors" transferred

cryptocurrency assets to SmartFi in the 90 days prior to Celsius' bankruptcy filing "in an

aggregate gross amount valued at no less than approximately $79,032,563.75." (Megjhi Case,

ECF 1, ¶ 44).  Based on this alleged preference, the Megjhi Case seeks to "recover from

[SmartFi]…the property transferred" or "the value of such transferred property" plus interest and

court costs.  (*Id.*, ¶¶ 59-63). Similarly, the Complaint filed in the Celsius Case alleges that the

"Celsius Debtors" transferred cryptocurrency to SmarFi during the 90-day preference period "in

an aggregate gross amount valued at no less than $54,256,669.86 as part of the Institutional

Lending Program." (Celsius Case, ECF 1, ¶ 35).  Based on this alleged preference, the Celsius

Case seeks "to recover from [SmartFi]…the property transferred" or "the value of such

transferred property" plus interest and costs.  (*Id.*, ¶¶ 52-56).  Based on these allegations, there

can be no serious dispute that the Celsius Adversary Proceedings aim to recover on prepetition

claims through judicial process.

Debtor's counsel explained this conflict between the automatic stay under section 362(a)

and the Celsius Adversary Proceedings before offering to allow the Celsius Parties to voluntarily

7

4879-0117-0898

dismiss the proceedings or stay them to allow the parties to resolve any dispute through the claims adjudication process. (Email Correspondence Between Counsel for SmartFi and the Celsius Parties, attached hereto as Exhibit A). The Celsius Parties rejected both proposals. (*Id.*) In doing so, the Celsius Parties responded to the proposals by asserting it was entitled to freely sue SmartFi so long as they do so in bankruptcy court. (*Id.*)

While there is conflicting case law on the subject nationwide, bankruptcy courts in this circuit have held that "the plain language of § 362(a) stays the filing of a proceeding against the debtor in bankruptcy court on a prepetition claim." *In re Roman Catholic Church of Archdiocese of Santa Fe*, 627 B.R. 916, 921 (Bankr. D. N.M. 2021). While the minority view, courts in numerous other jurisdictions are in accord. *See, e.g., In re Adkins*, 513 B.R. 888, 895 (Bankr. N.D. Tex. 2014) ("allowing any action against a debtor in the bankruptcy court, without tripping the stay wire [] fails to account for the most basic purpose of the automatic stay…the breathing room afforded a debtor from his creditors upon a bankruptcy filing."); *In re Continentala Dispensing Co.*, 403 B.R. 653, 659 (Bankr. E.D. Mo. 2009); *Matter of Coastal Group, Inc.*, 100 B.R. 177, 178 (Bankr. D. Del. 1989); *In re Hodges*, 83 B.R. 25, 26 (Bankr. N.D. Cal. 1988); *In re Penney*, 76 B.R. 160, 162 (Bankr. N.D. Cal. 1987).

Courts adopting this position look to the plain language of section 362(a), which bars the commencement of any judicial proceeding against the debtor that could have been commenced before the bankruptcy petition was filed or aims to recover on a prepetition claim. In other words, these courts each held the statute means what it says. No more, no less. Courts who have reached the opposite conclusion, on the other hand, have done only after concluding that section 362(a) "implicitly" permits something it does not say. *See, e.g., In re Transcolor Corp.*, 296

8

B.R. 343, 358 (Bankr. D. Md, 2003) ("Despite the apparent silence of the Code on this point, the majority view is that the Code implicitly permits the filing of suit in bankruptcy court against a debtor without violating the automatic stay.").

In statutory interpretation cases, a court must "begin with the understanding that Congress says in a statute what it means and means in a statute what it says there." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal citations omitted). "[W]hen the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms." *Id.* (refusing to adopt unwritten interpretation of section 506(c) of the Bankruptcy Code); *see also Sebelius v. Cloer*, 569 U.S. 369, 381 (2013); *U.S. v. O'Brien*, 686 F.2d 850, 852 (10th Cir. 1982) ("except in rare cases, a statute which is clear and unambiguous on its face must be given effect according to its plain meaning…"). The plain language of a statute may be disregarded under the "absurdity" doctrine only where the plain language "leads to results so gross as to shock the general moral or common sense, which is a formidable hurdle to the application of this doctrine." *In re Taylor*, 737 F.3d 670, 681 (10th Cir. 2013) (internal citations omitted). In other words, a court cannot reject the plain meaning of a statute "on the ground that [the Court is] confident that Congress would have wanted a different result." *Id.* at 682.

The plain language of section 362(a)(1) is clear and prevents a creditor from commencing a judicial action against a debtor that could have been commenced prepetition that seeks to collect on a prepetition debt regardless of the forum. *Archdiocese of Santa Fe*, 627 B.R. at 922. Had Congress wished to include an exception for suits filed in bankruptcy court, it certainly

could have done so by adding an additional exception to the 29 already listed in section 362(b).

It did not.

Moreover, applying the statute as written would not lead to "absurd results," as some courts refusing to apply section 362(a)'s plain language have concluded. *Id.* First, refusing to give creditors free reign to sue debtors on prepetition claims so long as they do it in bankruptcy court will ensure a debtor is provided the full extent of the breathing spell the automatic stay provides. This automatic stay is critically important in a Subchapter V case like this one, where the debtor has strict deadlines it must follow in the first 90 after the petition is filed. *See, e.g.,* 11 U.S.C. §§ 1188(a), (c), and 1189(b). Without the protections of the automatic stay, debtors like SmartFi, are forced to simultaneously litigate prepetition claims like those asserted by the Celsius Parties and also work towards preparing a consensual plan of reorganization. Second, prohibiting all suits arising from prepetition debts like those brought by the Celsius Parties poses no harm to the creditor. The claims allowance and adjudication process allows the debtor to maintain control over whether and when to object to claim and is "far more efficient than allowing each creditor to sue the debtor in the bankruptcy case." *Archdiocese of Santa Fe*, 627 B.R. at 922.

Here, the Celsius Adversary Proceedings violate section 362(a)(1) because they aim to collect on a prepetition claim through a lawsuit that could have been commenced long before (2 years) before SmartFi filed its own bankruptcy petition. Their failure to do so does not allow the Celsius Parties to side-step the claims adjudication lawsuit and place the Celsius Parties' interests ahead of the debtor and every other creditor. Furthermore, it appears as the Celsius Parties agree that they have violated the automatic stay. If they had not violated the automatic

10

stay, why would the Celsius Parties need relief from the automatic stay to remove the Celsius

Adversary Proceedings to New York?  The answer is that they did violate the automatic stay by

innating the Celsius Adversary Proceedings.  Rather than request relief from the automatic stay

in this Court, and then bring their actions, the Celsius Parties did it in reverse order. Accordingly,

the Court should enter an order determining that the Celsius Adversary Proceedings violate the

automatic stay under section 362(a)(1).

II.   **Contempt Sanctions Are Appropriate to Remedy the Celsius Parties' Violation.**

Since the Celsius Parties violated section 362(a) by initiating the Celsius Adversary

Proceedings and declined the Debtor's offer to voluntarily dismiss or stay the proceedings to

resolve any dispute through the appropriate claims adjudication process, an award of sanctions is

appropriate to compensate the Debtor for the unnecessary time and expense associated with

bringing this Motion.

"A bankruptcy court may exercise its civil contempt power for violation of the automatic

stay so long as doing so is consistent with the purposes of civil contempt orders and doing so is

within the limits of the bankruptcy court's § 105 powers." *C.W. Min. Co.*, 477 B.R. at 194. A

bankruptcy court's "civil contempt authority allows [it] to remedy a violation of a specific order

(including 'automatic' orders, such as the automatic stay or discharge injunction." *In re Dyer*, 322

F.3d 1178, 1196 (9th Cir. 2003). Contempt sanctions must meet one or both of the following

purposes: (1) compel or ensure compliance with a court order; and (2) compensate parties for

losses caused by the contemnor's refusal to abide by a court order. *C.W. Min. Co.*, 477 B.R. at

194-95.

Here, an award of contempt sanctions in the form of monetary damages in an amount to be

11

4879-0117-0898

proven at an evidentiary hearing is appropriate and would serve both purposes enumerated by the 10th Circuit BAP. Such sanctions would compel the Celsius Parties to abide by the automatic stay by which they are bound and would compensate the Debtor for the significant and unnecessary expense of time and money incurred as a result of the Celsius Parties' violation. Accordingly, the Court should grant the Debtor's Motion and set a hearing to determine an appropriate award of monetary damages to be awarded to the Debtor as a sanction against the Celsius Parties.

## CONCLUSION

For these reasons, the Debtor respectfully requests that the Court grant its motion, determine the Celsius Adversary Proceedings violate the automatic stay under section 362(a) of the Bankruptcy Code, and set an evidentiary hearing to determine an appropriate contempt sanction against the Celsius Parties.

DATED August 16, 2024.

PARSONS BEHLE & LATIMER

/s/ Darren Neilson
Brian M. Rothschild
Darren Neilson
Alexander S. Chang
*Proposed Attorneys for Debtor Power Block Coin, L.L.C.*

12

4879-0117-0898

# EXHIBIT A

4879-0117-0898

## Darren Neilson

| | |
|---|---|
| **From:** | Brian M. Rothschild |
| **Sent:** | Wednesday, July 31, 2024 7:28 PM |
| **To:** | Hershey, Samuel; Annette Jarvis (JarvisA@gtlaw.com); carson.heninger@gtlaw.com; Pesce, Gregory; Baccash, Laura |
| **Cc:** | Alex Chang; Timothy B. Smith; Elliott McGill; Darren Neilson; Bruce White |
| **Subject:** | RE:  RE: Power Block Coin - Celsius Complaints |

Annette and Carson called me on July 17, 2024 at 3:14 p.m. MT and agreed to **stay** the adversary proceedings if we would not proceed with our motion for contempt.  The evidence of that is the stipulation, drafted by White & Case, forwarded to me a few days later by Carson.  I am not going to bring a motion to enforce the agreement, as it was not at that time put into writing, and you apparently believe "stay" means "extension," which I do not see the need to argue.  If you want to reneg on your agreement, that is your choice.  I thought our offer was generous.  Without a stipulation, it puts you in the position of defending a motion for contempt, which is a stupid waste of everyone's resources.  But if that's what you want, so be it.

Sincerely,

Brian



**Brian M. Rothschild**
Attorney at Law  •  Shareholder
Salt Lake City  •  Direct +1 801.536.6762

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Wednesday, July 31, 2024 7:07 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>; Darren Neilson <DNeilson@parsonsbehle.com>; Bruce White <BWhite@parsonsbehle.com>
**Subject:** RE: RE: Power Block Coin - Celsius Complaints

| | |
|---|---|
| **This Message Is From an External Sender**<br>This message came from outside your organization. | Report Suspicious |

Brian, this is getting tiresome but I have to ask again, what agreement are you asking me to honor?

**Samuel P. Hershey**  |  Partner
**T**  +1 (212) 819-2699    **M**  +1 (914) 582-1628    **E**  sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

## WHITE & CASE

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Date:** Wednesday, Jul 31, 2024 at 20:58

**To:** Hershey, Samuel <sam.hershey@whitecase.com>, Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>, carson.heninger@gtlaw.com <carson.heninger@gtlaw.com>, Pesce, Gregory <gregory.pesce@whitecase.com>, Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>, Timothy B. Smith <TBSmith@parsonsbehle.com>, Elliott McGill <EMcGill@parsonsbehle.com>, Darren Neilson <DNeilson@parsonsbehle.com>, Bruce White <BWhite@parsonsbehle.com>
**Subject:** [EXT] RE: Power Block Coin - Celsius Complaints

Sam, you have moved the goal posts.  The standard under rule 11, which you threatened and which you would be wasting *your* estates' resources in filing, is lack of a reasonable basis in fact and law.  Conflicting case law in a jurisdiction, especially where the later case from the same court explicitly overruled the prior case, is a reasonable basis in fact and law.  I could even argue for a change in law if there was controlling case law to the contrary (which there is not) and there was some reason warranting it.  Your threatened rule 11 motion is unsupportable.

You can honor your agreement, the easy way out of your blunder, or you can face the risk of sanction.  I still have no idea why you insist that this is the hill to die on.

Sincerely,

Brian



**Brian M. Rothschild**
Attorney at Law
Direct +1 801.536.6762

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Wednesday, July 31, 2024 6:33 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>; Darren Neilson <DNeilson@parsonsbehle.com>; Bruce White <BWhite@parsonsbehle.com>
**Subject:** RE: Power Block Coin - Celsius Complaints

Brian, your statement that "the only cases from our circuit (D.N.M.) hold that what you have done is a violation" is false.  In fact, you must know it's false, because the case that you purport to rely on, *In re Archdiocese of Santa Fe*, 627 B.R. 916, (Bankr. D.N.M. 2021), cites several cases from this circuit—indeed, from D.N.M.—that hold the opposite.  *See In re Roman Cath. Church of Archdiocese of Santa Fe*, 627 B.R. 916, 921 (Bankr. D.N.M. 2021) (citing *In re Cashco*, 599 B.R. 138, 146 (Bankr. D.N.M. 2019) as an example of "the majority rule [] that creditors may bring such proceedings in bankruptcy court without violating the stay"); *id.* at 922 (citing *In re Deerman*, 482 B.R. 344, 354 (Bankr. D.N.M. 1012) for the proposition that the "stay does not prevent filing a proceeding seeking relief under the Bankruptcy Code").  I ask that you not waste any more estate resources by filing a frivolous sanctions motion.

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**WHITE & CASE**

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Wednesday, July 31, 2024 7:09 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>; Darren Neilson <DNeilson@parsonsbehle.com>; Bruce White <BWhite@parsonsbehle.com>
**Subject:** [EXT] RE: Power Block Coin - Celsius Complaints

Sam, please check your rule 11 jurisprudence.  You are making idle threats.  The position is a minority nationally, but the only cases from our circuit (D.N.M.) hold that what you have done is a violation.  I therefore have a reasonable basis in fact and law for my position, so your threat of sanctions is not supportable.  The nation minority position that is the law in the Tenth Circuit is still the law in the Tenth Circuit.

Again, there is no explanation from you as to why you want to engage in this war when there is a safe means of pursuing your claim without prejudice to your client.

Brian



**Brian M. Rothschild**
Attorney at Law
Direct +1 801.536.6762

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Wednesday, July 31, 2024 4:31 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>; Darren Neilson <DNeilson@parsonsbehle.com>; Bruce White <BWhite@parsonsbehle.com>
**Subject:** RE: Power Block Coin - Celsius Complaints

Brian,

In our first correspondence, you acknowledged that your position is the minority.  I am not sure how you can make that admission without also being aware of the preponderance of cases that constitutes the majority.  If, despite this knowledge, you seek to make a meritless motion for sanctions, we will respond, and will reserve the right to seek our own sanctions.

Best,
Sam

**Samuel P. Hershey**  |  Partner
**T**  +1 (212) 819-2699    **M**  +1 (914) 582-1628    **E**  sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095
**WHITE & CASE**

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Wednesday, July 31, 2024 6:17 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura

<laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>; Darren Neilson <DNeilson@parsonsbehle.com>; Bruce White <BWhite@parsonsbehle.com>
**Subject:** [EXT] RE: Power Block Coin - Celsius Complaints

Sam:

I understand your disagreement.  You have cited no authority supporting your position.  If you do not agree to a stay, as opposed to a 30-day extension, we will respond to your complaints and file our motion for contempt.

Sincerely,

Brian



**Brian M. Rothschild**
Attorney at Law
Direct +1 801.536.6762

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Wednesday, July 31, 2024 3:56 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>; Darren Neilson <DNeilson@parsonsbehle.com>; Bruce White <BWhite@parsonsbehle.com>
**Subject:** RE: Power Block Coin - Celsius Complaints

Hi Brian,

Thanks.  As discussed, we disagree with your position, and I am not sure what you are accusing us of re-trading, given that you rejected our stipulation and we have no deal.  I'm trying to reach a reasonable compromise, but if you do not want an extension of your time to respond, subject to our ability to agree to further extensions, then ok.

Best,
Sam

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699    **M** +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095
**WHITE & CASE**

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Wednesday, July 31, 2024 5:37 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>; Darren Neilson <DNeilson@parsonsbehle.com>; Bruce White <BWhite@parsonsbehle.com>
**Subject:** [EXT] RE: Power Block Coin - Celsius Complaints

Sam:

We need something more than simply "your deadline to respond is extended by 30 days."  An extension is not the same as a stay.  Can you tell us on day 29 that there is no further stay?  And then both sides are back where we started, and the Debtor has to defend a lawsuit, all while I am knee-deep in plan drafting and other matters in the chapter 11.

Bottom line, your clients filed two lawsuits in violation of the automatic stay, which caused (and is still causing) the Debtor to incur attorneys' fees and expend time and attention that it should not have to in the first month of a chapter 11 case.  We are agreeing to deal with that in a friendly manner if you stay these suits and, instead, pursue your remedies through the proof of claim process or, if you prefer, seek retroactive modification of the stay to pursue your lawsuits.  We are not agreeing with that if you are re-trading the arrangement to a 30-day extension.  I am puzzled as to why you insist on pursuing your claims through this very fraught path rather than, like all other creditors, through the proof-of-claim process.

Sincerely,

Brian

 **Brian M. Rothschild**
Attorney at Law
Direct +1 801.536.6762

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Wednesday, July 31, 2024 3:06 PM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>; Darren Neilson <DNeilson@parsonsbehle.com>; Bruce White <BWhite@parsonsbehle.com>
**Subject:** RE: Power Block Coin - Celsius Complaints

Brian,

I wanted to follow up on the discussions regarding a potential stipulation to stay your time to respond to the Celsius complaints.  It is our understanding that we do not need a formal stipulation here.  A written agreement by email will suffice.  We will agree to a 30-day stay, and remain open to further extensions of the stay.

To be clear, we are agreeing only to stay your response deadline.  That is separate from, and has no bearing on, our right to seek other relief, such as to transfer the cases to the Celsius bankruptcy proceeding in SDNY, as we intend to do in due course.  Regardless of whether transfer is granted, your deadline to respond will be stayed per our agreement.

Let us know if you agree to the stay of your response deadline.

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095
**WHITE & CASE**

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Wednesday, July 17, 2024 12:17 PM
**To:** Hershey, Samuel <sam.hershey@whitecase.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>; Darren Neilson <DNeilson@parsonsbehle.com>; Bruce White <BWhite@parsonsbehle.com>
**Subject:** [EXT] RE: Power Block Coin - Celsius Complaints

Sam:

Your analysis is just plain wrong.

First, section 108(a) of the Bankruptcy Code tolls the statute of limitations. No lawsuit was necessary to do that. I would also have been happy, and am still happy, to enter into a tolling agreement had you but asked.

Second, you say – without any supporting authority but vehemently nonetheless – that I have selectively cited case law. You cite nothing to the contrary. I acknowledged that it is a minority position, but the case is in the Tenth Circuit where SmartFi's case is pending. The analysis is also sound. Nothing in section 362 excepts cases filed in the bankruptcy court from the automatic stay's prohibition on commencing a lawsuit for a prepetition claim. Further, there are sound policy reasons that the stay should apply including that the debtor is entitled to a breathing spell, for the debtor to control the claims adjudication process, and to allow for equality of treatment and distribution for all claimants.

Third, you didn't ask in your complaint for allowance of a claim. You asked for remedies including avoidance of transfers, recovery of property, and an order that the Debtor pay you money, including "Requiring Defendant to pay forthwith the amount of the Judgment." You are requesting relief that includes a judgment and post-judgment remedies that would take property of SmartFi's estate for the benefit of your client. I cannot think of a clearer violation of the stay.

Fourth, you are correct that a preference claim, like every other cause of action outside a bankruptcy case, requires a lawsuit with the full protections of due process, service, etc., which in a bankruptcy case means an adversary proceeding in the bankruptcy court where the case is pending. Thus, in the absence of SmartFi's pending chapter 11 case, Celsius would have to file an adversary proceeding in the bankruptcy court where the Celsius case is pending. But SmartFi's pending case changes that for every creditor, not just Celsius. Thus, section 108 and sections 501 and 502. Creditors protect their interest by filing a proof of claim, which allows the debtor to resolve its liabilities as part of the claims administration process. Your claim, from the perspective of SmartFi's estate, is not special, it is not entitled to a fast-track adjudication before all the others, and is not entitled to attention that will drain the estate of its time and resources either in the Utah Bankruptcy Court and certainly not in a New York Bankruptcy Court.

You have no reason to push this pathway for your client. It offers no advantages; it only increases costs and fees to all parties. It I am offering to allow you to withdraw your lawsuit and file a proof of claim or even stipulate to stay the lawsuit for now. If you do not, I will pair the motion to dismiss with a motion for contempt and request for fees.

Sincerely,

Brian

6



**Brian M. Rothschild**
Attorney at Law
Direct +1 801.536.6762

---

**From:** Hershey, Samuel <sam.hershey@whitecase.com>
**Sent:** Wednesday, July 17, 2024 9:27 AM
**To:** Brian M. Rothschild <BRothschild@parsonsbehle.com>; Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>
**Subject:** RE: Power Block Coin - Celsius Complaints

Brian,

Thanks for your email.  Under section 546 of the Bankruptcy Code, the statute of limitations in connection with Celsius's preference claims expired on July 15, 2024.  We therefore filed the adversary proceedings in advance of that deadline to commence (and thus preserve) those causes of action.  Despite your selective citation to case law, commencing an adversary proceeding in Power Block's bankruptcy did not violate the automatic stay.  Moreover, courts have held that an adversary proceeding, rather than a proof of claim, is required to litigate a preference action.

We intend to file motions to transfer venue and lift the stay to adjudicate and liquidate the complaints in Celsius's bankruptcy proceeding in SDNY, where they can be tried alongside the thousands of other preference complaints that Celsius has filed in the last few weeks.  We will agree to hold all deadlines in connection with the complaints in abeyance until the Court rules on our motion.

Finally, we think the complaints speak for themselves, but if you are still confused please review the motions once we file them and let us know if you still have questions.

Best,
Sam

---

**Samuel P. Hershey** | Partner
**T** +1 (212) 819-2699    **M** +1 (914) 582-1628    **E** sam.hershey@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**WHITE & CASE**

---

**From:** Brian M. Rothschild <BRothschild@parsonsbehle.com>
**Sent:** Monday, July 15, 2024 12:13 PM
**To:** Annette Jarvis (JarvisA@gtlaw.com) <JarvisA@gtlaw.com>; carson.heninger@gtlaw.com; Pesce, Gregory <gregory.pesce@whitecase.com>; Baccash, Laura <laura.baccash@whitecase.com>; Hershey, Samuel <sam.hershey@whitecase.com>
**Cc:** Alex Chang <AChang@parsonsbehle.com>; Timothy B. Smith <TBSmith@parsonsbehle.com>; Elliott McGill <EMcGill@parsonsbehle.com>
**Subject:** [EXT] Power Block Coin - Celsius Complaints

Dear Sam, Annette, Carson, *et al*:

I am in receipt of your two complaints filed on Friday.  I confess that I am a little confused by them.  To assert a prepetition claim against a debtor, you typically file a proof of claim.  In fact, while it is the minority view nationally, there is case law in this circuit that filing an adversary proceeding in the bankruptcy court seeking relief on a prepetition claim is a violation of the automatic stay.  *E.g.*, *In re Archdiocese of Santa Fe*, 627 B.R. 916, 921-22 (Bankr. D.N.M. 2021) (holding that the automatic stay prevents the assertion of prepetition claims against a debtor, even if brought in the bankruptcy court).

7

Why did you file two complaints?  What are there differences between them?  Why are the plaintiffs different?  Why are the amounts different?  Are they overlapping in whole or part (*i.e.*, for the same transfers), or are they cumulative liabilities (different transfers and thus stacking liabilities)?  Why were these never asserted separately in your pre-petition demands, negotiations, and correspondence?

We request that you withdraw the complaints or at least stay the adversary proceedings and, instead, file proofs of claim like every other creditor.  The Debtor is entitled to the breathing spell of the automatic stay and to use the claims adjudication process to resolve the claims against it.

Sincerely,

Brian



**PARSONS BEHLE & LATIMER**

A Professional
Law Corporation

**Brian M. Rothschild**
Attorney at Law
Admitted in California, Idaho, and Utah
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800  •  Salt Lake City, Utah 84111
Main +1 801.532.1234  •  Direct +1 801.536.6762  •  Fax +1 801.536.6111

**parsonsbehle.com**  •  BRothschild@parsonsbehle.com  •  vCard

**CONFIDENTIALITY NOTICE:**  This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product.  The message is intended only for the use of the addressee.  If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at +1 801.532.1234, and delete this original message.

=========================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

=========================================================================

=========================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

======================================================================

======================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

======================================================================

======================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

======================================================================

======================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

======================================================================

======================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

9

=======================================================================

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I caused or will cause a true and correct copy of the foregoing **DEBTOR POWER BLOCK COIN L.L.C.'S MOTION FOR CONTEMPT SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY BY MOHSIN Y. MEGHJI, CELSIUS NETWORK LLC, AND ITS AFFILIATED POST-EFFECTIVE DATE DEBTORS** to be served, by U.S. Mail, first class postage prepaid on the Debtor's entire creditor matrix, attached hereto. I also hereby certify that on August 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

- **James W. Anderson** jwa@clydesnow.com, gmortensen@clydesnow.com
- **Laura Elizabeth Baccash** laura.baccash@whitecase.com, mco@whitecase.com
- **Simeon J Brown** sbrown@parsonsbehle.com
- **Matthew James Burne** matthew.burne@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Deborah Rae Chandler** dchandler@aklawfirm.com
- **Carson Heninger** heningerc@gtlaw.com, carson-heninger-5642@ecf.pacerpro.com,Candy.Long@gtlaw.com
- **Samuel P. Hershey** sam.hershey@whitecase.com, mco@whitecase.com
- **Annette W. Jarvis** jarvisa@gtlaw.com, longca@gtlaw.com
- **Michael R. Johnson** mjohnson@rqn.com, docket@rqn.com;ASanchez@rqn.com;RQN@ecfalerts.com
- **Peter J. Kuhn** Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Joli A. Lofstedt** joli@jaltrustee.com, ecf.alert+LofstedtUTB@titlexi.com,brenda@jaltrustee.com
- **Darren B. Neilson** dneilson@parsonsbehle.com
- **Christopher L. Perkins** cperkins@eckertseamans.com
- **Gregory F. Pesce** gregory.pesce@whitecase.com, mco@whitecase.com
- **Walter A Romney** war@clydesnow.com, gmortensen@clydesnow.com
- **Brian M. Rothschild** brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com
- **Landon S. Troester** lst@clydesnow.com, rcondos@clydesnow.com
- **United States Trustee** USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr** melinda.willden@usdoj.gov, James.Gee@usdoj.gov; .Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; e.D.Hughes@usdoj.gov; Brittany.Dewitt@usdoj.gov

Dated this 16 day of August, 2024.

14

4879-0117-0898

PARSONS BEHLE & LATIMER

/s/ *Darren Neilson*

Darren Neilson

*Proposed Attorneys for Power Block Coin, LLC*

15