**GREENBERG TRAURIG, LLP**
Annette W. Jarvis (Utah #1649)
Carson Heninger (Utah #17410)
Abigail J. Stone (Utah # 19083)
222 South Main Street, Suite 1730
Salt Lake City, UT 84101
Telephone: (801) 478-6900
Email: jarvisa@gtlaw.com
        carson.heninger@gtlaw.com
        abigail.stone@gtlaw.com

**BAKER MCKENZIE**
Nicholas O. Kennedy (admitted *pro hac vice*)
Texas Bar No. 24087841
1900 N. Pearl Street, Suite 1500
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099
nicholas.kennedy@bakermckenzie.com

Mark D. Bloom (admitted *pro hac vice*)
FL Bar No. 303836
1111 Brickell Ave., Suite 1000
Miami, FL 33131
Telephone: 305-789-8927
Facsimile: 305-789-8953
mark.bloom@bakermckenzie.com

*Attorneys for Zhouyang "Mason" Song*

**GREENBERG TRAURIG, LLP**
Annette W. Jarvis (Utah #1649)
Carson Heninger (Utah #17410)
Abigail J. Stone (Utah # 19083)
222 South Main Street, Suite 1730
Salt Lake City, UT 84101
Telephone: (801) 478-6900
Email: jarvisa@gtlaw.com
        carson.heninger@gtlaw.com
        abigail.stone@gtlaw.com

**WHITE & CASE LLP**
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
        laura.baccash@whitecase.com

*Attorneys for Blockchain Recovery Investment Consortium, LLC, Litigation Administrator and Complex Asset Recovery Manager, as Representative for the Post-Effective Date Celsius Debtors; and Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Celsius Debtors.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>POWER BLOCK COIN, L.L.C., d/b/a "SmartFi"<br><br>       Debtor. | Bankruptcy No. 24-bk-23041-JTM<br><br>Chapter 11 |

## OBJECTING CREDITORS' RESPONSE TO THE DEBTORS' MONTHLY OPERATING REPORT FOR FILING PERIOD JULY 2024

Zhouyang "Mason" Song; Blockchain Recovery Investment Consortium, LLC, as Representative for the Post-Effective Date Celsius Debtors; and Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Celsius Debtors (collectively, the "Objecting Creditors"), each a creditor and party in interest in this Chapter 11 case, by and through undersigned counsel, respectfully submit this response (the "Response") to the *Debtor's Monthly Operating Report for Filing Period July 2024* [Doc. No. 145] ("July MOR").

## RESPONSE

The July MOR is the latest example of the significant irregularities and inconsistencies in the Debtors' internal financial documents and representations to the Court.[1]  These errors and discrepancies go to core questions regarding the Debtor's estate, including whether the Debtor has correctly stated its total assets, liabilities, and revenue from operations, and whether the Debtor's parent has misappropriated the Debtor's assets.  While the Objecting Creditors do

---

[1] On August 27, 2024, Matt McKinlay, the managing partner of CFO Solutions, LLC d/b/a Amplēo ("Amplēo"), filed a declaration disclosing that Ms. Parker-Adams, the declarant in support of Amplēo's retention application and lead financial advisor to the Debtor, misrepresented to Amplēo, the Debtor and this Court that she possessed credentials as a certified turnaround professional. *See* [Doc. No. 150].  It is unclear whether Ms. Parker-Adams' lack of credentials played any role in the errors and irregularities outlined below.

2

not intend to identify every error and inconsistency in the July MOR, they submit this Response to inform the Court of certain material concerns.

### A. The Debtor has made post-petition payments for pre-petition expenses.

The Debtor acknowledges that it has paid[2] at least $5,500 on account of pre-petition claims without approval from the Court. *See* July MOR at 12. Moreover, the Debtor incurred $46,349 of post-petition management fees to Blue Castle, but paid Blue Castle $53,000 for management fees. *See* July MOR at 16 (column titled "Post-Petition"). The Debtor does not record this excess distribution as a prepayment for future expenses. *See* July MOR at 14 (recording no "Prepayments" post-petition). Accordingly, in addition to the payments the Debtor acknowledges, these post-petition payments to Blue Castle in excess of post-petition management fees indicate that the Debtor paid a portion of Blue Castle's pre-petition management fees with post-petition distributions. *See* July MOR at 16 (reflecting a remaining "Balance Owed" to BCH Manager of $13,849, equal to its "Pre-Petition" balance owed to BCH Manager of $20,500 minus its "Post-Petition" excess payment of $6,651).

### B. A third of the Debtor's monthly expenses relate to unauthorized contractors and consultants, including insiders.

The Debtor reports that about one-third of its monthly operating cost for July 2024 went to paying contractors and consultants. *See* July MOR at 14 (citing Contract Labor fees of $18,474, Accounting & Audit Fees of $12,500, and Consulting Fees of $8,250). These fees are on top of financial advisor fees, legal advisor fees, shared services fees, management fees, and payroll expenses. Importantly, the Debtor did not seek authorization to pay these professionals aside from its motion for continued use of its payment system, which this Court denied.

---

[2] While the Debtor generally refers to post-petition "payments," all such "payments" are actually setoffs by its parent, Blue Castle Holdings, Inc. ("Blue Castle"), of its pre-petition debt. The Objecting Creditors keep the Debtor's terminology for ease of reference.

The Debtor provides no explanation regarding these professional fees, including why they are necessary. That is particularly troubling given that the consultants and contractors receiving these fees include insiders, such as Blue Castle director Brad Jones. *Id.* at 16. Additionally, the Debtor reports that $18,474 of cash was used for Contract Labor fees in July 2024 but Exhibit E provides support for only $16,958.00 in Contract Labor disbursements, suggesting that the Debtor may not be tracking or reporting such fees accurately. *Id.* at 14–16.

**C. The Debtor's revenue appears to have been misappropriated by Blue Castle.**

Despite the Debtor reporting Receipts and Offsets on Loans Receivable of just $137,046 for June 2024 (July MOR at 14), Blue Castle actually offset $144,994.81 for that period. *Id*. at 18 (under "Red in Note"). This difference corresponds to the Debtor's revenue from Transactions Fees and corresponding cash flow for that period. *Id.* at 6 (reporting $7,956 in revenue from transaction fees in June 2024); *id*. at 14 (reporting roughly equivalent cash flow of $7,949 on account of transaction settlements). This discrepancy suggests that Blue Castle has not been crediting the Debtor for its revenue.

**D. The Debtor has redacted basic financial information, making it impossible for third parties to vet its financial disclosures.**

The Debtor's checking account, held by Blue Castle, reported a beginning balance of $97,341.15, with total credits of $173,000.00 and debits of -$150,428.22. *See* July MOR at 7–10. None of these numbers appears to correspond to amounts reflected elsewhere in the Debtor's balance sheet, income statement, statement of cash flows, or July MOR. More troubling, the Debtor—without seeking or receiving authorization from the Court—redacted basic details of relevant transactions, including non-sensitive information like dates, dollar amounts, and simple descriptions. Without this information, it is impossible for third parties or the Court to verify the accuracy or propriety of the Debtor's distributions, or apprehend the details of the Debtor's ongoing insider transactions with Blue Castle and its affiliates.

### E. The July MOR conflicts with the Debtor's prior court filings.

The Debtor previously represented that it had $1,679,551 of liabilities on account of "Invoked SmartINTEREST Claims," that is, "obligations [the Debtor] had to obtain and transfer to SmartINTEREST Account Holders crypto-based assets to holders that requested it prior to the Petition Date." *See* [Doc. No. 125] at 12. However, in its July MOR, the Debtor represents that these liabilities are on account of "Buy-Back Guarantee Claims." *See* July MOR at 5 (Jul-24 Buy-Back Guarantee Claims equal to $1,679,551). Buy-Back Guarantee Claims are separate from Invoked SmartINTEREST Claims; they relate to the Debtor's dollar-denominated obligation to repurchase SmartFi Token. *See* [Doc. No. 125] at 4–7 (distinguishing between buy-back guarantee claims and SmartINTEREST claims). The Debtor does not explain this change.

### F. The Debtor fails to meet prior projections and revises downward future projections, both without explanation.

The Debtor previously projected a positive net cash flow of $43,857.00 for July 2024. *See* July MOR at 3. The Debtor missed this projection and instead realized no cash flow at all. *Id.* Moreover, despite showing no material changes in operations, the Debtor has materially revised its projections downward. *Id.* The Debtor provides no explanation for either its failure to meet its prior projections or its decision to revise downward its future projections.

### G. The Debtor has provided irregular and conflicting financial statements.

Finally, the July MOR evidences the Debtor's unwillingness or inability to provide accurate and consistent financial reporting.

- **Inconsistent Pre-Petition Financial Statements** – The Debtor submitted three different financial statements for March 2024, each of which includes unexplained irregularities and material inconsistencies. *See* **Exhibit A** ("March 2024 Internal Statements"); [Doc. No. 17]; July MOR at 5–6.

5

o <u>Pre-petition Liabilities Retroactively Decreased</u> – The Debtor retroactively decreased Total Liabilities as of March 2024 from $69,409,854 to $65,118,945. *Compare* [Doc. No. 17] at 4 *with* July MOR at 5.

o <u>Pre-petition Assets Retroactively Increased</u> – The Debtor retroactively increased Total Assets as of March 2024 from $25,928,865 to $28,870,950. *Compare* [Doc. No. 17] at 4) *with* July MOR at 5.

o <u>Pre-petition Crypto Loans Receivable Retroactively Increased</u> – The Debtor retroactively increased cash due to the Debtor on account of crypto loans from $5,014,663 to $7,204,312, a 44% increase. *Compare* [Doc. No. 17] at 4 *with* July MOR at 5.

o <u>Pre-petition Crypto Inventory Retroactively Increased</u> – The Debtor retroactively increased Crypto Inventory as of March 2024 from $164,043 to $897,403, a 547% increase. *Compare* [Doc. No. 17] at 4 *with* July MOR at 5. The Debtor then decreased Crypto Inventory to $36,515 by June 2024, which does not match the Debtor's statements and schedules, which reported crypto inventory of $27,860.57. *Compare* [Doc. No. 39] at 9–10 *with* July MOR at 5.

o <u>Pre-petition Buy-Back Guarantee Claims Retroactively Amended</u> – The Debtor retroactively amended Buy-Back Guarantee Claims as of March 2024 from $1,678,170 to $3,081,870. *Compare* [Doc. No. 17] at 4 *with* July MOR at 5. The Debtor then decreased Buy-Back Guarantee Claims to $1,679,551 for July to match its filed statements and schedules without any indication that any portion of the Buy-Back Guarantee Claims was actually satisfied. *Compare* [Doc. No. 39] at 70 *with* July MOR at 5.

o <u>Pre-petition Interest Expenses Retroactively Applied</u> – The Debtor retroactively applied Interest Expenses of $22,923 to the Debtor for the periods ending

January, February, and March 2024 when no such expenses were applied pre-petition. *Compare* July MOR at 6 *with* [Doc. No. 17] at 3.

o Pre-petition Legal Fees Retroactively Decreased – The Debtor retroactively decreased Legal Fees reported for January 2024 from $67,582 to $17,582. *Compare* [Doc. No. 17] at 3 *with* July MOR at 6. The Debtor also reports inconsistent legal fees, including no fees for the month in which it filed for bankruptcy. *See* July MOR at 6 (showing no legal fees in June 2024).

o Pre-petition Net Income Varies Across Reports – The Debtor's reported pre-petition Net Income varies wildly across three reports. *Compare* March 2024 Internal Statements at 2 (Net Income of $269,867.05 for March 2024) *with* [Doc. No. 17] at 4 (Net loss of $19,180 for March 2024) *and* July MOR at 5 (Net loss of $43,418 for March 2024).

• **Inconsistent Post-Petition Financial Statements** – The Debtor's post-petition financial statements reflect similar unexplained irregularities and inconsistencies.

o Net Income Changed from Internal Financial Statements – The Debtor's internal financial statements for the period running January through June 2024 reported a net loss of $475,122.26. *See* **Exhibit B** ("June 2024 Internal Statements") at 2. However, adding the net profit after tax (another name for net income/loss) as reported in the July MOR for the same months yields a net loss of only $372,242. *See* July MOR at 6 (Net Profit After Tax Jan-24 through Jun-24 added together). Additionally, the July MOR is inconsistent, reporting total Net Profit After Tax for January through July as ($271,263) when the row actually sums to ($389,135).

o Crypto Interest Payable Changed from Internal Financial Statements – The Debtor's internal statements reported Collateral Payable on account of crypto

backed loans for June 2024 of $33,031,189.66, while the July MOR reports the same item for the same period as $34,163,227.  *Compare* June 2024 Internal Statements at 1 *with* July MOR at 5.

o   <u>Unaccounted June 2024 Payment in Stable Coin</u> – Blue Castle's note receivable records a payment in stable coin of $90,000 on June 2, 2024, just weeks before the Debtor filed for bankruptcy.  July MOR at 18.  However, this payment does not appear to be reflected in any of the Debtor's financial statements, nor is the Stable Coin reflected in the Debtor's statements and schedules.  The payment also does not appear to have changed any of the balances reflected on the note receivable, making it unclear how the payment was made, how it was recorded, and what this $90,000 of crypto currency was used for just before the Petition Date.

o   <u>Omitted Liabilities</u> – A liability of $1,132,037.02 "Due to Smartfi Toquerville, LLC," which is reflected on the Debtor's internal balance sheet, is omitted from the July MOR.  *Compare* June 2024 Internal Statements at 1 *with* July MOR at 5.

o   <u>Inconsistent Assets and Liabilities Reporting</u> – The Debtor's internal balance sheet reports total assets of $27,496,083.51 and total liabilities of $63,582,935.04 for June 2024; the July MOR reports $27,675,257 and $63,693,725, respectively, for the same accounts in the same period.  *Compare* June 2024 Internal Statements at 1 *with* July MOR at 5.

o   <u>New Accounts Payable Added Post-Petition</u> – The Debtor added a new line for Accounts Payable post-petition when no such obligations were recorded pre-petition. July MOR at 5.

While the Debtor notes that its financial statements are subject to amendment, the inconsistencies outlined above are more than simple administrative corrections. Creditors and the Court cannot make reasonable assessments of the Debtor's estate or place meaningful reliance on the Debtor's financial reporting when that reporting is constantly and materially shifting. Moreover, the fact that these changes have all been made without notice or explanation calls into question the Debtor's transparency with its creditors and the Court.

*[Remainder of the page intentionally left blank]*

Dated: August 29, 2024

**GREENBERG TRAURIG, LLP**

*/ s / Annette W. Jarvis*
Annette W. Jarvis
Carson Heninger
Abigail J. Stone

**BAKER MCKENZIE**
Nicholas O. Kennedy (admitted *pro hac vice*)
Mark D. Bloom (admitted *pro hac vice*)

*Attorneys for Zhouyang "Mason" Song*

**WHITE & CASE LLP**
Samuel P. Hershey (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
Laura Baccash (admitted *pro hac vice*)

*Attorneys for Blockchain Recovery Investment Consortium, LLC, Litigation Administrator and Complex Asset Recovery Manager, as Representative for the Post-Effective Date Celsius Debtors; and Mohsin Y. Meghji, Litigation Administrator, as Representative for the Post-Effective Date Celsius Debtors.*

## <u>CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING</u>
## <u>(CM/ECF)</u>

I hereby certify that on the 29th day of August 2024, the foregoing was electronically filed with the Court and served via the Court's CM/ECF system upon all parties who receive service upon electronic filing:

- **James W. Anderson**   jwa@clydesnow.com, gmortensen@clydesnow.com
- **Laura Elizabeth Baccash**   laura.baccash@whitecase.com, mco@whitecase.com
- **Simeon J Brown**   sbrown@parsonsbehle.com
- **Matthew James Burne**   matthew.burne@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Deborah Rae Chandler**   dchandler@aklawfirm.com
- **Carson Heninger**   heningerc@gtlaw.com, carson-heninger-5642@ecf.pacerpro.com,Candy.Long@gtlaw.com
- **Samuel P. Hershey**   sam.hershey@whitecase.com, mco@whitecase.com
- **Annette W. Jarvis**   jarvisa@gtlaw.com, longca@gtlaw.com
- **Michael R. Johnson**   mjohnson@rqn.com, docket@rqn.com;ASanchez@rqn.com;RQN@ecfalerts.com
- **Peter J. Kuhn**   Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Joli A. Lofstedt**   joli@jaltrustee.com, ecf.alert+LofstedtUTB@titlexi.com,brenda@jaltrustee.com
- **Darren B. Neilson**   dneilson@parsonsbehle.com
- **Christopher L. Perkins**   cperkins@eckertseamans.com
- **Gregory F. Pesce**   gregory.pesce@whitecase.com, mco@whitecase.com
- **Walter A Romney**   war@clydesnow.com, gmortensen@clydesnow.com
- **Brian M. Rothschild**   brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com
- **Landon S. Troester**   lst@clydesnow.com, rcondos@clydesnow.com
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr**   melinda.willden@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

_/ s / Carson Heninger_