# <u>EXHIBIT C</u>

Declaration of Huron Consulting Services

**GREENBERG TRAURIG, LLP**
Annette W. Jarvis (Utah #1649)
Carson Heninger (Utah #17410)
Abigail J. Stone (Utah # 19083)
222 South Main Street, Suite 1730
Salt Lake City, UT 84101
Telephone: (801) 478-6900
Email: jarvisa@gtlaw.com
         carson.heninger@gtlaw.com
         abigail.stone@gtlaw.com


*Attorneys for the Official Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 24-bk-23041 |
| POWER BLOCK COIN, L.L.C., | Chapter 11 |
| Debtor. | Judge Cathleen D. Parker |

## DECLARATION OF HURON CONSULTING SERVICES, LLC IN
## SUPPORT OF MOTION TO APPOINT CHAPTER 11 TRUSTEE

I, Robert Loh, being of lawful age, do hereby declare and state as follows:

1.      I am a Managing Director with the consulting firm Huron Consulting Services, LLC ("Huron"). [1]

2.      On December 2, 2024, Huron was retained as the financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of the Debtor Power Block Coin, L.L.C. (the "Debtor") in the above-captioned case.

---

[1] Capitalized terms not otherwise defined herein shall have the definitions given to them in the Committee's *Motion to Appoint Chapter 11 Trustee.*

3.      Since Huron's retention, it has worked on behalf of the Committee to obtain information and documents from the Debtor to enable its analysis of estate assets and potential recoveries.

4.      Prior to its bankruptcy filing, the Debtor ran a cryptocurrency trading and management platform. However, on December 4, 2024, the Court entered an order that authorized the Debtor to shut down or hibernate its cryptocurrency platform. [Doc. No. 229].

5.      Upon information and belief, the Committee understands that the Debtor shut down its platform on, or about, December 5, 2024.

6.      Following the platform shutdown, the Debtor's webpage was updated to display the following message[2]:

AFTER YEARS OF SERVING THE SMARTFI COMMUNITY, WE ARE CLOSING THE SMARTFI PORTAL.

SmartFi account holders will be able to sign into their account to view balances and transaction history, as well as withdraw wallet balances, from a new portal login page in a few weeks.

SMTF and BBB balances are subject to current Chapter 11 proceedings and can not be withdrawn.

You can continue to contact our support team by sending an email to contact@smartfi.com.

---

[2] https://web.archive.org/web/20241205085813/https://smartfi.com/

7.      The Debtor's webpage was further updated in either late May or early June 2025 to remove references to a new portal login page that would allow customers to withdraw wallet balances.[3]

> # AFTER YEARS OF SERVING THE SMARTFI COMMUNITY, WE ARE CLOSING THE SMARTFI PORTAL.
>
> SMTF and BBB balances are subject to current Chapter 11 proceedings and can not be withdrawn.
>
> You can continue to contact our support team by sending an email to contact@smartfi.com.

8.       The Debtor's website continues to display the same message directing customers to contact it via its support team.[4]

9.      The Committee understands that the Debtor never launched the new portal page that was intended to allow customers to access their account history and/or withdraw cryptocurrency holdings.

10.      The Debtor's December 14, 2024 document production to the Committee disclosed that the Debtor held cryptocurrency wallets that it indicated were managed via Fireblocks, Inc. ("Fireblocks").

11.      Fireblocks is a digital asset infrastructure and technology company that provides "…an enterprise-grade platform delivering a secure infrastructure for moving, storing, and issuing digital assets. Fireblocks enables exchanges, custodians, banks, trading desks, and hedge funds to

---

[3] https://web.archive.org/web/20250603085854/https://smartfi.com/
[4] https://smartfi.com/ (last accessed October 21, 2025 at 9:30 AM MST)

securely scale digital asset operations through patent-pending [Intel Software Guard Extensions] SGX and [Multi-Party Computation] MPC technology."[5]

12.    Fireblocks' SGX and MPC technology is designed to require coordinated approval of any cryptocurrency transfer to prevent unauthorized transactions.

13.    Based on Excel files produced by the Debtor to the Committee detailing a portion of transactions processed utilizing the Debtor's Fireblocks managed cryptocurrency wallets, a limited number of users were authorized to process cryptocurrency transactions, including Aaron Tilton, Brad Jones, Tom Retson, Sinan Causvic, and a currently unidentified user account.

14.    The Committee's investigation into the Debtor's disclosed cryptocurrency wallets identified numerous undisclosed cryptocurrency wallets and multiple post-petition transfers of cryptocurrency from the estate. For example, the Debtor's December 2024 production identified a single bitcoin wallet managed by Fireblocks that allegedly held approximately 5.5 BTC as of the Petition Date.  The Committee's analysis, however, determined that this wallet actually held 0 BTC as of the Petition Date and had only been used between July 2021 and March 2022. Instead, multiple other bitcoin wallets were utilized by the Debtor both during this period and following the Petition Date.  One of these wallets transferred approximately 2.9 BTC to Binance.com on December 16, 2024 (after the Debtor shut down its platform). Additionally, on October 8, 2025, in an email from Debtor's counsel, the Debtor admitted, "There are a handful of subsequent transactions since Nov 27, 2024 that are recorded on a spreadsheet in lieu of the trading platform." *See* Exh. B to Motion.

---

[5] https://www.fireblocks.com/about/ (last accessed October 21, 2025 at 10:15 AM MST)

15.     Further, in the same email from Debtor's counsel, the Debtor told the Committee that it holds both its cryptocurrencies and its customers' cryptocurrencies in Fireblocks wallets. *See* Exh. B to Motion.

16.     Given the Debtor's failure to launch a new customer portal, the limited number of individuals authorized to process transactions from the Debtor's Fireblocks managed wallets, and the inability of customers to engage directly with Fireblocks, the Debtor is the only party who could have processed cryptocurrency transactions from its wallets.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

DATED this 21st day of October 2025.

*/ s / Robert Loh*
Robert Loh
Huron Consulting Group