Jason R. Naess (ISB #8407)
Assistant United States Trustee
Peter J. Kuhn (USB #3820)
Melinda P. Willden (USB #8533)
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 524-5734
Facsimile: (801) 524-5628
E-mail: Peter.J.Kuhn@usdoj.gov
        Melinda.Willden@usdoj.gov

Attorneys for Gregory M. Garvin
Acting United States Trustee, Region 19

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| In re: | Bankruptcy Case No. 24-23041 |
| POWER BLOCK COIN, LLC | Chapter 11 |
| Debtor. | Hon. Cathleen D. Parker |

**ACTING UNITED STATES TRUSTEE'S RESPONSE TO THE NOTICE OF
CONVERSION OF CASE TO CHAPTER 7**

The Acting United States Trustee for Region 19, through his counsel, files this Response

to the Notice of Conversion to Chapter 7 ("Notice of Conversion") filed by the Debtor to request

that the Debtor be ordered to update the Schedules and Statement of Financial Affairs

("Schedules" and "SOFA") filed in this case to reflect facts and situations that have come to light

since this case was filed. In support of this request, the U.S. Trustee respectfully states as

follows:

## I.   SUMMARY OF RELEVANT FACTS

1.  The Debtor filed a voluntary petition ("Petition") for relief under Chapter 11 of the Bankruptcy Code on June 20, 2024 ("Petition Date").

2.  Aaron Tilton signed the Petition in his capacity as President and CEO of the Debtor.

3.  Brad Jones is the Chief Financial Officer of the Debtor.

4.  On the Petition, the Debtor elected to proceed under Subchapter V.

5.  On July 4, 2024, the Debtor filed its Schedules and Statement of Financial Affairs ("Schedules" and "SOFA") at Dkt. #39. *See* **Exhibit 1**.

6.  On October 9, 2024, the Court sustained objections to the Debtor's Subchapter V election. The case has proceeded as a standard chapter 11 case since that date.

7.  The Debtor has filed Monthly Operating Reports ("MOR(s)") throughout this case.

## II.   DISCUSSION

One of a debtor's most basic duties is to file a schedule of its assets and liabilities. *See* 11 U.S.C. § 521(a)(1)(B)(i). Creditors and other parties in interest should not have to comb through a debtor's MORs in search of undisclosed assets. "[T]he debtor in possession must file a complete inventory of its property, keep a record of receipts and disposition of money and property, and file complete reports of all its transactions." *In re Americana Expressways, Inc.*, 133 F.3d 752, 756 (10th Cir. 1997). The Schedules and Statement of Financial Affairs "are the debtor's representations of its own financial condition at the start of the case. They are signed under penalty of perjury. They are critically important and must be accurate." *In re Giuliani*, 661 B.R. 493, 502 (Bankr. S.D.N.Y. 2024).

Bankruptcy Rule 1019(a)(1) states that when a chapter 11 case is converted to chapter 7, the "schedules, and statement of financial affairs previously filed are considered filed in the

Chapter 7 case." The Schedules and SOFA currently on file are inadequate and inaccurate. Whether this case is converted to chapter 7 and a chapter 7 trustee is appointed, or whether the Court orders the appointment of a chapter 11 trustee, the Debtor's Schedules and SOFA should be made accurate. By correcting its Schedules and SOFA, the Debtor will make either a chapter 11 trustee's duties or a chapter 7 trustee's duties more efficient, thus saving costs to the bankruptcy estate.

In this case, the Debtor has omitted assets from its Schedules and SOFA that should have been listed in order to accurately reflect the Debtor's financial situation on the Petition Date. Further, the Court's decision that the Debtor was not eligible to proceed under Subchapter V materially changed the information that should have been disclosed regarding the unsecured creditors in this case. While granting this request will require more time and effort from the Debtor's management and Debtor's Counsel, it is no more than what should have been done during the case. In an effort to streamline the process, the U.S. Trustee has collected the various relevant documents and attaches them as exhibits to this Response.

### A.  <u>Many Debts on Schedule E/F Should Be Updated with Dollar Amounts</u>.

In support of the Debtor's Subchapter V election, the Debtor prepared its list of unsecured creditors to reflect many of the debts as "unknown" amounts and marking them as contingent and/or unliquidated. On Schedule E/F, the unsecured creditors' claims were classified as BB, BG, IP, or CP ("BB Claims," BG Claims," IP Claims," and "CP Claims"). These terms are defined in the Court's Memorandum Decision filed at Dkt. #190 which is attached as **<u>Exhibit 2</u>**. Essentially, the Debtor offered differing categories of crypto services and thus its customers had differing types of claims.

In the Schedules, only the BB Claims have dollar amounts. By marking the BG Claims,

IP Claims, and CP Claims as contingent and/or unliquidated, the Debtor was able to shoehorn itself into the Subchapter V debt limit. In its Memorandum Decision, the Court found that the BG Claims were contingent and/or unliquidated. However, the Court determined that the IP Claims and the CP Claims were liquidated claims. In other words, the unsecured claims labeled with "IP" and "CP" can be reduced to a specific dollar amount. Indeed, the Debtor made the calculation and included the dollar amounts in a proposed plan. *See* Dkt #185 at pp. 17-19 which is attached as **Exhibit 3**.

Schedule E/F has never been updated to reflect the actual dollar amount of the IP Claims and the CP Claims as of the Petition Date. In addition, the checkmarks identifying the debts as disputed or unliquidated should be removed as appropriate. Updating Schedule E/F, and swearing to the accuracy of the dollar amounts under penalty of perjury, would save a trustee both time and effort in comparing claims that will eventually be filed against the Debtor's books and records.

## B. The Schedules and SOFA Should Be Amended

During the course of this case, information has come to light regarding assets or transactions that were not disclosed on the Schedules and SOFA. The U.S. Trustee respectfully requests that the Debtor amend its Schedules and SOFA to disclose the following items:

1. The Debtor's Claim for Theft Recovery. In September 2024, the Debtor apparently received two checks from Canada "related to theft recovery from years ago." Added together, the checks were worth approximately USD $208,790.15. This explanation appeared only on the September 2024 MOR, October 2024 MOR, and November 2024 MOR. *See* **Exhibit 4**.

2. <u>The Unidentified Asset Worth Approximately $73,000.</u> The February 2025 MOR shows a balance in the "True Up Loan" column for $73,301.43 dated January 1, 2024. *See* Dkt. #281-3. The Exhibit A to the February 2025 MOR gives only minimal information: "Additionally, an asset purchased with debtor funds for approximately $73K in 2022 but intended to be an affiliate (BCH) asset was not correctly reflected in the note between BCH and the debtor.[1] The increase in the note between BCH and PBC will be corrected and reflected in the Feb MOR." *See* **Exhibit 5** at p.21.

3. <u>$240,000 in Cash, Possibly Held by Another Entity.</u> The August 2024 MOR shows that the Debtor transferred approximately $240,000 to Blue Castle, one transfer of $90,000 is dated the day before the Petition Date, and the remaining $150,000 was transferred on July 24, 2024, approximately one month after the Petition Date. The funds are labeled "Pymt in Stable Coin." *See* **Exhibit 6** at p. 10.

4. <u>The Debtor's Involvement or Interest in RE Developers, LLC.</u> When RE Developers, LLC was registered with the State of Utah on March 27, 2023, its registered agent and Manager was the Debtor. *See* **Exhibit 7.** The Debtor was removed from these positions post-petition, in August 2024. *See* **Exhibit 8**.

5. <u>The Debtor's Involvement in Smartfi Lending, LLC.</u> When Smartfi Lending, LLC ("Smartfi Lending") was registered with the State of Utah on February 24, 2023, its registered agent and Manager was the Debtor. *See* **Exhibit 9**. The Debtor was removed from these positions post-petition, in August 2024. *See* **Exhibit 10.**

---

[1] This sentence is incorrect. The loan from the Debtor to Blue Castle took place in August 2023. The value of a $73,000 asset could not be accounted for in a loan that had not yet taken place.

5

6. <u>Payments or Transfers to Insiders Within One Year of the Petition Date Should Be Listed on the SOFA.</u> Line 4 of the SOFA asks a debtor to identify payments or other transfers of property made within one year before filing the petition that benefitted any insider. The Debtor's bank account was closed on December 20, 2023. This is disclosed on line 18 of the SOFA. The balance at closing was $0.00. It is highly unlikely that the Debtor's operating costs precisely zeroed out the bank account. If any funds were transferred to Blue Castle or other insiders in anticipation of the bank account being closed, the amount of the funds transferred should be disclosed. This information could also be listed in response to Line 30 of the SOFA, which asks the Debtor to disclose anything of value to an insider.[2]

7. <u>Other Transfers Within Two Years Should be Listed on the SOFA.</u> Line 13 of the SOFA asks the Debtor to identify any transfers of money or other property within two years before the case was filed. The SOFA currently filed marks 'none.' The following transfers occurred within two years of the Petition Date:

   a. On April 3, 2023, the Debtor transferred $1,000,000 to RE Developers, LLC. *See* **Exhibit 11.**

   b. On April 3, 2023, the Debtor Loaned Blue Castle $751,000. *See* **Exhibit 12**.

8. <u>Property Held or Controlled for Another Should be Identified.</u> The SOFA at line 21 asks the Debtor to identify property held for another. The Debtor has answered "none." Over the course of the case, the Debtor has disclosed that its involvement or authorization is

---

[2] Line 30 of the SOFA already appropriately discloses the Debtor's loan to Blue Castle of $1,400,000 made on August 7, 2023 (a copy of the promissory note is attached as **Exhibit 13**) and the Debtor's loan to Smartfi Lending of $1,768,830.05 made on September 30, 2023 (a copy of the promissory note is attached as **Exhibit 14**).

required in order for its former customers to transact in their own cryptocurrency transactions. If the Debtor is required to do anything at all to facilitate cryptocurrency transactions by other entities or individuals, the explanation should be given on the SOFA.

9. Any Other Property Held for a Related Entity Should be Identified. Throughout this case, the Debtor has occasionally stated that assets held by the Debtor actually belong to Blue Castle. These assets include RE Developers, Smartfi Lending, and the unidentified $73,000 asset discussed in paragraph two (2), above. The Debtor should do a thorough review of its records and assets to identify if any other items should be disclosed.

10. The Debtor Should List RE Developers and Smartfi Lending on Line 25 of the SOFA. Line 25 asks a debtor to disclose any business "in which the debtor has or has had an interest" within 6 years before filing the case. Currently, the Debtor's answer is "none." As already explained, this is incorrect. RE Developers and Smartfi Lending should be disclosed here.

11. Line 28 of the SOFA is Incomplete. Line 28 asks the Debtor to list officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor. The Debtor has identified only Blue Castle. Aaron Tilton, Brad Jones, and Tom Retson should be identified as officers, directors, and people in control of the Debtor.

12. Any Other Items, Assets, or Transactions That Should be Added. The U.S. Trustee's review was limited to the documents filed on the docket or otherwise available to the U.S. Trustee. This list is not exhaustive. Instead, this list is an example of the types of changes that should be made and items that should be included in amended Schedules

and SOFA. The Debtor is responsible for the accuracy and completeness of its own Schedules and SOFA and will need to sign the Schedules and SOFA under penalty of perjury. Any other matters not raised by the U.S. Trustee in this Response, but that should be included on the Schedules and SOFA, are the Debtor's responsibility to identify and disclose. The Debtor should conduct its own review of its internal records and any other sources it may have to determine if any other facts need to be disclosed on amended Schedules and SOFA.

## III.   **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court order the Debtor to amend its Schedules and SOFA so that they accurately reflect the Debtor's financial condition as of the Petition Date, and for such other relief as it deems appropriate.


Date: November 5, 2025                    UNITED STATES TRUSTEE


                                          By: /s/ *Melinda P. Willden*
                                          MELINDA P. WILLDEN
                                          Attorney for the United States Trustee

## CERTIFICATE OF SERVICE BY ELECTRONIC NOTICE (CM/ECF)

I hereby certify that on November 14, 2025, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **James W. Anderson**    jwa@clydesnow.com, gmortensen@clydesnow.com
- **Laura Elizabeth Baccash**    laura.baccash@whitecase.com, mco@whitecase.com
- **Mark D. Bloom**    mark.bloom@bakermckenzie.com
- **Simeon J Brown**    sbrown@parsonsbehle.com
- **Deborah Rae Chandler**    dchandler@aklawfirm.com
- **Alexander Sun Chang**    achang@parsonsbehle.com
- **Austin Egan**    austin@stavroslaw.com
- **Carson Heninger**    heningerc@gtlaw.com, carson-heninger-5642@ecf.pacerpro.com,Candy.Long@gtlaw.com
- **Samuel P. Hershey**    sam.hershey@whitecase.com, mco@whitecase.com
- **Annette W. Jarvis**    jarvisa@gtlaw.com, longca@gtlaw.com
- **Michael R. Johnson**    mjohnson@rqn.com, docket@rqn.com;ASanchez@rqn.com;RQN@ecfalerts.com
- **Peter J. Kuhn**    Peter.J.Kuhn@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Joli A. Lofstedt**    joli@jaltrustee.com, ecf.alert+LofstedtUTB@titlexi.com,brenda@jaltrustee.com
- **Artur Machalski**    artur.machalski@gmail.com
- **Elliott D. McGill**    emcgill@parsonsbehle.com, pgruwell@parsonsbehle.com;ecf@parsonsbehle.com
- **Darren B. Neilson**    dneilson@parsonsbehle.com
- **Christopher L. Perkins**    cperkins@eckertseamans.com
- **Gregory F. Pesce**    gregory.pesce@whitecase.com, mco@whitecase.com
- **Walter A Romney**    war@clydesnow.com, gmortensen@clydesnow.com
- **Brian M. Rothschild**    brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com
- **Jeffrey Weston Shields**    jshields@rqn.com, 5962725420@filings.docketbird.com;docket@rqn.com;ecasaday@rqn.com
- **Abigail Jennifer Stone**    abigail.stone@gtlaw.com
- **Michael F. Thomson**    thomsonm@gtlaw.com, stuverm@gtlaw.com;mike-thomson-2584@ecf.pacerpro.com
- **Landon S. Troester**    lst@clydesnow.com, rcondos@clydesnow.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **Melinda Willden tr**    melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

## <u>CERTIFICATE OF SERVICE BY MAIL OR OTHER MEANS</u>

I hereby certify that on November 14, 2025, I caused to be served a true and correct copy of the foregoing document as follows:

**Mail Service: First-class U.S. mail, postage pre-paid, addressed to:**

NONE

**Mail Service to all Parties in Interest: First-class mail, postage pre-paid, addressed to all parties who do not receive electronic service as set forth herein listed on the Official Court Mailing Matrix dated November 14, 2025  attached hereto:**

NONE

Date: November 14, 2025

<u>/s/</u>