Brian M. Rothschild, USB #15316
Darren Neilson, USB #15005
Simeon J. Brown, USB # 17951
Alexander S. Chang, USB #18879
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
BRothschild@parsonsbehle.com
DNeilson@parsonsbehle.com
SBrown@parsonsbehle.com
AChang@parsonsbehle.com
ecf@parsonsbehle.com

*Proposed Attorneys for Debtor Power Block Coin, L.L.C.*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>POWER BLOCK COIN, L.L.C.<br><br>Debtor | **APPLICATION TO EMPLOY PARSONS BEHLE & LATIMER AS COUNSEL TO THE DEBTOR**<br><br>Case No. 24-bk-23041-JTM<br><br>Chapter 11<br><br>Judge Joel T. Marker |

POWER BLOCK COIN, L.L.C., d/b/a "SMARTFI" (the "**Debtor**") hereby applies for

entry of an order substantially in the form attached as Exhibit A hereto (the "**Application**") under

sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**")

authorizing the Debtor to employ and retain Parsons Behle & Latimer ("**Parsons Behle**" or the

"**Firm**") as attorneys to represent and assist the Debtor in its Chapter 11 Case (the "**Chapter 11**

4859-5046-7237

**EXHIBIT 1**

Case") and as its agent for vote tabulation of its pre-packaged plan of reorganization ("**Voting Agent**").

This Application is supported by the Declaration of Brian M. Rothschild in Support of Application to Employ Parsons Behle & Latimer (the "**Rothschild Declaration**") filed concurrently herewith, and incorporated herein by reference, and the entire record before the Court in this Chapter 11 Case, the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. SUMMARY OF RELIEF REQUESTED

By this Application, the Debtor requests entry of any order substantially in the form of the proposed order attached as Exhibit A hereto, under sections 327(a) and 328(a) of title 11 of the Bankruptcy Code authorizing the Debtor to employ and retain Parsons Behle to represent and assist the Debtor in its Chapter 11 Case as its counsel.

### II. JURISDICTION AND BASES FOR RELIEF

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The Debtor's principal offices and principal place of business are located in Utah, within the District of Utah, and, therefore, venue is proper in this District under 28 U.S.C. §§ 1408(1).

3. The bases for the relief requested herein are sections 105(a), 327(a), and 328(a) of title 11 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2

4859-5046-7237

### III.   GENERAL BACKGROUND

4.     SmartFi is a Utah limited liability company that provides crypto-based financial services, which historically have included cryptocurrency exchange, savings, crypto-based lending, crypto information, token creation and offering, alternative currencies, and cryptocurrency investment.  SmartFi has more recently diversified into more traditional lending, including lending on real-estate development and other types of financial services.

5.     SmartFi operates a platform for its clients through its website portal at www.smartfi.com.  It generates revenue through interest on loans denominated in dollars and cryptocurrencies, trading and hedging, and fees assessed on certain transactions on its Platform.

6.     On June 20, 2024 (the "**Petition Date**"), SmartFi filed a petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing this Chapter 11 Case, and elected to proceed under Subchapter V.  The Debtor remains in possession of its estate and is operating its business.

7.     Further factual support for the Application is contained in the *Declaration of Aaron Tilton in Support of First Day Motions* filed on the Petition Date, the statements and arguments of counsel before the Court, and the entire docket and record of the Chapter 11 Case.  Further support for this Application is found in the *Declaration of Brian M. Rothschild in Support of the Application* filed contemporaneously herewith.

### IV.   FACTS SPECIFIC TO THE APPLICATION

#### A.     Application to Employ and Scope of Services

8.     The Debtor seeks authority under sections 327(a) and 328(a) of the Bankruptcy Code to employ and retain Parsons Behle and Latimer as their attorneys in connection with its

4859-5046-7237

Chapter 11 Case in accordance with the engagement agreement attached as <u>Exhibit B</u> hereto (the "**Engagement Agreement**").

9. It is necessary for the Debtor to employ attorneys under the terms set forth in the Engagement Agreement to render the foregoing professional services. Parsons Behle has stated its desire and willingness to act in the Chapter 11 Case and render the necessary professional services as attorneys and as a Voting Agent for the Debtor.

**B.      Parsons Behle's Qualifications**

10. The Debtor selected Parsons Behle for its sophisticated chapter 11 bankruptcy practice and considerable experience before the Bankruptcy Court for the District of Utah where the Chapter 11 Case is pending. After careful consideration, the Debtor selected Parsons Behle as an appropriate professional to employ in this situation.

11. Founded in 1882, Parsons Behle is a regional law firm of approximately 200 attorneys in six offices in Utah, Idaho, Montana, Washington, and Nevada. Parsons Behle is a general services firm with practices ranging from commercial litigation, intellectual property, environmental compliance, real estate, corporate, financial transactions, and reorganization and bankruptcy matters. The attorneys in Parsons Behle's Bankruptcy and Chapter 11 Practice Group have extensive experience in representing debtors, trustees, creditors, committees of various constituencies, asset purchasers, and investors in both in- and out-of-court restructurings around the nation. Parsons Behle's attorneys have represented debtors and creditors in numerous bankruptcy cases nationwide in a wide range of industries.

12. Parsons Behle's attorneys who will work on this matter are also well-qualified.

4859-5046-7237

13.     Brian M. Rothschild is a shareholder in the Litigation and Bankruptcy Practice Groups.  Mr. Rothschild earned an undergraduate degree from the University of Utah and a law degree from the University of Southern California Gould School of Law (Order of the Coif).  Mr. Rothschild serves as a Subchapter V trustee in the District of Utah.  Prior to joining Parsons Behle in 2014, Mr. Rothschild was an attorney in the Financial Restructuring group in the international AmLaw 100 firm Akin Gump Strauss Hauer & Feld LLP in Los Angeles, California.  Following law school, he served a clerkship for Chief Justice Matthew Durrant of the Utah Supreme Court and was a clerk to United States Bankruptcy Judges Richard Neiter (Bank. C.D. Cal.) and Richard L. Speer (Bankr. N.D. Ohio).  Mr. Rothschild teaches multiple courses in bankruptcy, chapter 11, corporate finance, and corporate reorganization at the S. J. Quinney College of Law at the University of Utah.  He has represented chapter 11 debtors, official and ad hoc committees of creditors and equity holders, and other parties in interest in chapter 11 proceedings in bankruptcy courts across the country.

14.     Darren Neilson is a shareholder in the Litigation and Bankruptcy Practice Groups. Mr. Neilson is a graduate of Brigham Young University and earned his law degree at Loyola Law School in Los Angeles.  Prior to joining Parsons Behle in 2020, Mr. Neilson was an associate in the bankruptcy department at the bankruptcy boutique firm of BG Law in Los Angeles, as well as an associate at the firm of Kirton McConkie in Salt Lake.  Mr. Neilson has represented chapter 11 debtors and other parties in interest in chapter 11 proceedings throughout the mountain states and the west coast.

15.     Simeon J. Brown is an associate at Parsons Behle & Latimer in the Corporate and Bankruptcy Practice Groups.  Mr. Brown received his J.D. from the University of Utah, S.J.

5

4859-5046-7237

Quinney College of Law. While in law school, Simeon was the executive managing editor of the Utah Law Review and served as judicial extern for the Hon. Judge Jill Parrish in the U.S. District Court, District of Utah.

16. Alexander S. Chang is an associate at Parsons Behle & Latimer in the Litigation and Bankruptcy Practice Groups. Mr. Chang received his J.D. from the University of Utah, S. J. Quinney College of Law.

17. Parsons Behle employs and bills other professionals, including its shareholders, lobbying consultants, paralegals, summer clerks, and researchers as appropriate. Parsons Behle uses billing discretion for all of its timekeepers in accordance with its obligations under the U.S. Trustee Guidelines and its own judgment when billing.

**C.      Disinterestedness of Parsons Behle Under Bankruptcy Rule 2014**

18. Parsons Behle caused the identities of the Debtor and all known creditors and equity holders to be run through Parsons Behle's computerized conflict check system, and such names to be distributed by email to all attorneys at the Firm for a standard conflict check. Further, the firm caused a list of the Debtor's creditors and equity holders to be circulated to the Firm's attorneys for them to review and identify any potential conflicts and connections.

19. To the best of the firm's knowledge, except as disclosed herein, Parsons Behle does not represent any employee, officer, or owner of equity securities of the Debtor. To the best of the firm's knowledge, except as disclosed herein, Parsons Behle and each of its attorneys have no "connections" with the Debtor or any other party in interest, or their respective attorneys and accountants, the Office of the United States Trustee (the "**U.S. Trustee**") or any person employed by the U.S. Trustee.

6

4859-5046-7237

20. Based on the above information, the Firm does not hold or represent an interest materially adverse to the estate, and Parsons Behle is "disinterested" as defined in 11 U.S.C. § 101(14). Parsons Behle has no connections with any creditor, equity holder, or principal of the Debtor except as follows:

- Parsons Behle has represented and continues to represent Blue Castle Holdings Inc. ("**Blue Castle**"), SmartFi's sole equity holder in litigations. Parsons Behle has provided and continues to provide from time to time corporate, finance, compliance, and other legal advice to Blue Castle. Parsons Behle does not represent Blue Castle with respect the Chapter 11 Case.

- Parsons Behle represents Aaron Tilton, SmartFi's President, in the Brown Litigation in which Mr. Tilton has been sued on account of actions he took as SmartFi's agent. Parsons Behle does not represent Aaron Tilton with respect the Chapter 11 Case.

Parsons Behle has no actual conflicts under the Utah Rules of Professional Conduct, and the above-disclosed connections do not, in the judgment of Parsons Behle, constitute an interest materially adverse to the estate. The Debtor, Mr. Tilton, and Blue Castle have agreed to waive any potential conflict.

21. With approximately 215 attorneys across five states, it is possible that Parsons Behle and or its shareholders, counsel, and associates may have in the past represented, may currently represent, and may in the future represent parties in interest in connection with matters unrelated to the Debtor or this Chapter 11 Case. Moreover, Parsons Behle attorneys appear in many cases, proceedings and transactions involving different attorneys, financial consultants, and

4859-5046-7237

investment bankers, some of which may now or in the future represent the Debtor or other parties in interest in this Chapter 11 Case. It is the firm's judgment that the Firm and its attorneys are disinterested and have no material connections that would affect their judgment or impartiality in this Chapter 11 Case.

22.     Parsons Behle will continue to monitor the Firm's connections with parties in interest and its disinterestedness. If any other connections or issues pertaining to disinterestedness come to the firm's attention, it will promptly supplement this declaration as required by Bankruptcy Rule 2014.

**D.     Parsons Behle's Work Performed and Compensation Paid Prior to the Petition Date**

23.     The Debtor employed Parsons Behle to assist it in various matters prior to the Petition Date, including the Song Litigation as far back as July 2023. In December 2023, the Debtor contacted Parsons Behle regarding a possible chapter 11 bankruptcy and related issues. On December 19, 2023, Blue Castle (under the Services Agreement) transferred $50,000 as a prepaid retainer for chapter 11 related work. On January 4, 2024, the Debtor executed the Engagement Agreement attached as Exhibit B hereto for services preparing, filing, and assisting the Debtor in the Chapter 11 Case, subject to Court approval of this retention with regard to post-petition services.

24.     Since that time, Parsons Behle has performed services and been paid by Blue Castle for chapter 11-related services as follows:

| Date | Item | Amount | Retainer Balance |
|---|---|---|---|
| 12/19/2023 | Retainer Payment | $50,000.00 | $50,000.00 |
| 02/08/2024 | Invoice | $(29,658.00) | $20,342.00 |
| 03/07/2024 | Invoice | $(10,493.00) | $9,849.00 |
| 05/24/2024 | Payment | $10,493.00 | $20,342.00 |

4859-5046-7237

| 04/11/2024 | Invoice | ($3,455.00) | $16,887.00 |
|---|---|---|---|
| 05/08/2024 | Invoice | ($5,119.50) | $11,767.50 |
| 06/11/2024 | Invoice | ($17,838.00) | ($6,070.50) |
| 06/20/2024 | Invoice | $($33,961.50) | $(40,032.00) |
| | | **Total Balance** | **$(40,032.00)** |

Accordingly, just prior to the filing of the Petition, the Debtor owed Parsons Behle $40,032 for chapter 11 work.

25.    In addition to the chapter 11 work, Blue Castle (under the Services Agreement) has regularly paid Parsons Behle for work related to other matters on behalf of SmartFi, including the Song Lawsuit,[1] the UXTO Lawsuit, the Brown Lawsuit, the Alber Arbitration, the Celsius Demand, and other general matters (the "**Non-Bankruptcy Matters**").  As of the Petition Date, SmartFi owed $163,778.63 to Parsons Behle for recent invoices on account of work and expenses incurred on the Non-Bankruptcy Matters as follows:

| Matter | Amount Outstanding |
|---|---|
| **Song Lawsuit** | $45,210.20 |
| **Alber Arbitration** | $73,150.62 |
| **Brown Lawsuit** | $39,581.31 |
| **Celsius Demand** | $1,236.00 |
| **Chapter 11 Preparation** | $40,032.00 |
| **UTXO Lawsuit** | $4,600.50 |
| Total: | **$203,810.63** |

E.    **Terms of Parsons Behle's Employment**

26.    The current hourly rates charged by Parsons Behle for professionals and paraprofessionals employed in its offices are provided below:

| Professional | Position | Hourly Rate |
|---|---|---|
| Brian M. Rothschild | Shareholder, Bankruptcy | $490 |
| Darren Nielson | Shareholder, Bankruptcy | $420 |

---

[1] These litigations are described in detail in the *Declaration of Aaron Tilton in Support of First-Day Relief* filed on the Petition Date.

4859-5046-7237

| Simeon J. Brown | Associate, Bankruptcy | $350 |
|---|---|---|
| Alexander S. Chang | Associate Law Clerk, Bankruptcy | $325 |
| Timothy B. Smith | Shareholder, Litigation | $440 |
| Jonathan Bletzaker | Shareholder, Litigation/Securities | $555 |

27. In addition to the lawyers named above, it may be necessary for other Parsons Behle professionals in other legal disciplines to provide services to the Debtor as requested by the Trustee. These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. Parsons Behle's professionals have and will continue to charge the estate the same or lower rates that they ordinarily charge to other clients of the Firm. Parsons Behle's timekeepers increase their rates, including rates charged in bankruptcy cases, in other jurisdictions based on the market for legal services.

28. Parsons Behle maintains detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. Parsons Behle hereafter intends to apply to the Court under section 330 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court (the "**Local Rules**") for all services performed and expenses incurred on behalf of the Debtor.

29. No promises have been solicited or received by Parsons Behle or any of its employees as to any payment or compensation in connection with these cases other than in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Parsons Behle has no agreement with any other entity to share with such entity any compensation received by Parsons Behle.

10

4859-5046-7237

F.       **Scope of Parsons Behle's Employment**

30.      The Debtor has requested that Parsons Behle render various legal services to the Debtor, including those set forth in the Engagement Agreement and the following:

(a) Advising the Debtor with respect to its powers and duties as debtor in possession in the continued management and operation of its businesses and properties;

(b) Advising and consulting on the conduct of this Chapter 11 Case, including all of the legal requirements of operating in chapter 11;

(c) Advising the Debtor in connection with corporate transactions and corporate governance, negotiations, consent solicitations, credit agreements, financing agreements, and other agreements with creditors, equity holders, prospective acquirers and investors, reviewing and preparing of documents and agreements, and such other actions;

(d) Reviewing and preparing pleadings in connection with this Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate, and appearing in court, and taking other actions with respect to the foregoing;

(e) Attending meetings and negotiating with representatives of creditors and other parties in interest;

(f) Representing the Debtor with respect to litigations, including litigations related to commercial contracts, intellectual property, employment, and any other litigation matter.

(g) Advising the Debtor with legal issues related to the Debtor's financial circumstances, including with respect to restructuring, financing, corporate, tax, litigation, mergers and acquisition, and employment issues, in each case as may be necessary or appropriate;

(h) Performing all other ancillary necessary legal services for the Debtor in connection with the prosecution of this Chapter 11 Case, including assisting the Debtor in (i) analyzing the legal aspects of the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor; and (iii) advising the Debtor on corporate and litigation matters;

11

4859-5046-7237

(i) Taking all necessary legal actions to protect and preserve the Debtor's estate as the Debtor requests, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor its involved, including objections to claims filed against the Debtor's estate; and

(j) Taking any necessary action on behalf of the Debtor as the Debtor requests to obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto.

31.     It is necessary and essential for the Debtor to employ attorneys under a general retainer to render the foregoing professional services and any other legal services that the Debtor may require during the Chapter 11 Case. Parsons Behle has indicated its desire and willingness to act on behalf of, and render such services to, the Debtor subject to the Court's entry of an order approving the Firm's retention.

### G.     Proposed Compensation of Parsons Behle

32.     In the Engagement Agreement, the Debtor agrees to retain the Firm, and the Firm agrees to provide services at its normal hourly rates and to reimburse it for its out-of-pocket expenses, third-party vendors, and customary charges.

33.     The Debtor requests that all fees and related costs and expenses incurred by the Debtor on account of services rendered by Parsons Behle in this Chapter 11 Case be paid as administrative expenses of the estate under sections 328, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code. Parsons Behle will apply for compensation in accordance with the Bankruptcy Code, any order regarding compensation procedures and the Guidelines established by the U.S. Trustee (the "**U.S. Trustee Guidelines**").[2]

---

[2] Available at https://www.justice.gov/ust/fee-guidelines.

4859-5046-7237

34. As required by the U.S. Trustee Guidelines applicable to the Chapter 11 Case, Parsons Behle will maintain contemporaneous records of its professionals' time in increments of 0.1 hours, and account for each time entry by the task codes prescribed by the U.S. Trustee. (*Id.*)

35. Under section 328(a) of the Bankruptcy Code, the Debtor may retain Parsons Behle on any reasonable terms and conditions. The Debtor submits that the terms set forth in the Engagement Agreement charged by Parsons Behle to the Debtor and Parsons Behle's other clients on a daily basis in a competitive market are reasonable terms and conditions.

36. Accordingly, it is reasonable, necessary, and appropriate for the Debtor to employ Parsons Behle as its attorneys under the terms set forth in the Engagement Agreement to render the foregoing professional services. Parsons Behle has stated its desire and willingness to act in this Chapter 11 Case and render the necessary professional services as attorneys for the Debtor. Thus, the Debtor seek approval as set forth in the Order to retain Parsons Behle after proper notice and a hearing no sooner than 21 days after the Petition Date. Bankruptcy Rule 6003.

## V. AUTHORITY AND REQUEST FOR RELIEF

Under section 328(a) of the Bankruptcy Code, the trustee/debtor-in-possession may retain and employ an attorney to assist it in carrying out its duties under chapter 11 on any reasonable terms and conditions. The Debtor submits that the terms set forth in the Engagement Agreement with Parsons Behle, which is similar to the terms and conditions that Parsons Behle engaged with its other clients in a competitive market, are reasonable terms and conditions. Accordingly, it is reasonable, necessary, and appropriate for the Debtor to employ Parsons Behle as its attorneys under the terms set forth in the Engagement Agreement to render the foregoing professional services. Parsons Behle has stated its desire and willingness to act in the Chapter 11 Case and

4859-5046-7237

render the necessary professional services as attorneys for the Debtor.  Thus, the Debtor seeks approval as set forth in the Order to retain Parsons Behle after proper notice and a hearing no sooner than 21 days after the Petition Date.  Bankruptcy Rule 6003(a).

## VI.    NOTICE

No trustee or examiner has been appointed in the Chapter 11 Case.  The Debtor has or will provide notice of this Application to (a) the Office of the United States Trustee for the District of Utah; (b) the Subchapter V Trustee appointed to the Case (once appointed); (c) the parties listed on the combined List of Creditors Holding the 20 Largest Unsecured Claims for the Debtor; (d) all ECF notice parties; (e) the United States Internal Revenue Service; and (f) the Utah Tax Commission.  The Debtor has also provided notice of this Motion on its website at the webpage www.smartfi.com/bankruptcy.[3]  In light of the nature of the relief requested in this Application, the Debtor respectfully submits that no further notice is necessary.

No prior application for the relief sought in this Application has been made to this Court or any other court in connection with the Chapter 11 Case.

## VII.   CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court grant the Application and enter the Order attached as Exhibit A after holding a hearing no sooner than 21 days after the Petition Date.  Bankruptcy Rule 6003(a).

---

[3] The Debtor has a pending motion to limit notice to its numerous customer-creditors filed concurrently herewith which, if granted, would permit the Debtor to provide future notices in the case on its website under a dedicated link and webpage.

4859-5046-7237

DATED June 20, 2024.

**PARSONS BEHLE & LATIMER**

/s/ Brian M. Rothschild
Brian M. Rothschild
Darren Neilson
Simeon J. Brown
Alexander S. Chang

*Proposed Attorneys for Debtor Power Block Coin, L.L.C.*

**POWER BLOCK COIN, L.L.C. D/B/A SMARTFI**

Aaron Tilton
President and Chief Executive Officer
on behalf of Power Block Coin, L.L.C.

15

4859-5046-7237

**EXHIBIT A**

**ORDER**

4859-5046-7237

*Order Prepared By:*
Brian M. Rothschild, USB #15316
Darren Neilson, USB #15005
Simeon J. Brown, USB # 17951
Alexander S. Chang, USB #18879
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com
DNeilson@parsonsbehle.com
SBrown@parsonsbehle.com
AChang@parsonsbehle.com

*Proposed Attorneys for Debtor Power Block Coin, L.L.C.*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. _____ |
| POWER BLOCK COIN, L.L.C., | Chapter 11 |
| Debtor | Judge _____ |

### ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY PARSONS BEHLE & LATIMER AS ATTORNEYS FOR THE DEBTOR

---

Upon the Application (the "**Application**")[1] filed by the above-captioned debtor and debtor

in possession (the "**Debtor**") seeking entry of an order authorizing the Debtor to retain and employ

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

4859-5046-7237

Parsons Behle & Latimer ("**Parsons Behle**" or the "**Firm**") as its attorneys to provide the services described in the Application; and the Court, having reviewed the Application and having heard the statements of counsel in support of the relief requested in the Application at the hearing before the Court (the "**Hearing**"), and upon the Court's consideration of the *Declaration of Brian M. Rothschild in Support of the Application* and the *Declaration of Aaron Tilton in Support of the First Day Motions*, and upon the record of the proceedings before this Court, and the Court finding that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Application and the Hearing were sufficient under the circumstances and that no further notice need be given for the relief sought herein; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate and creditors, and all parties in interest; and it appearing that attorneys and other professionals at Parsons Behle who will perform services on behalf of the Debtor in the Chapter 11 Case are duly qualified to practice before this Court; and the Court finding, based on the advisements made in the Application and the Rothschild Declaration that Parsons Behle does not represent any interest materially adverse to the Debtor or the Debtor's estate and that it is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, that its employment is necessary and in the best interests of the Debtor's estate, and sufficient cause appearing,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Application to employ Parsons Behle in the Chapter 11 Case on behalf of the Debtor is APPROVED under section 327(a) of the Bankruptcy Code.

2

4859-5046-7237

2.      The terms of the Engagement Agreement, attached as Exhibit B to the Application, are approved in their entirety.

3.      Parsons Behle shall apply for compensation and reimbursement of costs pursuant to sections 330 and 331 of the Bankruptcy Code for legal and other professional services rendered and costs incurred on behalf of the Debtor.

4.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

6.      The entry of this Order is without prejudice to the Debtor or Parsons Behle to request additional or different relief if warranted.

###

**[END OF DOCUMENT]**

3

4859-5046-7237

**EXHIBIT B**

**ENGAGEMENT AGREEMENT**



PARSONS
BEHLE &
LATIMER

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Main 801.532.1234
Fax 801.536.6111

A Professional
Law Corporation

Timothy B. Smith
Attorney at Law
Direct 801.536.6993
TBSmith@parsonsbehle.com

January 4, 2024

**VIA EMAIL**

Aaron Tilton
Power Block Coin, LLC d/b/a SmartFi
aarontilton@smartfi.com

**Scope and Terms of Representation by Parsons Behle & Latimer**

Dear Aaron:

Thank you for allowing Parsons Behle & Latimer the opportunity to represent Power Block
Coin, LLC dba SmartFi ("you," or the "client") in connection with the preparation, filing, and
conduct of a chapter 11 case. The Firm's representation in any litigation that may be filed is
beyond the scope of this engagement letter and would require a supplemental engagement
agreement. It is the policy of the Firm to send a letter confirming our engagement in matters such
as this, and this letter serves that purpose.

I.    **Scope of Work.**

It is my understanding that we will represent the client and no other person or entity to
prepare, file, and conduct its case under Chapter 11 of the Bankruptcy Code to be filed in Salt Lake
City, Utah. Unless instructed otherwise, we will work directly with you, or such other persons as
you direct, and will take our instructions from you on this matter.

II.   **Agreement as to Fees and Costs.**

Work on this matter will be billed at our customary rates. Brian Rothschild will be
primarily responsible for this matter. His current billing rate is $490.00 per hour. Brian Rothschild
will be the lead lawyer in the bankruptcy court to be filed here in Salt Lake City and will be assisted
by associate lawyers as needed in the case. It is the Firm's policy to use other lawyers and staff
members, including associates, paralegals and project assistants, with lower billing rates whenever
appropriate to provide more efficient and cost-effective services to our client. The Firm's
attorneys, including associates and paralegal rates range from $175.00 to $675.00 per hour, and
our project assistants bill at $95.00 per hour. Please be advised that the Firm's rates may be
increased from time-to-time, and by execution of this engagement letter, you agree to pay the
increased rates when adopted.

4867-0213-3400.v1

January 4, 2024
Page Two


It is also the Firm's policy to bill our client for expenses such as electronic research through Westlaw (our online research vendor), photocopying, internal messenger service, and other appropriate items, which will be identified and charged as they are incurred. In addition, the Firm bills our client for the actual cost incurred by the Firm for any payments we may be required to make to third parties, including, but not limited to, delivery expenses, outside messenger fees, transportation costs, travel related expenses, and outside copy charges.

A retainer of $50,000 is requested before any work on this matter can be performed. Prior to preparation of a chapter 11 case, we will require additional funds to be placed on retainer to ensure that we do not become a creditor of the client. This retainer will be placed in trust and any unapplied portion will be held in trust until the completion of our representation on the matter, at which time it will be applied against any open invoices and any remaining balance in trust will then be returned to you. The retainer may also be applied, at our discretion, toward invoices not paid when due. If the retainer is so applied, you agree to replenish the retainer to the agreed upon level upon request. Provided all outstanding invoices have been paid, any unapplied retainer will be returned to you upon completion of this engagement. **Because this matter involves filing a case under chapter 11 of the Bankruptcy Code, you agree to maintain the level of the retainer in excess of the firm's outstanding fees at all times so that the firm does not become a creditor or preference defendant of the client, and thus does not become conflicted.** Accordingly, if the amount of work requested results in billables nearing the amount of the retainer in between a billing cycle, the firm will inform you and request that you replenish the amount of the retainer before additional work can be performed. Please note that repeated work stoppages due to insufficient retainers create inefficiencies and, therefore, can increase the overall cost and delay the delivery of the services.

Statements for services rendered will be mailed to you monthly unless required more frequently in accordance with the preceding paragraph. You agree to carefully read all statements and to promptly notify Parsons Behle & Latimer of any claimed errors or discrepancies in the billings within fifteen (15) days from the time the statement is received. In the event you fail to do so it will be presumed that you agree with the correctness, accuracy and fairness of any statement. All sums billed are due and payable upon receipt of the statement except as otherwise provided in the preceding paragraph.

Parsons bills clients a fee for certain expenses such as electronic research through Westlaw, our online research vendor, facsimile charges, photocopying, internal document database management, internal messenger service, and other appropriate items that will be identified and charged as they are incurred. Attached is a fee schedule setting forth the most commonly billed expenses. These fees may be adjusted from time-to-time, and by execution of this engagement letter, you agree to pay the fees if and when they are adjusted.

Parsons also bills clients for expenses paid to third parties, including, but not limited to, postage expenses, transportation costs, travel related expenses, filing fees, service of process fees,

4867-0213-3400.v1

January 4, 2024
Page Three

outside messenger fees, expert witness or consultant fees, outside copy charges, or electronic discovery vendor charges.  The cost of these expenses will be passed on to you and will be itemized on your monthly statements.  By execution of this engagement letter, you agree to reimburse Parsons the amount of these expenses.

III.    **Conflicts of Interest.**

A review of our records indicates that we have no current conflict of interest associated with undertaking this representation.  If a conflict arises in the future such that it becomes necessary for us to withdraw, we will provide appropriate assistance to you in obtaining new representation. If in the future you become aware of any facts that suggest a conflict of interest exists, please call it to our attention promptly.

Given the limited engagement described in Section I (entitled "Scope of Work"), our firm needs to take precautions allowed by the applicable Rules of Professional Conduct to protect the ability of our many lawyers to continue serving their existing and future clients on future, unrelated matters. Our retention in this matter is based on our mutual understanding that you hereby waive all future conflicts arising out of any matter, including a litigation matter, which is not substantially related to this engagement. Those matters could include [*insert specific examples as applicable to particular client*]. This waiver only applies in situations where we can staff the adverse matter with lawyers who have not worked on your matter and where we can also establish a confidentiality screen to prevent the lawyers working on the adverse matter from gaining access to any confidential information you may provide to the firm during the course of this engagement. Because of these restrictions, we are confident that, even if we were to undertake a representation adverse to you in an unrelated matter, there would be no impairment to our ability to continue to provide you with competent and diligent representation in this engagement.

Although you may revoke this waiver as to future matters at any time, that revocation will not affect any matters undertaken by the firm prior to receipt of notice of the revocation of the waiver. Under that scenario, to the extent allowed by the applicable Rules of Professional Conduct, you consent to us withdrawing from representing you if that is necessary for us to continue representing other clients, and we would assist you in transferring your matter to other counsel.

Should you have any questions about our request for this limited waiver of future conflicts, we invite and encourage you to seek legal advice on this matter from independent counsel of your choosing.

IV.    **Notification to Your Insurer.**

It is my understanding that we have not been engaged to advise you on insurance related issues. I strongly recommend that you immediately determine whether you have any insurance policies whatsoever, whether primary or excess, which may potentially provide insurance coverage and/or a legal defense for this matter, even if you consider the possibility to be remote. I encourage

4867-0213-3400.v1

January 4, 2024
Page Four


you to immediately notify all possible insurers of this matter, provide each insurer with a copy of all of the communications related to this claim, and suggest that you review the "Conditions" of your insurance policies that typically prescribe the manner and substantive requirements for notifying and tendering matters to insurers for investigation, indemnity, and a defense of this claim. Most often, liability policies require immediate notice of litigation. Failure to timely notify your insurers of claims, potential claims, or litigation could result in your insurer denying a defense and/or coverage based upon late notice, even if the matter might otherwise be covered. An honest mistake by an insured regarding whether or not a given policy affords coverage or a defense may not be considered sufficient to excuse or justify failing to timely or properly notify its insurer of litigation as required by the conditions of a given policy.  Consequently, it is best to notify an insurer if there is any possibility of coverage. Again, I wish to confirm that determining the identity of your insurers, if any, or the extent or scope of your insurance coverage, and/or notifying your insurers is not currently within the scope of our representation.

V.      **Preservation of Documents and Information.**

As this dispute could reasonably result in litigation, you are under an obligation not to alter, destroy, dispose of, or otherwise tamper with any evidence that may be relevant or admissible as evidence, or any evidence or information that is reasonably likely to lead to the discovery of admissible evidence in this matter, and to take reasonable steps to preserve and protect that evidence. This obligation extends not only to hard copy documentation, but also to electronically stored information including, but not limited to, emails, attachments, computer printouts, computer tapes, and electronic memory devices containing any documents, spreadsheets, summaries, and similar materials. In the event any emails, documents, or any other data containing information regarding potential claims and defenses reside on the hard drives of any computers owned, used, accessed, or maintained by your employees, agents or representatives, you are also under an obligation to collect and preserve that evidence as well.

VI.     **Communication.**

Correspondence, records, copies of agreements, and any other relevant documents will be forwarded to you unless instructed otherwise. All files maintained by the firm and pertaining to you in the progress of any given matter are open for your inspection at any reasonable time. I will keep you informed regarding the status of any matter in which you are involved, but you should feel free to call me any time with questions or concerns.  Please understand, however, that we cannot and do not guarantee the outcome of this matter, as the litigation process necessarily involves risk and uncertainty.

Your communications with the firm are confidential and generally protected by the attorney-client privilege, provided reasonable steps are taken to maintain the confidentiality of those communications. However, email and text messages may not be secure forms of communication unless encrypted or other privacy safeguards are in place. The firm's email system

4867-0213-3400.v1

January 4, 2024
Page Five

is capable of receiving and transmitting encrypted email via the Transport Layer Security (TLS) protocol. If you wish to communicate with us through this encryption protocol, please advise me so that we may ensure that the protocol is in place.  Please call me if you desire further information on encryption in order to make a fully informed decision.  We also recommend that you use passwords and encryption methods to secure your electronic and mobile devices and take reasonable precautions in handling hard copies of confidential documents and communications including providing those only to persons on a 'need to know' basis.

All documents, records, and files, including any emails and electronic documents, created, stored or that otherwise come into the firm's possession during the course of this representation are subject to the firm's document retention and destruction policy.  Accordingly, those documents, records, and files are subject to destruction eight years after the conclusion of the matter, unless (i) you request possession of such documents, records or files before the documents are scheduled to be destroyed, or (ii) you request that those documents, records, or files be destroyed earlier.

The firm adheres to the governing rules of civility and professional conduct applicable to this engagement and any related litigation. A copy of the applicable rules of professional conduct can be provided to you at your request.  Accordingly, we reserve the right to grant accommodations to other counsel in all matters not directly affecting the merits of the case or prejudicing your substantive rights (e.g., scheduling, continuances, extensions, etc.).

VII.    **Confirmation of Agreement.**

If the foregoing accurately reflects your understanding regarding representation by Parsons on your behalf, please sign, date, and return to me. This agreement will not take effect and the firm will have no obligation to provide legal services until we receive a signed copy of the letter and the agreed upon retainer has been paid.

Thank you again for retaining us in this matter.  If you have any questions, please feel free to call me at  801.536.6993.

4867-0213-3400.v1

January 4, 2024
Page Six

Sincerely,

PARSONS BEHLE & LATIMER

Timothy B. Smith
Attorney at Law

TBS:

The foregoing letter has been reviewed and the terms agreed to by Power Block Coin LLC, dba SmartFi this 4th day of January, 2024.

RECEIVED, ACCEPTED AND AGREED:

**Power Block Coin LLC dba SmartFi**
**Aaron Tilton**

_____

4867-0213-3400.v1



**Parsons Behle & Latimer Cost Schedule (2023)**

| General Administrative | | |
|---|---|---|
| Photocopies | $0.15 | per page |
| Oversized copies Black and White | $1.00 | Per Sq Ft |
| Oversized copies Color | $ 10.00 | Per Sq Ft |
| Color copies | $0.80 | per page |
| Blowback printing | $0.10 | page |
| Facsimiles | $0.15 | per page |
| Binding | $1.25 - 1.50 | per presentation/brief |
| Binders (varies by size) | $4.00 - 30.00 | each |
| Messenger service (varies by zone) | $7.50 - 40.00 | each |
| Return check fee | $25.00 | each |
| Wire Fee | $30.00 | per transaction |
| | | |
| **Practice Support** | | |
| CD copying | $10.00 | each |
| DVD copying | $15.00 | each |
| USB Drive (8 GB USB – 64 GB USB) | $25.00 - $55.00 | each |
| External Hard Drive (500 GB – 1 TB) | $125 - $150 | each |
| External Hard Drive (2 TB) | $175 | |
| Scanning paper documents for case management system | $0.15 | per page |
| Color scanning for case management system | $0.75 | per page |
| Optical character recognition of imaged documents for case management system | $0.025 | per page |
| Electronic endorsement - Bates numbering of imaged documents for case management system for each endorsement (Bates, Designation and Special Designation) | $0.02 | per page |
| Electronic designation endorsements for each document | $0.02 | per page |
| Document Unitization (per Doc fee is in addition to PM time, and GBs Extracting/Processing | $0.10 | Per Doc Created |
| Data Extract/Processing (< 1 – 30 MB) | $10.00 | Each |
| Data Extract/Processing (> 31 – 100 MB) | $20.00 | Each |
| Data Extract/Processing (> 100 MB (>.100GB) | $85.00 | Per GB |
| Data Extract/Processing (Early Case Assessment plus PM Search Time) (Exported Searched Data) | $50.00 | Per GB |
| Exports/Production from Ipro Eclipse (<1 MB And < 50 Docs) | $10.00 | Each |
| Exports/Production from Ipro Eclipse (1 - 14.9 MB) | $25.00 | Each |
| Exports/Production from Ipro Eclipse (15 - 74.9 MB) | $50.00 | Each |
| Exports/Production from Ipro Eclipse (75 - 449.9 MB) | $75.00 | Each |
| Exports/Production from Ipro Eclipse (> 450 MB) | $85.00 | Per GB |
| Project Management Time (Assist, Prepare, Manual Bates, Create, Redact, Review, and Update) | $95 - $160.00 | Per Hour |
| B/W Image Printing from database | $0.10 | per page |

1

**Parsons Behle & Latimer Cost Schedule (2023)**

| | | |
|---|---|---|
| Color Image Printing from database | $0.55 | per page |
| External user login for case management system (for use by experts, in-house teams, or outside co-counsel) | $25.00 | per login |
| | | |
| **Electronic Research (Westlaw)** | | |
| Searches | $60.00 | per search (all included databases) |
| Key Cite | No charge | |
| FIND transactions (cases, statutes, articles) | No charge | |
| All document displays | No charge | |
| Printing, emailing or downloading (including reporter images) | No charge | |
| Briefs or other pleadings or orders | No charge | |
| Secondary sources (treatises, ALR, AmJur2d, CJS, Restatements, Law Reviews) within contract | No charge | |
| Excluded content (treatises, premium content) | Standard Westlaw Retail Rates | |
| | | |
| **Miscellaneous** | | |
| Trademark Search | $100.00 | each |
| Exhibit Preparation | $40.00 | each |
| Downloaded documents from online court dockets | $2.50 | document |
| Technical setup up / courtroom technology setup | $55.00 | per hour |

2

4867-0213-3400.v1