Brian M. Rothschild, USB #15316
Darren Neilson, USB #15005
Simeon Brown, USB # 17951
Alexander S. Chang, USB #18879
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com
DNeilson@parsonsbehle.com
SBrown@parsonsbehle.com
AChang@parsonsbehle.com
ecf@parsonsbehle.com

*Proposed Attorneys for Debtor Power Block Coin L.L.C.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: <br><br> POWER BLOCK COIN, L.L.C., <br><br> Debtor. | **DECLARATION OF BRIAN M. ROTHSCHILD IN SUPPORT OF APPLICATION TO EMPLOY PARSONS BEHLE & LATIMER AS ATTORNEYS FOR THE DEBTOR** <br><br> Case No. 24-bk-23041-JTM <br><br> Chapter 11 <br><br> Judge Joel T. Marker |

I, Brian M. Rothschild, declare as follows:

1. I am an attorney licensed in good standing in the states of Utah, California, and Idaho, and I am a shareholder of the law firm of Parsons Behle and Latimer ("**Parsons Behle**" or the "**Firm**").

4869-7387-7413

EXHIBIT
2

2. I am over the age of 18 and competent to testify as to the matters set forth herein. The facts set forth herein are based on my personal knowledge or upon client/matter records of Parson Behle reviewed by me or by an employee of Parsons Behle acting under my supervision and direction.

3. I submit this Declaration in support of the Application of Debtor Power Block Coin, L.L.C., d/b/a SmartFi. (the "**Debtor**" or "**SmartFi**") for an Order Authorizing the Employment and Retention of Parsons Behle & Latimer as Attorneys for the Debtor (the "**Application**"), filed concurrently herewith.

### A. Parsons Behle's Qualifications

4. Parsons Behle maintains its Salt Lake City offices at 201 South Main Street, Suite 1800, Salt Lake City, Utah 84111. The Firm currently employs approximately 200 attorneys in Utah, Nevada, Montana, and Idaho. Parsons Behle attorneys have represented debtors, creditors, official committees, and other stakeholders in numerous bankruptcy cases nationwide and across a wide range of industries.

5. I am a shareholder in the Litigation and Bankruptcy Practice Groups. I am admitted to the bar and all United States Bankruptcy Courts in Idaho, Utah, and California. I earned an undergraduate degree from the University of Utah and my law degree from the University of Southern California Gould School of Law (Order of the Coif). I serve as the subchapter V trustee in the District of Utah. Prior to joining Parsons Behle in 2014, I was an attorney in the Financial Restructuring group at Akin Gump Strauss Hauer & Feld LLP in Los Angeles, California. I served a clerkship for Chief Justice Matthew Durrant of the Utah Supreme Court and was a clerk to United States Bankruptcy Judges Richard Neiter (Bank. C.D. Cal.) and Richard L. Speer (Bankr. N.D.

2

4869-7387-7413

Ohio). I teach multiple courses in bankruptcy, chapter 11, corporate finance, and corporate reorganization at the SJ Quinney College of Law at the University of Utah. I have represented chapter 11 debtors, official and ad hoc committees of creditors and equity holders, and other parties in interest in chapter 11 proceedings in bankruptcy courts across the country.

6. Darren Neilson is a shareholder in the Litigation and Bankruptcy Practice Groups. Mr. Neilson is a graduate of Brigham Young University and earned his law degree at Loyola Law School in Los Angeles. Prior to joining Parsons Behle in 2020, Mr. Neilson was an associate in the bankruptcy department at the bankruptcy boutique firm of BG Law in Los Angeles, as well as an associate at the firm of Kirton McConkie in Salt Lake. Mr. Neilson has represented chapter 11 debtors and other parties in interest in chapter 11 proceedings throughout the mountain states and the west coast.

7. Simeon J. Brown is an associate at Parsons Behle & Latimer in the Corporate and Bankruptcy Practice Groups. Mr. Brown received his J.D. from the University of Utah, S.J. Quinney College of Law. While in law school, Simeon was the executive managing editor of the Utah Law Review and served as judicial extern for the Hon. Judge Jill Parrish in the U.S. District Court, District of Utah.

8. Alexander S. Chang is an associate at Parsons Behle & Latimer in the Litigation and Bankruptcy Practice Groups. Mr. Chang received his J.D. from the University of Utah, S. J. Quinney College of Law.

9. Parsons Behle employs and bills other professionals, including its shareholders, lobbying consultants, paralegals, summer clerks, and researchers as appropriate. Parsons Behle

4869-7387-7413

uses billing discretion for all of its timekeepers in accordance with its obligations under the U.S. Trustee Guidelines and its own judgment when billing.

**B.      Parsons Behle's Conflicts and Connections**

10.      I personally do not have any connection with the Debtor.  I have not in the past, and I do not plan in the future, to be employed by the Debtor, any related Debtor or any insiders of the Debtor.

11.      In connection with my responsibilities under Rule 2014 of the Federal Rules of Bankruptcy Procedure, I caused the identities of the Debtor and all known creditors and equity holders to be run through Parsons Behle's computerized conflict check system, and such names to be distributed by email to all attorneys at the Firm for a standard conflict check.  Further, I caused a list of the Debtor's creditors and equity holders to be circulated to the Firm's attorneys for them to review and identify any potential conflicts and connections.

12.      To the best of my knowledge, except as disclosed herein, Parsons Behle does not represent any employee, officer, or owner of equity securities of the Debtor.  To the best of my knowledge, except as disclosed herein, Parsons Behle and each of its attorneys have no "connections" with the Debtor or any other party in interest, or their respective attorneys and accountants, the Office of the United States Trustee (the "**U.S. Trustee**") or any person employed by the U.S. Trustee.

13.      Based on the above information, the Firm does not hold or represent an interest materially adverse to the estate, and Parsons Behle is "disinterested" as defined in 11 U.S.C. § 101(14).  Parsons Behle has no connections with any creditor, equity holder, or principal of the Debtor except as follows:

4869-7387-7413

- Parsons Behle has represented and continues to represent Blue Castle Holdings Inc. ("**Blue Castle**"), SmartFi's sole equity holder in litigations. Parsons Behle has provided and continues to provide from time to time corporate, finance, compliance, and other legal advice to Blue Castle. Parsons Behle does not represent Blue Castle with respect to the Chapter 11 Case.

- Parsons Behle represents Aaron Tilton, SmartFi's President, in the Brown Litigation in which Mr. Tilton has been sued on account of actions he took as SmartFi's agent. Parsons Behle does not represent Aaron Tilton with respect to the Chapter 11 Case.

Parsons Behle has no actual conflicts under the Utah Rules of Professional Conduct, and the above-disclosed connections do not, in the judgment of Parsons Behle, constitute an interest materially adverse to the estate. The Debtor, Mr. Tilton, and Blue Castle have agreed to waive any potential conflict.

14. With approximately 215 attorneys across five states, it is possible that Parsons Behle and or its shareholders, counsel, and associates may have in the past represented, may currently represent, and may in the future represent parties in interest in connection with matters unrelated to the Debtor or this Chapter 11 Case. Moreover, Parsons Behle attorneys appear in many cases, proceedings and transactions involving different attorneys, financial consultants, and investment bankers, some of which may now or in the future represent the Debtor or other parties in interest in this Chapter 11 Case. It is my judgment that the Firm and its attorneys are disinterested and have no material connections that would affect their judgment or impartiality in this Chapter 11 Case.

4869-7387-7413

I will continue to monitor the Firm's and my own connections with parties in interest and our disinterestedness. If any other connections or issues pertaining to disinterestedness come to my attention, I will promptly supplement this declaration as required by Bankruptcy Rule 2014.

**C.** **Parsons Behle's Work Performed and Compensation Paid Prior to the Petition Date**

15. The Debtor employed Parsons Behle to assist it in various matters prior to the Petition Date, including the Song Litigation as far back as July 2023. In December 2023, the Debtor contacted Parsons Behle regarding a possible chapter 11 bankruptcy and related issues. On December 19, 2023, Blue Castle (under the Services Agreement) transferred $50,000 as a prepaid retainer for chapter 11 related work. On January 4, 2024, the Debtor executed the Engagement Agreement attached as Exhibit B to the Application for services preparing, filing, and assisting the Debtor in the Chapter 11 Case, subject to Court approval of this retention with regard to post-petition services.

16. Since that time, Parsons Behle has performed services and been paid by Blue Castle for chapter 11-related services as follows:

| Date | Item | Amount | Retainer Balance |
|------|------|--------|------------------|
| 12/19/2023 | Retainer Payment | $50,000.00 | $50,000.00 |
| 02/08/2024 | Invoice | $(29,658.00) | $20,342.00 |
| 03/07/2024 | Invoice | $(10,493.00) | $9,849.00 |
| 05/24/2024 | Payment | $10,493.00 | $20,342.00 |
| 04/11/2024 | Invoice | ($3,455.00) | $16,887.00 |
| 05/08/2024 | Invoice | ($5,119.50) | $11,767.50 |
| 06/11/2024 | Invoice | ($17,838.00) | ($6,070.50) |
| 06/20/2024 | Invoice | $($33,961.50) | $(40,032.00) |
| | | **Total Balance** | **$(40,032.00)** |

Accordingly, just prior to the filing of the Petition, the Debtor owed Parsons Behle $40,032 for chapter 11 work.

4869-7387-7413

17.     In addition to the chapter 11 work, Blue Castle (under the Services Agreement) has regularly paid Parsons Behle for work related to other matters on behalf of SmartFi, including the Song Lawsuit,[1] the UXTO Lawsuit, the Brown Lawsuit, the Alber Arbitration, the Celsius Demand, and other general matters (the "**Non-Bankruptcy Matters**").  As of the Petition Date, SmartFi owed $163,778.63 to Parsons Behle for recent invoices on account of work and expenses incurred on the Non-Bankruptcy Matters as follows:

| Matter | Amount Outstanding |
|---|---|
| **Song Lawsuit** | $45,210.20 |
| **Alber Arbitration** | $73,150.62 |
| **Brown Lawsuit** | $39,581.31 |
| **Celsius Demand** | $1,236.00 |
| **Chapter 11 Preparation** | $40,032.00 |
| **UTXO Lawsuit** | $4,600.50 |
| Total: | **$203,810.63** |

In total, as of the Petition Date, SmartFi owed Parsons Behle $203,810.63 for legal fees and costs.

18.     To address any concern regarding Parsons Behle's disinterestedness, on the Petition Date, Blue Castle agreed to assume responsibility for paying all amounts owed to Parsons Behle as of the Petition Date <u>without reducing the Blue Castle Loan balance or charging SmartFi any amount therefor</u>.  Parsons Behle agreed to unconditionally release SmartFi from any obligation. Therefore, to the best of the Firm's knowledge, neither Parsons Behle nor any of its attorneys has a prepetition claim against the Debtor and, further, has not been paid any amounts on account of antecedent debt in the 90 days prior to the Petition Date.  Accordingly, it is my belief that Parsons Behle is disinterested within the meaning of section 101(14) of the Bankruptcy Code.

---

[1] These litigations are described in detail in the *Declaration of Aaron Tilton in Support of First-Day Relief* filed on the Petition Date.

4869-7387-7413

**D. Terms of Parsons Behle's Employment**

19.     The current hourly rates charged by Parsons Behle for professionals and paraprofessionals employed in its offices are provided below:

| Professional | Position | Hourly Rate |
|---|---|---|
| Brian M. Rothschild | Shareholder, Bankruptcy | $490 |
| Darren Nielson | Shareholder, Bankruptcy | $420 |
| Simeon Brown | Associate, Bankruptcy | $350 |
| Alexander S. Chang | Associate Law Clerk, Bankruptcy | $325 |
| Timothy B. Smith | Shareholder, Litigation | $440 |
| Jonathan Bletzaker | Shareholder, Litigation/Securities | $555 |

20.     In addition to the lawyers named above, it may be necessary for other Parsons Behle professionals in other legal disciplines to provide services to the Debtor as requested by the Trustee.  These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.  Parsons Behle's professionals have and will continue to charge the estate the same or lower rates that they ordinarily charge to other clients of the Firm.  Parsons Behle's timekeepers increase their rates, including rates charged in bankruptcy cases, in other jurisdictions based on the market for legal services.

21.     Parsons Behle maintains detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.  Parsons Behle hereafter intends to apply to the Court under section 330 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court (the "**Local Rules**") for all services performed and expenses incurred on behalf of the Debtor.

22.     No promises have been solicited or received by Parsons Behle or any of its employees as to any payment or compensation in connection with these cases other than in

8

4869-7387-7413

accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Parsons Behle

has no agreement with any other entity to share with such entity any compensation received by

Parsons Behle.

### E.      Scope of Parsons Behle's Employment

23.      The Debtor has requested that Parsons Behle render various legal services to the

Debtor, including those set forth in the Engagement Agreement and the following:

(a) Advising the Debtor with respect to its powers and duties as debtor in possession in the continued management and operation of its businesses and properties;

(b) Advising and consulting on the conduct of this Chapter 11 Case, including all of the legal requirements of operating in chapter 11;

(c) Advising the Debtor in connection with corporate transactions and corporate governance, negotiations, consent solicitations, credit agreements, financing agreements, and other agreements with creditors, equity holders, prospective acquirers and investors, reviewing and preparing of documents and agreements, and such other actions;

(d) Reviewing and preparing pleadings in connection with this Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate, and appearing in court, and taking other actions with respect to the foregoing;

(e) Attending meetings and negotiating with representatives of creditors and other parties in interest;

(f) Representing the Debtor with respect to litigations, including litigations related to commercial contracts, intellectual property, employment, and any other litigation matter.

(g) Advising the Debtor with legal issues related to the Debtor's financial circumstances, including with respect to restructuring, financing, corporate, tax, litigation, mergers and acquisition, and employment issues, in each case as may be necessary or appropriate;

9

(h) Performing all other ancillary necessary legal services for the Debtor in connection with the prosecution of this Chapter 11 Case, including assisting the Debtor in (i) analyzing the legal aspects of the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor; and (iii) advising the Debtor on corporate and litigation matters;

(i) Taking all necessary legal actions to protect and preserve the Debtor's estate as the Debtor requests, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor its involved, including objections to claims filed against the Debtor's estate; and

(j) Taking any necessary action on behalf of the Debtor as the Debtor requests to obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto.

24. It is necessary and essential for the Debtor to employ attorneys under a general retainer to render the foregoing professional services and any other legal services that the Debtor may require during the Chapter 11 Case. Parsons Behle has indicated its desire and willingness to act on behalf of, and render such services to, the Debtor subject to the Court's entry of an order approving the Firm's retention.

*I, Brian M. Rothschild, hereby declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.*

DATED June 20, 2024.

PARSONS BEHLE & LATIMER

/s/ Brian M. Rothschild

Brian M. Rothschild

*Proposed Attorneys for Debtor*
*Power Block Coin, L.L.C.*

4869-7387-7413