David W. Newman (USB #15901)
Assistant United States Trustee
Peter J. Kuhn (USB #3820)
Melinda P. Willden (USB #8533)
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 524-5734
Facsimile: (801) 524-5628
E-mail:
David.W.Newman@usdoj.gov
Peter.J.Kuhn@usdoj.gov
Melinda.Willden@usdoj.gov

Attorneys for Patrick S. Layng
United States Trustee, Region 19

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>POWER BLOCK COIN, L.L.C.,<br><br>Debtor. | Bankruptcy Case No. 24-23041 -JTM<br><br>Chapter 11<br><br>Hon. Joel T. Marker |

**OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S MOTION FOR AN ORDER (1) AUTHORIZING CONINTUED USE OF DEBTOR'S PAYMENT SYSTEM THROUGH SERVICES AGREEMENT WITH BLUE CASTLE HOLDINGS INC., (2) WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES, AND (3) GRANTING RELATED RELIEF, AND RESERVATION OF RIGHTS**

The United States Trustee objects to the Debtor's Motion for an order to approve a cash

management agreement filed at Dkt. #7 ("Motion") entirely through an outside non debtor entity

and to excuse compliance with 11 U.S.C. §345 and the Operating Guidelines of the United States

4

EXHIBIT
6

Trustee (the "Guidelines") as being improper, untimely, and without sufficient factual support. The United States Trustee further reserves it rights to further respond to the final hearing on the foregoing motion and any amends thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF JURISDICTION AND FACTS

### A. Jurisdiction

This Court has jurisdiction to consider these Motions and the United States Trustee's Objections thereto under 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. Summary of the Facts

1. The Debtor filed a current chapter 11 case on June 20, 2024.

2. As set forth in the statement of facts in the Motion[1], the Debtor asserted that due to certain economic circumstances banks have ceased providing business banking services to crypto-related businesses.

3. The Debtor asserts in December 2023 the Debtor's banking institutions closed it banking accounts.

4. The Debtor indicates that it entered into a Services Agreement with Blue Castle to use Blue Castle banking accounts to pay various obligations being incurred by the Debtor and to provide various management services including employing all of the Debtor's employees.

---

[1] Capitalized terms in this Objection have the same meaning given to them in the Motion.

5.  Blue Castle owns the 100% interest in the Debtor.

6.  The Debtor states that the Debtor and Blue Castle both keep proper accounting records to track the services provided and costs incurred between them.

7.  Blue Castle owes the Debtor approximately $1,161,248.94 (the "Loan"). Rather than make cash payments on this obligation to the Debtor, and then the Debtor paying its expenses directly, Blue Castle pays the Debtor's expenses and deducts the amounts paid, plus a 10% management fee, from the outstanding Loan balance.

8.  The Debtor has no direct employees, and all of those providing services to the Debtor are employed by Blue Castle. The cost of payroll and benefits for the Debtor's employees, and the Debtor's standard non-employe expenses are paid by Blue Castle, and then the amount of the payments is deducted from the Loan.

9.  The Debtor currently has no agreements with financial banking institution and no current banking accounts in their name.

10. The Debtor asserts that it "would have been unable to operate after it became unbanked" following the divestiture by banks of their cryptocurrency businesses.

## II. <u>ARGUMENT</u>

Patrick S. Layng, the United States Trustee for Region 19, by and through his attorney, Peter J. Kuhn, hereby objects to the Debtor's Motion herein. The Debtor asserts at page 6, first full paragraph, that the Guidelines mandate: a) closing all existing bank accounts and opening new debtor-in-possession accounts at authorize depositories, b) setting up separate tax and cash collateral accounts, and c) disposing of old banking stocks,

business forms, advertisements, and related business procedures.

This Motion is unnecessary for several reasons. First, the Debtor references requirements are no longer contained in the current version of the Guidelines. *See* Dkt. #. Second, the Debtor has no banking accounts to close and has apparently operated without its own banking accounts. The Guidelines concerning banking only apply if and when the Debtor directly engages in banking services. Should the Debtor engage in banking services or be compelled to engage in direct banking services the Debtor's motion may ripen. Third, the Debtor fails to describe the efforts it has undertaken to engage the services of banking institutions. Fourth, the argument that the Debtor should be shielded from acknowledging its status as debtor in possession rings on hollow ears when it is the Debtor who has sought bankruptcy protection with broad notice of its status provided, even as noted on its website. Fifth, the existing "cash management system" the debtor has with Blue Castle allows the debtor to expend its cryptocurrency assets without approval and protections provided by the 11 U.S.C. §363 sale provisions and without sufficient ongoing oversight.

A. **The History and Purpose of Section 345**

**Legislative History of 11 U.S.C. §345**

Section 345 of the Code governs investments of the funds of bankruptcy estates. The purpose is to make sure that the funds of a bankrupt that are obligated to creditors are invested prudently and safely with the eventual goal of being able to satisfy all claims against the bankrupt estate. Under current law, all investments are required to be FDIC insured, collateralized or bonded. [140 Cong. Rec. H 10,767 (October 4, 1994).]

4

The Court pursuant to Section 345(b)(2) may approve deposits of securities other than set forth in 31 U.S.C. §9303 only for just cause shown. *In re Columbia Gas Systems, Inc.*, 33 F.3d 294 (3rd Cir. (Del) 1994).

**B.** <u>**Statutory Restrictions and Protections**</u>

The United States Trustee has entered into agreements with various banks that are approved depositories for funds of chapter 11 debtors in possession. When such a bank recognizes that it holds deposits of a debtor in possession, it initiates reporting requirements to the United States Trustee and provides a pledge of collateral to the Federal Reserve to protect the funds from a bank loss.

In the present case, the Debtor intends to operate through non debtor in possession banking accounts owned and controlled by the Debtor's parent. In addition, the banking depository will not provide the protections and transparency of banks that are approved debtor in possession depositories. The reporting requirements are critical to the ability of the United States Trustee to meet its responsibilities under Section 345 of the bankruptcy code.

The requirements of 11 U.S.C. §345(b)(2) will not be in place to protect the funds on deposit. Blue Castle banks will not provide a pledge to the Federal Reserve. Should substantial sums be deposited in these accounts during the chapter 11 case the funds may exceed the standard Federal Deposit insurance protections creating an unnecessary risk.

**C.** <u>**Demonstration of Current Necessity Not Shown**</u>

The Debtor indicates that at a prior time if became "unbanked". Apparently

during at least part of its business history the Debtor did conduct some aspects of its

business directly with banking institutions. The Debtor fails to set forth efforts it has

currently undertaken to engage banking institutions so as to comply with the current

United States Trustee Guidelines.

### D. Unauthorized Sale of Assets

As described in the Motion and the attached copy of the Services

Agreement with Blue Castle, in order to conduct its business, the Debtor needs to

regularly either expend cryptocurrency assets or reduce loan obligation assets it

has with Blue Castle. Both activities change the Debtor's balance sheet assets

without the protections of the bankruptcy statute and without sufficient oversight

by the court, creditors, and the United States Trustee.

## IV. CONCLUSION

Based upon the foregoing, the United States Trustee objects to the Motion before the

Court as currently a matter where relief is necessary and otherwise adding unnecessary risk to

Creditors and the Estate in the future.

Date:   July 2, 2024

> **UNITED STATES TRUSTEE**
> **Patrick S. Layng**
>
> By:  /s/ *Peter J. Kuhn*
> Peter J. Kuhn
> *Attorney for the United States Trustee*

4

## CERTIFICATE OF SERVICE BY ELECTRONIC NOTICE (CM/ECF)

I hereby certify that on July 2, 2024, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Simeon J Brown**    sbrown@parsonsbehle.com
- **Matthew James Burne**    matthew.burne@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Peter J. Kuhn**    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Joli A. Lofstedt**    joli@jaltrustee.com, ecf.alert+LofstedtUTB@titlexi.com,brenda@jaltrustee.com
- **Darren B. Neilson**    dneilson@parsonsbehle.com
- **Brian M. Rothschild**    brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

## CERTIFICATE OF SERVICE BY MAIL OR OTHER MEANS

I hereby certify that on July 2, 2024, I caused to be served a true and correct copy of the foregoing document as follows:

**Mail Service: First-class U.S. mail, postage pre-paid, addressed to:**

CFO Solutions, LLC dba Amplo
13601 W McMillan Rd
#102 PMB 320
Boise, ID 83713

Alexander S Chang
201 S. Main St Ste 1800
Salt Lake City, UT 84111

**Mail Service to all Parties in Interest: First-class mail, postage pre-paid, addressed to all parties who do not receive electronic service as set forth herein listed on the Official Court Mailing Matrix dated July 2, 2024  attached hereto:**

NONE
Date: July 2, 2024

/s/_____

4