## JOINT DEFENSE AGREEMENT

This Joint Defense Agreement (the "Agreement"), effective as of April 1, 2025, sets forth and confirms the agreement between and among (i) POWER BLOCK COIN, LLC d/b/a SMARTFI (including its officers and employees) and (ii) AARON TILTON and their respective legal counsel (each of the foregoing being collectively referred to herein as the "Parties"; or individually, a "Party"), regarding the sharing and exchanging of privileged and confidential documents, communications, and information. The Agreement pertains to past, existing, and potential future claims, causes of action, actions, demands, lawsuits, proceedings, and hearings relating to all of the alleged claims asserted against and by JASON BROWN, DANIEL STADELMANN, LYNN BROWN and ROBERT L. BROWN (collectively, "Plaintiffs"), in the matter *Jason Brown, et al. v. Power Block Coin, LLC d/b/a SmartFi and Aaron Tilton,* Case No. 2:23-cv-554-WSH-CBB, pending in the United States District Court for the Western District of Pennsylvania (the "Lawsuit"). The Parties share certain common legal interests in defending against or otherwise responding to such proceedings and wish to cooperate with one another to the maximum extent possible in connection with the Lawsuit.

The purpose of this Agreement is to assure that the Parties may share and exchange documents, communications, and information, both oral and written, including client confidences between each Party and its attorneys (the "Joint Defense Materials"), that are protected from disclosure to third parties by the attorney work-product doctrine, the attorney-client privilege, and/or any other privileges, doctrines, and protections without waiving any protections afforded by such privileges, doctrines, and protections that apply thereto. The Agreement covers all participating clients, attorneys, their employers, and agents. This Agreement is specifically intended to protect from disclosure all communications between a Party and his or her attorneys

EXHIBIT
21

concerning the Lawsuit, the communications between a Party and the attorneys for another Party concerning the Lawsuit, and all communications between the attorneys representing each Party concerning the Lawsuit by means of the attorney-client privilege, attorney work-product doctrine, the joint defense and prosecution privilege/doctrine, and any other applicable privilege, protection, or doctrine. The Parties share a mutuality of interest in a common legal enterprise directed toward devising a common legal strategy.

Accordingly, the Parties agree as follows:

1.      The Parties agree that they may share and exchange Joint Defense Materials among themselves, their employers, their agents, and their counsel, subject to the further provisions of this Agreement, for the necessary purpose of furthering the Parties' interests with regard to the Lawsuit and defending against or otherwise responding to any potential claims, causes of action, actions, demands, lawsuits, proceedings, or hearings by Plaintiffs.   All such Joint Defense Materials shall be protected by the attorney-client privilege, the attorney work product doctrine, the joint defense and prosecution privilege/doctrine, and all other applicable rights or privileges to the fullest extent permitted by law.  Nothing in this Agreement shall obligate any Party to share or exchange Joint Defense Materials with any other Party.  This agreement also confirms that, to the extent counsel for the Parties have already been in communication with one another, their previous communications, exchanges of documents or information, and/or work product were and are subject to the joint defense and prosecution privilege/doctrine and this Agreement.  The sharing or exchanging of Joint Defense Materials pursuant to this Agreement shall not confer a privilege as to any matter which is not otherwise privileged, and this Agreement shall not apply to or restrict the use of documents and information which are or may be obtained in a manner other than pursuant to this Agreement.

2.     The Parties will take all reasonable steps necessary to protect and preserve the confidentiality of all Joint Defense Materials that they may provide to one another. All written defense materials that are shared should be labeled "Privileged, Subject to Joint Defense Agreement." The sharing or exchanging among the Parties of Joint Defense Materials will not constitute a waiver of any privilege from disclosure, including the attorney-client privilege and the attorney work product doctrine. By executing this Agreement, the Parties agree that any consultations among them and any sharing or exchanging among them of Joint Defense Materials are or have been done in reliance on the joint defense and prosecution privilege/doctrine. Any failure by a Party or counsel to label shared written defense materials pursuant to this paragraph shall not constitute a waiver of the privileges or doctrines identified in and provided under this Agreement.

3.     No Party to this Agreement will disclose privileged defense materials received from another Party to this Agreement, or the contents thereof, to anyone else except the Parties, Party attorneys, or employees or agents of the Parties or attorneys, without first obtaining the written consent of all Parties who may be entitled to claim any privilege with respect to such materials. It is expressly understood that nothing contained herein shall limit the right of any counsel to disclose any documents or information obtained from that counsel's client or any information that has been or may be independently obtained by such counsel. It is further understood that nothing contained herein shall obligate any Party to share any documents or information with any other Party to this Agreement unless otherwise required pursuant to a contractual or other obligation arising from the Parties' relationship.

4.     If any third person requests or demands any defense materials, by subpoena or otherwise, counsel receiving such subpoena or other request will immediately notify the Parties

with rights in said materials and their counsel. The third person seeking the defense materials will be informed that these materials are only on loan, are subject to this Agreement, and that such request or demand should be made on the appropriate Party.

5.     Each Party and counsel will take all steps necessary to permit the assertion of all applicable rights and privileges with respect to Joint Defense Materials and shall cooperate fully in any judicial proceeding related to the disclosure of the Joint Defense Materials.

6.     The Parties agree that Joint Defense Materials obtained exclusively under this Agreement that are privileged, and which may contain statements against interest of a Party, will not be used against that Party by the other signatories to this Agreement in this or any subsequent proceeding. It is expressly understood that nothing contained herein shall limit the right of any Party to use in a subsequent proceeding any Joint Defense Materials that a Party would otherwise have a contractual or other right to receive from the other Party. It is further understood that nothing contained herein shall limit the right of counsel to disclose any documents or information obtained from that counsel's client or any information that has been or may be independently obtained by such counsel.

7.     The Parties agree that no Party shall seek disqualification of any other Party's counsel on the basis that such counsel has received Joint Defense Materials containing confidential information under this Agreement.

8.     Any Party may at any time terminate this Agreement as to that Party by giving written notice to counsel for the other Parties. Upon request, all Joint Defense Materials provided pursuant to this Agreement shall be returned by or to the terminating Party, as the case may be, except insofar as such documents and information are no longer privileged or were obtained or could have been obtained in a manner other than pursuant to this Agreement, including but not

limited to, information independently obtained by a Party's counsel or pursuant to a contractual or other right to receive the Joint Defense Materials from the other Party. The provisions of this Agreement relating to the preservation and assertion of the joint defense and prosecution privilege/doctrine, and the waiver of disqualification of counsel, shall survive the termination of this Agreement by one or more Parties. A Party terminating this Agreement shall remain obligated to preserve the confidentiality of all documents, communications, information, and any other Joint Defense Materials previously shared or exchanged pursuant to this Agreement.

9.      The terms and conditions of this Agreement are confidential and, except as may otherwise be provided in this Agreement, no Party or its counsel shall disclose to any third person the content of this Agreement, or the identities of the Parties to this Agreement, without the written consent of all signatories to the Agreement, except as required by law or order of any court. The confidentiality obligations under this Agreement shall survive the termination of the Agreement for any reason.

10.     Each Party understands and acknowledges that it is represented only by that Party's own attorneys. Although the attorneys who represent the other Parties have a duty to preserve the confidences and other Joint Defense Materials disclosed to them pursuant to this Agreement, whether disclosed by the Party himself or itself directly or by or through that Party's attorneys, each Party understands that the other Parties' attorneys will not act for any Party other than their own clients. Each Party understands and agrees that this Agreement does not and will not create any attorney-client relationship with any attorney for any of the other Parties. In signing this Agreement through his or its attorney, each Party expressly acknowledges that the attorneys who represent the other Parties owe a duty of loyalty to their own respective clients and to no other Party, regardless of this Agreement.

11. The execution of this Agreement shall not be construed as an admission by any of the Parties to the effect that any Joint Defense Materials shared or exchanged pursuant to this Agreement would not be privileged in the absence of this Agreement.

12. Nothing in this Agreement shall be construed to affect or direct the separate and independent representation of each client Party by its respective counsel according to what each such counsel believes to be in his or her client's respective best interests. The Parties recognize their right, among other things, to conduct separate witness interviews and otherwise to undertake independent investigative efforts.

13. This Agreement may not be modified, except by a writing signed by all Parties. New parties may be added to the Agreement only by all Parties signing a new agreement.

14. Nothing in this Agreement is intended to interfere with the lawyer's obligation to represent ethically and properly each of his or her clients.

15. Each Party signing this Agreement through his or its attorney acknowledges and understands that this Agreement is in no way intended to encourage or commit any violation of law or any unlawful interference with any official proceeding or investigation.

16. Each Party represents, warrants, and agrees that the persons executing this Agreement through their attorneys have the full right and authority to do so and to legally bind that Party to all the terms and obligations of this Agreement.

17. This Agreement may be signed in counterparts, and copies and facsimile transmissions of the Parties' signatures through their attorneys shall be treated as originals.

18. This Agreement shall be binding on the successor(s) of any Party hereto. This Agreement shall not be subject to abrogation by any Party's heir, assign, or other successor in interest nor shall any Party's heir, assign, or other successor in interest have the authority to waive

any privilege, doctrine, or agreement that protects any information or materials shared by or among the Parties, including but not limited to all Joint Defense Materials.

19.     This Agreement shall automatically apply to substitute or associated counsel who may appear in the Lawsuit on behalf of any Party.

20.     Each Party through his or its attorney signing below agrees that the other Parties to this Agreement would suffer irreparable harm for which there is no adequate legal remedy if Joint Defense Materials protected by this Agreement were disclosed in violation of this Agreement. Therefore, each Party through his or its attorney signing below agrees that a court of competent jurisdiction may order, without imposing a bond requirement on the moving party, immediate injunctive relief to prevent a Party or attorney from disclosing or threatening to disclose any information or material protected by this Agreement that a party would not otherwise have a right to use or disclose. In any action or proceeding to enforce compliance with this Agreement, the prevailing Party shall be entitled to recover all of its reasonable attorneys' fees, costs, and disbursements incurred therein.

21.     If any provision of this Agreement is deemed invalid or unenforceable, the balance of the Agreement shall remain in full force and effect.

RAY QUINNEY & NEBEKER

By: _____
Jeffrey W. Shields, Esq.
Attorneys for Aaron Tilton

PARSONS BEHLE & LATIMER

By: _____
Timothy B. Smith, Esq.
Attorneys for Power Block Coin, LLC d/b/a
SmartFi