Angela J. Somers
Jonathan Zweig
**JOHNSON VAN KWAWEGEN LLP**
485 Madison Ave. | 15th Floor
New York, NY 10022
asomers@jvk-law.com
jonathan@jvk-law.com

Trevor J. Lee (16703)
Brett C. Gilmore (17371)
Austin C. Sabin (19667)
**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
(801) 363-5678
tlee@mc2b.com
bgilmore@mc2b.com
asabin@mc2b.com

*Counsel for Angela J. Somers, Chapter 11 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**POWER BLOCK COIN, LLC**,<br><br>*Debtor.* | Case No. 2:24-bk-23041-CDP<br><br>Chapter 11<br><br>Hon. Cathleen D. Parker |

# EX PARTE MOTION FOR LEAVE TO FILE OVERLENGTH MOTION

Angela J. Somers, the Chapter 11 trustee (the "Trustee") of Power Block Coin, LLC (the "Debtor" or "SmartFi"), moves ex parte under Local Rule 9013-1(h) and (i) for leave to file an overlength motion. Not counting the statement of facts, the motion runs about 16 pages. The

Trustee asks for leave to file it at up to 20 pages, exclusive of the face sheet, table of contents, statements of issues and facts, and exhibits.

**RELIEF REQUESTED AND GROUNDS**

1. The Trustee asks for leave to file her *Trustee's Motion for Entry of an Order Authorizing (I) the Sale of Crypto Outside of the Ordinary Course of Business; (II) Use of Crypto Proceeds and Additional Cash in the Estate's Possession Outside of the Ordinary Course of Business; and (III) Granting Related Relief* (the "Crypto Sale Motion") with a length not to exceed 20 pages, exclusive of the face sheet, table of contents, statements of issues and facts, and exhibits. Local Rule 9013-1(h) limits a motion to 15 pages. Local Rule 9013-1(i) lets the Court allow a longer filing on an ex parte motion that shows good cause and states why the extra pages are needed and how many are requested.

**WHY ADDITIONAL PAGES ARE NEEDED**

2. The Crypto Sale Motion asks to sell about $650,000 of crypto the Trustee recovered from the Debtor's account at Fireblocks LLC and to use the sale proceeds, along with $240,000 the Trustee recovered from Aaron Tilton and Brad Jones, to administer the estate. That relief turns on whether the crypto and cash are property of the estate, which the Debtor's former customers may dispute.

3. The Trustee needs the extra pages for three reasons. First, the motion has to explain how SmartFi's business worked and how customer crypto moved through it, so customers who may not have counsel can understand what is being asked. Second, it has to set out the Terms of Use under which customers transferred crypto to SmartFi, how those terms changed over time, and the governing law, because the Terms of Use transferred ownership of deposited crypto to SmartFi. Third, it has to summarize the commingling of customer crypto and cash shown in the

accompanying declaration of James P. Brennan of J.S. Held LLC and explain why that commingling defeats any attempt to trace particular crypto to a particular customer. The motion also asks, in the alternative, to sell free and clear under 11 U.S.C. § 363(f), and it describes the notice the Trustee will give to creditors and customers.

4. The Trustee has kept the motion as short as she can. The technical analysis of the Debtor's wallets and bank accounts is in the Brennan declaration, not the motion. A single complete motion will also give customers and other parties in interest one document that explains the relief, rather than several overlapping filings.

5. As Local Rule 9013-1(i) requires, the Crypto Sale Motion will contain a table of contents with page references, a statement of the issues, a concise statement of facts with references to the record, an argument preceded by a summary, and a short conclusion stating the precise relief sought.

**CONCLUSION**

The Trustee asks the Court to enter the proposed order, submitted separately, granting leave to file the Crypto Sale Motion with a length not to exceed 20 pages, exclusive of the face sheet, table of contents, statements of issues and facts, and exhibits.

DATED: November 18, 2026.

**JOHNSON VAN KWAWEGEN LLP**

/s/ Angela J. Somers
Angela J. Somers
Jonathan Zweig

**MANNING CURTIS BRADSHAW & BEDNAR PLLC**

/s/ Trevor J. Lee
Trevor J. Lee
Brett C. Gilmore
Austin C. Sabin

*Counsel for Angela J. Somers, Chapter 11 Trustee*