UNITED STATES BANKRUPTCY COURT

DISTRICT OF Utah

In Re. Power Block Coin, LLC §
§
§
Debtor(s) §

Case No. 24-23041

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 04/30/2026

Petition Date: 06/20/2024

Months Pending: 23

Industry Classification: 5 2 2 1

Reporting Method: Accrual Basis ◯ Cash Basis ◉

Debtor's Full-Time Employees (current): 0

Debtor's Full-Time Employees (as of date of order for relief): 0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☒ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☒ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☒ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☒ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/
Signature of Responsible Party

.
Printed Name of Responsible Party

11/23/2026
Date

.
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name Power Block Coin, LLC Case No. 24-23041

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $2,098 | |
| b. | Total receipts (net of transfers between accounts) | $1,500 | $1,500 |
| c. | Total disbursements (net of transfers between accounts) | $2,332 | $2,332 |
| d. | Cash balance end of month (a+b-c) | $1,266 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $2,332 | $2,332 |

| Part 2: Asset and Liability Status<br>(Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory (Book ○ Market ○ Other ◉ (attach explanation)) | $0 |
| d | Total current assets | $767,438 |
| e. | Total assets | $32,578,887 |
| f. | Postpetition payables (excluding taxes) | $152,926 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $152,926 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $65,353,546 |
| n. | Total liabilities (debt) (j+k+l+m) | $65,506,472 |
| o. | Ending equity/net worth (e-n) | $-32,927,585 |

| Part 3: Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations)<br>(Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $2,332 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $-2,332 | $-2,332 |

Debtor's Name Power Block Coin, LLC Case No. 24-23041

## Part 5: Professional Fees and Expenses

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | | $0 | $230,498 | $0 | $229,595 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | Ampleo | Financial Professional | $0 | $29,700 | $0 | $29,700 |
| | ii | Parsons Behle & Latimer | Lead Counsel | $0 | $191,873 | $0 | $190,970 |
| | iii | Joli A. Lofstedt | Special Counsel | $0 | $8,925 | $0 | $8,925 |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxviii | | | | | | |

Debtor's Name Power Block Coin, LLC Case No. 24-23041

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |

Debtor's Name Power Block Coin, LLC Case No. 24-23041

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |

Debtor's Name Power Block Coin, LLC Case No. 24-23041

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxviii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |

Debtor's Name Power Block Coin, LLC Case No. 24-23041

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xcix | | | | | | |
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | | |

| Part 6: Postpetition Taxes | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

| | | Yes | No | N/A | |
|---|---|---|---|---|---|
| a. | Were any payments made on prepetition debt? (if yes, see Instructions) | ○ | ◉ | | |
| b. | Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) | ○ | ◉ | | |
| c. | Were any payments made to or on behalf of insiders? | ○ | ◉ | | |
| d. | Are you current on postpetition tax return filings? | ◉ | ○ | | |
| e. | Are you current on postpetition estimated tax payments? | ◉ | ○ | | |
| f. | Were all trust fund taxes remitted on a current basis? | ◉ | ○ | | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | ○ | ◉ | | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | ○ | ○ | ◉ | |
| i. | Do you have: Worker's compensation insurance? | ○ | ◉ | | |
| | If yes, are your premiums current? | ○ | ○ | ◉ | (if no, see Instructions) |
| | Casualty/property insurance? | ○ | ◉ | | |
| | If yes, are your premiums current? | ○ | ○ | ◉ | (if no, see Instructions) |
| | General liability insurance? | ○ | ◉ | | |
| | If yes, are your premiums current? | ○ | ○ | ◉ | (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | ◉ | ○ | | |
| k. | Has a disclosure statement been filed with the court? | ◉ | ○ | | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | ○ | ◉ | | |

Debtor's Name Power Block Coin, LLC Case No. 24-23041

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

| | |
|---|---|
| /s/ | . |
| Signature of Responsible Party | Printed Name of Responsible Party |
| . | 11/23/2026 |
| Title | Date |

PageOnePartOne

PageOnePartTwo

PageTwoPartOne

PageTwoPartTwo

Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

PageThree

PageFour

**Case Name:** POWER BLOCK COIN, LLC
**Case No:** 24-23041
**General Notes for Monthly Operating Report**
**Reporting Period:** 04/01/26 - 04/30/26

**General Methodology:** Angela J. Somers, chapter 11 trustee (the "Trustee"), is filing this Monthly Operating Report ("MOR") solely to comply with the monthly reporting requirements of the chapter 11 case of Power Block Coin, LLC (the "Debtor"). The financial information contained herein is unaudited and limited in scope, has not been subjected to procedures that would typically be applied to financial information presented in accordance with accounting principles generally accepted in the United States of America ("GAAP"), and does not include all of the information and footnotes required by GAAP. The financial information was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy laws.

**Background:** The Debtor filed a voluntary petition under chapter 11 on June 20, 2024 (the "Petition Date"). The Debtor had no employees; its operations were performed by its parent, Blue Castle Holdings, Inc. ("BCH"), under a Management Services Agreement. On March 31, 2026, the Court ordered the appointment of a chapter 11 trustee. The Trustee was appointed on May 5, 2026, and the appointment was approved on May 8, 2026. This MOR includes periods before the Trustee's appointment and has been prepared by the Trustee from the records available to her.

**Prior MORs:** MORs filed for periods through March 31, 2026 were prepared by the Debtor's former financial advisor using information provided by BCH. The Trustee and her professionals reviewed those MORs and the underlying workbooks and determined that the Debtor's historical financial reporting is not reliable. The Trustee has not verified and does not adopt or ratify those MORs. Because the underlying records are unreliable and much of the supporting data has not been produced, amending those MORs would be costly and burdensome to the estate and unlikely to produce materially more reliable information. The Trustee therefore does not intend to amend them. Beginning with April 2026, the Trustee is reporting on the basis described in these General Notes, and known errors in the prior MORs are addressed prospectively. Amounts reported herein are not comparable to those previously reported.

**Books and Records:** The Trustee's review identified, among other things, cash activity that was not reconciled to bank statements, balances that were hardcoded or linked to BCH workbooks that have not been produced, amounts that differ materially from the Debtor's QuickBooks records, retained earnings used to balance the balance sheet, digital asset quantities that could not be reconciled to holdings, and liabilities that were not classified between prepetition and postpetition or by priority. The Trustee has requested supporting information from BCH, and certain requests remain outstanding. This MOR has been prepared using the best information available, including bank statements, digital asset platform records, executed promissory notes, the Debtor's Amended Schedules of Assets and Liabilities (the "Amended Schedules"), the claims register, and the Debtor's loan records. Where independent support was not available, amounts are based on the Debtor's March 31, 2026 MOR and are identified as such in the footnotes to the financial statements.

**Basis of Presentation:** The Statement of Operations and the Statement of Cash Receipts and Disbursements are prepared on a cash basis. The Balance Sheet reflects assets and liabilities from the sources described above, including accrued interest and known postpetition liabilities. Certain non-cash items are presented as a memo below net income and are not included in cash-basis results. Because of

errors in the Debtor's historical reporting, equity is presented as total assets less total liabilities rather than as a roll-forward of retained earnings.

**Reporting Period:** Unless otherwise noted, the information provided herein is as of April 30, 2026, the end of the reporting period. Because the April through October 2026 MORs are being filed together, the financial statements present each month from April 2026 through the end of the reporting period; the April 2026 column reflects the reporting period. Except as otherwise noted, no adjustments have been made for activity occurring after the close of the reporting period.

**Reservation of Rights:** The Trustee reserves all rights to amend or supplement this MOR in all respects, as may be necessary or appropriate. Nothing contained in this MOR shall constitute a waiver of any rights of the Trustee or the estate under applicable law or an admission with respect to any issue in the chapter 11 case, including the validity, priority, amount, or classification of any claim, whether any asset is property of the estate, or the characterization of any related-party transaction or balance.

**Accuracy:** The Trustee has made a diligent effort to complete this MOR accurately and completely based on the information available; however, the Trustee cannot warrant the absolute accuracy of the information herein. Subsequent information or discovery may result in material changes, and errors or omissions may exist.

**Results Not Reflective of Future Performance:** The results contained herein are not necessarily indicative of results that may be expected for any other period and may not reflect the financial position or cash flows of the Debtor in the future.

**Full-time Employees:** The Debtor has no employees.

**Cash:** Before the Trustee's accounts were opened, the Debtor's expenses were paid from an account at Hillcrest Bank held in the name of BCH, an insider, and funded by BCH. BCH asserts that unused funds in that account are its property. Activity in that account is included to present Debtor-related cash activity and is not a determination of the ownership of any funds. The Trustee reserves all rights.

**Digital Assets:** Digital assets are reported at fair value based on month-end closing prices. Whether, or to what extent, these assets are property of the estate has not been determined.

**Notes and Loans Receivable:** Notes receivable from BCH, SmartFi Lending, LLC, and Solara Communities LLC (fka SmartFi Toquerville, LLC) are reported at principal plus interest accrued at the rates stated in the notes. The BCH notes are presented without reductions recorded by BCH for expenses it reportedly paid on the Debtor's behalf; absent support, those reductions have not been verified. Loans receivable from customers are reported at principal per the Debtor's loan records as of March 31, 2026, with interest carried at the amount reported as of that date, which has not been verified. Accrual of interest is not a determination of collectability, and the collectability of these receivables is uncertain.

**Liabilities Subject to Compromise:** As a result of the Debtor's chapter 11 filing, the payment of prepetition indebtedness is subject to compromise or other treatment under the Bankruptcy Code. Liabilities subject to compromise are reported based on the Amended Schedules, with crypto-denominated claims valued at Petition Date prices, except where a claim has been allowed by order of the Court. Filed claims in excess of scheduled amounts, and contingent or disputed claims, are not recorded. These amounts are preliminary, subject to future adjustment, and may be settled for greater or lesser amounts depending on

Court actions, the resolution of disputed claims, determinations of the secured status of certain claims, continued reconciliation, or other events.

**Professional Fees:** Accrued professional fees include fees allowed by order of the Court and unpaid, and fees applied for or incurred by estate professionals that have not yet been allowed. All professional fees remain subject to Court approval. No professional fees were paid from estate accounts during the reporting period. Invoices have not been received from Greenberg Traurig or Huron Consulting, and no amounts are accrued for those professionals.

**U.S. Trustee Fees:** Quarterly fees are accrued based on disbursements for the applicable quarter until paid. The Q1 fee was due on April 30, 2026 and paid on May 7, 2026.

**Insurance**: The Debtor has no operations, employees, or premises.

**Case Name:** POWER BLOCK COIN, LLC

**Case Number:** 24-23041

**Statement of Cash Receipts and Disbursements**

**Reporting Period:** 04/01/26 - 04/30/26

*Unaudited and subject to material change. See footnotes and General Notes.*

| ***MONTH*** | **Apr-26** | **TOTAL** |
|---|---|---|
| **HILLCREST BANK *8922 [1]** | | |
| Beginning Cash Balance | $ 2,098 | $ 2,098 |
| Receipts | 1,500 | 1,500 |
| Disbursements | (2,332) | (2,332) |
| **Ending Cash Balance** | **$ 1,265** | **$ 1,265** |
| **CUMULATIVE** | | |
| Beginning Cash Balance | $ 2,098 | $ 2,098 |
| Receipts | 1,500 | 1,500 |
| Disbursements | (2,332) | (2,332) |
| **Ending Cash Balance** | **$ 1,265** | **$ 1,265** |

**FOOTNOTES:**

[1] Held in BCH's name; BCH asserts that unused funds are its property.

**Case Name:** POWER BLOCK COIN, LLC
**Case Number:** 24-23041

**Balance Sheet**

**Reporting Period:** 04/01/26 - 04/30/26

*Unaudited and subject to material change. See footnotes and General Notes.*

| | FN | Apr-26 |
|---|---|---|
| **ASSETS** | | |
| **CURRENT ASSETS** | | |
| Cash – Western Alliance x9818 (operating) | | $ - |
| Cash – Western Alliance x1289 (litigation funds) | | - |
| Cash – Western Alliance x1800 (MetaGate litigation funding) | | - |
| Cash – Hillcrest x8922 (held in BCH name) | [1] | 1,265 |
| **Total Cash** | | **1,265** |
| Digital assets – Fireblocks & Ledger (fair value) | [2] | 766,173 |
| **Total Current Assets** | | **767,438** |
| **NON-CURRENT ASSETS** | | |
| Note receivable – Blue Castle Holdings #2 (principal) | [3] | 1,400,000 |
| Note receivable – Blue Castle Holdings #2 (accrued interest) | [3][4] | 152,964 |
| Note receivable - Blue Castle Holdings #1 (principal) | [3] | 751,000 |
| Note receivable - Blue Castle Holdings #1 (accrued interest) | [3][4] | 92,424 |
| Note receivable – SmartFi Lending, LLC (principal) | | 1,768,830 |
| Note receivable – SmartFi Lending, LLC (accrued interest) | [4] | 182,793 |
| Smart Loans receivable (principal) | [5] | 4,490,230 |
| Smart Loans receivable (accrued interest) | [4][5] | 1,986,330 |
| Smart Loans Song (principal) | | - |
| Smart Loans Song (accrued interest) | | - |
| Note receivable – Solara (principal) | [6] | 17,400,000 |
| Note receivable – Solara (accrued interest) | [4][6] | 3,584,877 |
| Fixed asset – motorcycle (low estimate) | [7] | 2,000 |
| BTC recovery – Canadian exchange | [8] | - |
| **Total Non-Current Assets** | | **31,811,449** |
| **TOTAL ASSETS** | | **32,578,887** |
| **LIABILITIES** | | |
| **CURRENT LIABILITIES - POSTPETITION** | | |
| Accrued professional fees – allowed by Court order, unpaid | [9] | 903 |
| Accrued professional fees – accrued (not yet allowed) | [10] | 151,772 |
| U.S. Trustee quarterly fees | [11] | 251 |
| Litigation funding – MetaGate LLC | | - |
| **Total Current Liabilities - Postpetition** | | **152,926** |
| **CURRENT LIABILITIES SUBJECT TO COMPROMISE** | | |
| Secured claims | [12] | - |
| Priority claims | [12] | - |
| Coin interest payable (SmartINTEREST) – general unsecured | [13] | 28,435,325 |
| Collateral payable – crypto-backed loans (gross) – general unsecured | [13][14] | 34,106,634 |
| Song Claim - Allowed General Unsecured | | - |
| Buy-back guarantee (invoked) – general unsecured | [15] | 1,679,551 |
| Due to SmartFi Toquerville, LLC – general unsecured (affiliate) | [16] | 1,132,037 |
| **Total Current Liabilities Subject to Compromise** | | **65,353,546** |

**Case Name:** POWER BLOCK COIN, LLC
**Case Number:** 24-23041

**Balance Sheet**

**Reporting Period:** 04/01/26 - 04/30/26

*Unaudited and subject to material change. See footnotes and General Notes.*

| | FN | Apr-26 |
|---|---|---|
| **LONG TERM LIABILITIES SUBJECT TO COMPROMISE** | | |
| Long-term prepetition obligations | | - |
| **Total Long Term Liabilities Subject to Compromise** | | **-** |
| **Total Liabilities Subject to Compromise** | | **65,353,546** |
| **TOTAL LIABILITIES** | | **65,506,472** |
| **EQUITY** | | |
| **Equity / (deficit) – total assets less total liabilities** | | **(32,927,585)** |
| **TOTAL LIABILITIES AND EQUITY** | | **$ 32,578,887** |

**FOOTNOTES:**

[1] Account is held in BCH's name, and BCH asserts that unused funds are its property. The Trustee reserves all rights.

[2] Fireblocks and Ledger holdings valued at month-end CoinGecko closing prices. Whether these assets are property of the estate has not been determined.

[3] Note #2 dated 8/7/2023 ($1,400,000; 4%; due 8/6/2028) and Note #1 dated 4/3/2023 ($751,000; 4%; due 4/2/2030), presented at original principal plus interest accrued under the note terms. BCH recorded reductions to both notes for expenses it reportedly paid on the Debtor's behalf. Absent support, these reductions have not been verified and are not reflected.

[4] Interest on the BCH, SmartFi Lending, and Solara notes is accrued at contract rates. Smart Loans interest is carried at the 3/31/2026 reported amount, has not been verified, and is not further accrued. Accrual is not a determination of collectability.

[5] Principal per the Debtor's loan records as of 3/31/2026. All loans are past maturity.

[6] Solara Communities LLC (fka SmartFi Toquerville, LLC). $17.4 million note dated 3/17/2022; 5%; due the earlier of 3/17/2032 or sale of the underlying property, on which the note references a deed of trust. Collectability is uncertain.

[7] Low-end estimate provided by BCH; not verified.

[8] Refund of approximately $192,986 listed on the Amended Schedules. $190,970.46 was applied to Parsons Behle & Latimer's allowed fees [Dkt 223, 238], and the remaining $6,823.64 was transferred to the Trustee on 5/18/2026.

[9] Allowed and unpaid: Parsons Behle & Latimer $903 [Dkt 223].

[10] Fees incurred by estate professionals, not yet allowed and subject to Court approval. Greenberg Traurig and Huron invoices have not been received.

[11] Accrued until paid: Q1 2026 fee paid 5/7/2026.

[12] The Amended Schedules list no secured or priority claims.

[13] Per the Amended Schedules at Petition Date prices ($64,828.66/BTC; $3,511.09/ETH); not re-measured.

[14] Presented gross of borrower loan balances.

[15] Invoked amounts as of the Petition Date. Postpetition adjustments recorded by the Debtor are not recognized. Eligible but uninvoked amounts are contingent and not recorded.

[16] Receipts from Mountain View Title & Escrow and Imperial Capital recorded by the Debtor as a liability. Characterization is under review.

**Case Name:** POWER BLOCK COIN, LLC

**Case Number:** 24-23041

**Statement of Operations [1]**

**Reporting Period:** 04/01/26 - 04/30/26

*Unaudited and subject to material change. See footnotes and General Notes.*

| | FN | Apr-26 | Total |
|---|---|---|---|
| **REVENUE** | | | |
| Operating revenue | | $ - | **$ -** |
| **Total Revenue** | | **-** | **-** |
| **OPERATING EXPENSES** | | | |
| Accounting fees | | 1,688 | **1,688** |
| Software / custody fees | | 645 | **645** |
| IT / email services | | - | **-** |
| Bank fees | | - | **-** |
| **Total Operating Expenses** | | **2,332** | **2,332** |
| **Operating Income / (Loss)** | | **(2,332)** | **(2,332)** |
| **OTHER INCOME / (EXPENSE)** | | | |
| Interest income | | - | **-** |
| **Total Other Income** | | **-** | **-** |
| **REORGANIZATION ITEMS** | | | |
| U.S. Trustee quarterly fees | | - | **-** |
| Professional fees paid | | - | **-** |
| **Total Reorganization Items** | | **-** | **-** |
| **NET INCOME / (LOSS)** | | **$ (2,332)** | **$ (2,332)** |
| **MEMO: CASH RECEIPTS (NOT INCOME)** | | | |
| Funding from BCH | [2] | $ 1,500 | **$ 1,500** |
| Transfer of estate funds | | - | **-** |
| Recovery of postpetition transfers – BCH | | - | **-** |
| Litigation funding – MetaGate (liability) | | - | **-** |
| **Total Non-Income Receipts** | | **$ 1,500** | **$ 1,500** |
| **MEMO: NON-CASH ITEMS** | | | |
| Non-cash write-off of prepaid expenses | [3] | $ (2,818) | **$ (2,818)** |
| Non-cash reduction of Song claim upon allowance | | - | **-** |
| **Total Non-Cash Items** | | **$ (2,818)** | **$ (2,818)** |

**FOOTNOTES:**

[1] Cash basis.

[2] BCH deposits to Hillcrest x8922 to fund Debtor expenses.

[3] Unsupported prepaid expenses reported on the Debtor's 3/31/2026 balance sheet; written off. Non-cash.

**Case Name:** POWER BLOCK COIN, LLC

**Case Number:** 24-23041

**Schedule of Accrued Professional Fees**

**Reporting Period:** 04/01/26 - 04/30/26

*Unaudited and subject to material change. See footnotes and General Notes.*

**Accrued Professional Fees - Allowed by Court Order (Unpaid)**

| Professional | FN | Apr-26 |
|---|---|---|
| Parsons Behle & Latimer – 1st interim | [1] | 903 |
| **Accrued Professional Fees - Allowed (Unpaid)** | | **903** |

**Accrued Professional Fees - Accrued (Not Yet Allowed)**

| Professional | FN | Apr-26 |
|---|---|---|
| Parsons Behle & Latimer – 2nd interim | [2] | 141,335 |
| Ampleo – 3rd and final | [3] | 10,437 |
| **Accrued Professional Fees - Not Yet Allowed** | | **151,772** |

| | | |
|---|---|---|
| **Total Accrued Professional Fees** | | **$ 152,675** |

**FOOTNOTES:**

[1] $191,873.46 allowed [Dkt 223]; $190,970.46 paid.

[2] Order not entered.

[3] Final application [Dkt 506]; hearing set 1/12/2027.

Hillcrest Bank
A division of NBH Bank, Member FDIC
PO Box 26528
Kansas City, MO 64196
HillcrestBank.com

Last statement: March 31, 2026
This statement: April 30, 2026
Total days in statement period: 30

BLUE CASTLE HOLDINGS, INC.
1145 S 800 E SUITE 117
OREM UT 84097-7254

Page 1
XXXXXX8922
( 2)

***PRIVACY NOTICE -- FEDERAL LAW REQUIRES US TO TELL YOU HOW WE COLLECT, SHARE AND PROTECT YOUR PERSONAL INFORMATION. YOU MAY REVIEW OUR POLICY AND PRACTICES WITH RESPECT TO YOUR PERSONAL INFORMATION AT NBHBANK.COM/PRIVACY-NOTICE. WE WILL MAIL YOU A FREE COPY UPON REQUEST IF YOU CALL US AT THE NUMBER ABOVE.***

## Small Business Checking

| | |
|---|---|
| Account number | XXXXXX8922 |
| Enclosures | 2 |
| Low balance | $1,265.28 |
| Average balance | $1,702.95 |
| Avg collected balance | $1,702 |

### DAILY ACTIVITY

| Date | Description | Additions | Subtractions | Balance |
|---|---|---|---|---|
| 03-31 | Beginning balance | | | $2,097.71 |
| 04-01 | ' POS Purchase<br>MERCHANT PURCHASE TERMINAL 401134<br>FIREBLOCKS INC WWW FIREB NJ<br>XXXXXXXXXXXX0126 | | -644.70 | 1,453.01 |
| 04-17 | Deposit | 1,500.00 | | 2,953.01 |
| 04-23 | Check 1037 | | -1,687.73 | 1,265.28 |
| 04-30 | **Ending totals** | **1,500.00** | **-2,332.43** | **$1,265.28** |

### CHECKS

| Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|
| 1037 | 04-23 | 1,687.73 | | | |

Member FDIC

**DEBIT CARD USAGE INFORMATION**

| | |
|---|---|
| Total number of point-of-sale purchases made this period | 1 |
| Total point-of-sale dollar spend this period | $644.70 |

**OVERDRAFT/RETURN ITEM FEES**

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

**Checking Deposit Credit Ticket**
**DDADEP**

NBH Bank

[redacted]8922
TranDate: 04-17-2026
TranTime: 16:25
Branch: 3011
Cash Drawer: 31110
TranDescription: Deposit Checking

JournalSequence: 30
TranName: DepositChecking
ProcessingMode: Online

Amount: $ 1,500.00

[redacted]8922⑈ 600

04/17/2026 Deposit $1,500.00

Blue Castle Holdings, Inc.
1145 South 800 East Suite 117
Orem, UT 84097

Hillcrest Bank
215 West 2230 North
Provo, UT 84604

1037

4/17/2026

PAY TO THE ORDER OF Sinan Causevic $ **1,687.73

One Thousand Six Hundred Eighty-Seven and 73/100********************************************** DOLLARS

Sinan Causevic
2722 Hawk Ridge Court
Kentwood, MI 49508

MEMO March 16-31 Services

AUTHORIZED SIGNATURE

Photo Safe Deposit® Details on Back.

[redacted]8922⑈

04/23/2026 1037 $1,687.73

# THIS FORM IS PROVIDED TO HELP YOU BALANCE YOUR STATEMENT

CHECKS OUTSTANDING–NOT CHARGED TO ACCOUNT

| NO. | $ | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL | $ | |

## BEFORE YOU START –

PLEASE BE SURE YOU HAVE ENTERED IN YOUR REGISTER ALL AUTOMATIC TRANSACTIONS SHOWN ON THE FRONT OF YOUR STATEMENT.

**YOU SHOULD HAVE ADDED IF ANY OCCURRED:**

1. Loan advances.
2. Credit memos.
3. Other automatic deposits.

**YOU SHOULD HAVE SUBTRACTED IF ANY OCCURRED:**

1. Automatic loan payments.
2. Automatic savings transfers.
3. Service charges.
4. Debit memos.
5. Other automatic deductions and payments.

BALANCE SHOWN ON THIS STATEMENT $ ____________

ADD +

DEPOSITS NOT CREDITED IN THIS STATEMENT *(IF ANY)* $ ____________

____________

____________

TOTAL $ ____________

SUBTRACT –

CHECKS OUTSTANDING $ ____________

BALANCE $ ____________

SHOULD AGREE WITH YOUR CHECK BOOK BALANCE AFTER DEDUCTING SERVICE CHARGE (IF ANY) SHOWN ON THIS STATEMENT

**ELECTRONIC TRANSFERS**

Please examine immediately and report if incorrect. If no reply is received within **30** days the account will be considered correct. You have **60** days to question electronic transfers.

In Case of Errors Or Questions About Your Electronic Transfers TELEPHONE OR WRITE US AT THE TELEPHONE NUMBER OR ADDRESS LOCATED ON THE FRONT OF THIS STATEMENT as soon as you can. If you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt, we must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

(1) Tell us your name and account number.

(2) Describe the error or the transfer you are unsure about and explain as clearly as you can why you believe there is an error or why you need more information.

(3) Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days to do this, we may recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

Rev 09/2016