## SUMMARY COVER SHEET OF FEE APPLICATION

| | |
|---|---|
| Name of applicant | Manning Curtis Bradshaw & Bednar PLLC |
| Name of client | Angela J. Somers, Chapter 11 Trustee |
| Time period covered by this application | August 1, 2026 to October 31, 2026 |
| Total compensation sought this period | $161,700.00 |
| Total expenses sought this period | $3,132.25 |
| Petition date | June 20, 2024 |
| Employment application date | August 14, 2026 |
| Date of order approving employment | Approved at September 16, 2026 hearing (effective August 1, 2026)[1] |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Total compensation and expenses paid to date | $0.00 |
| Blended rate in this application for all timekeepers | $536.50 |
| Compensation and reimbursement sought in this application already paid but not yet allowed | $0.00 |
| Number of professionals included in this application | 5 |
| Number of professionals billing fewer than 15 hours to the case during this period | 3 |

| | |
|---|---|
| Case Name: | In re Power Block Coin, LLC |
| Case Number: | 2:24-bk-23041-CDP |
| Applicant's Name: | Manning Curtis Bradshaw & Bednar PLLC |
| Date of Application: | November 24, 2026 |
| Interim or Final: | Interim |

[1] The text of the September 16 minute order is as follows: "Minute Entry Re: 535 Application to Employ Attorney Filed by Angela J. Somers. Appearances: Brian M. Rothschild (DB and Pro Se); Mark D. Bloom (Mason Song); Peter J. Kuhn (UST); Annette W. Jarvis and Carson Heninger (Official Committee of Unsecured Creditors); Trevor J Lee and (TR Angela J. Somers); P. Matthew Cox and David Pinkston (Douglas Scribner); Michael Johnson (Blue Castle Holdings, Inc. RE Developers, LLC, Smartfi Lending, LLC, Solara Communities, LLC.). Application approved. Court to enter previously filed order. (jst) (EOD: 09/16/2026)." While the Application was approved in this minute order, the Court has not yet entered the previously filed order.

Angela J. Somers
Jonathan Zweig
**JOHNSON VAN KWAWEGEN LLP**
485 Madison Ave. | 15th Floor
New York, NY 10022
asomers@jvk-law.com
Jonathan@jvk-law.com

Trevor J. Lee (16703)
Brett C. Gilmore (17371)
Austin C. Sabin (19667)
**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
(801) 363-5678
tlee@mc2b.com
bgilmore@mc2b.com
asabin@mc2b.com

*Counsel for Angela J. Somers, Chapter 11 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br>**POWER BLOCK COIN, LLC,**<br>*Debtor.* | Case No. 2:24-bk-23041-CDP<br><br>Chapter 11<br><br>Hon. Cathleen D. Parker |

**FIRST INTERIM APPLICATION OF MANNING CURTIS BRADSHAW & BEDNAR PLLC, COUNSEL FOR THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD AUGUST 1, 2026 THROUGH OCTOBER 31, 2026**

Manning Curtis Bradshaw & Bednar PLLC ("**MCBB**"), counsel for Angela J. Somers, the Chapter 11 trustee (the "**Trustee**") of the estate of Power Block Coin, LLC (the "**Debtor**"), submits this first interim application (the "**Application**") under 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Office of the United States Trustee (the "**U.S. Trustee Guidelines**"). MCBB seeks interim allowance of (i) $161,700.00 in

compensation and (ii) $3,132.25 in reimbursement of actual and necessary expenses, for a total of $164,832.25, for the period August 1, 2026 through October 31, 2026 (the "**Compensation Period**"). In support, MCBB states as follows:

## RELIEF REQUESTED AND GROUNDS

1. **Relief requested.** MCBB asks the Court to enter an order, substantially in the form of the proposed order filed concurrently with this Application, that (i) allows MCBB, on an interim basis, compensation of $161,700.00 and reimbursement of expenses of $3,132.25, for a total of $164,832.25; (ii) allows those amounts as an administrative expense of the estate; and (iii) authorizes the Trustee to pay them from available estate funds.

2. **Grounds.** MCBB actually rendered the services described here. They were necessary to the Trustee's administration of the estate and reasonably likely to benefit the estate when rendered, and they were billed at the hourly rates approved in the Employment Order. This Application does not seek compensation for the Litigation Claims, which are compensated solely on a contingency basis. 11 U.S.C. §§ 330(a), 331; Fed. R. Bankr. P. 2016(a).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are 11 U.S.C. §§ 330, 331, 503(b)(2), and 507(a)(2).

## BACKGROUND

4. The Debtor filed a voluntary Chapter 11 petition on June 20, 2024 (the "**Petition Date**"). ECF 1. On October 24, 2024, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**"). ECF 199. On March 31, 2026, the Court found that appointing a Chapter 11 trustee was in the best interests of creditors, ECF 482, and on May 8, 2026, Angela J. Somers was appointed as the Trustee. ECF 504.

5. On August 14, 2026, the Trustee applied to employ MCBB as her counsel, effective August 1, 2026. ECF 535. Trevor J. Lee, who previously represented the Trustee from Hoggan Lee Hutchinson ("**HLH**"), had moved to MCBB, thus meriting the new employment application. On September 16, 2026, the Court approved that application, effective August 1, 2026, and directed that its order be entered. Minute entry (Sept. 16, 2026). The proposed order is lodged at ECF 597 (the "**Employment Order**").[2]

6. The Employment Order approves MCBB's employment on two tracks. For MCBB's general work as counsel to the Trustee, MCBB is compensated at its approved hourly rates, subject to allowance under §§ 330 and 331. Employment Order ¶ 3. For the avoidance and recovery claims, related adversary proceedings, and related Rule 2004 examinations that the Trustee assigns to MCBB (the "**Litigation Claims**"), MCBB is compensated solely on a contingency basis under § 328(a), with no hourly component. *Id.* at ¶¶ 4–6, 10.

7. **This Application seeks compensation only for MCBB's hourly services.** MCBB has removed from this Application time it recorded on the Litigation Claims during the Compensation Period. MCBB does not seek, and nothing in this Application should be read to seek, any allowance of its contingency compensation. The time MCBB includes for its draft Rule 2004 motion and its review of Coinbase records was general investigation of the Debtor's assets, transfers, and customer accounts. It was not work on any Litigation Claim the Trustee has assigned to MCBB, so it remains on the hourly track.

8. MCBB seeks compensation only for services rendered on or after August 1, 2026 through October 31, 2026. Any compensation for services Mr. Lee rendered to the Trustee while at HLH will be sought, if at all, by HLH.

---

[2] As discussed above, the Application was approved in a minute order with the annotation "Court to enter previously filed order," though proposed order has not yet been entered.

9. This is MCBB's first application for compensation in this case. MCBB has not received a retainer and has not been paid from any source for its services or expenses in this case.

**SUMMARY OF FEES AND EXPENSES**

10. MCBB's time records for the Compensation Period, organized by project category, are attached as Exhibit A, and its itemized expenses are attached as **Exhibit B**. Every timekeeper recorded time contemporaneously in tenth-of-an-hour (0.1) increments.

11. Exhibit A describes each service in enough detail for the Court and parties in interest to evaluate it. Because the Trustee is pursuing litigation against several parties in interest, MCBB has redacted a limited number of narrative descriptions that would disclose privileged communications or attorney work product. Each redaction is marked. Unredacted time records will be provided to the Court for in camera review and to the U.S. Trustee on request.

12. The following MCBB professionals rendered hourly services to the Trustee during the Compensation Period, at the rates approved in the Employment Order:

| Name | Position | Rate | Hours | Fees |
|---|---|---:|---:|---:|
| Trevor J. Lee | Partner | $600 | 167.9 | $100,740.00 |
| Brett C. Gilmore | Partner | $525 | 13.2 | $6,930.00 |
| Austin C. Sabin | Associate | $450 | 119.6 | $53,820.00 |
| Cortney A. Jones | Paralegal | $300 | 0.4 | $120.00 |
| Ramona Schelin | Paralegal | $300 | 0.3 | $90.00 |
| **Total** | | | **301.4** | **$161,700.00** |

Blended hourly rate: $536.50.

13. MCBB categorized its time by task code, using the project categories recommended by the U.S. Trustee Guidelines (categories with no time are marked "--"):

| Task Code and Project Category | Hours | Fees | Blended Rate | % of Fees |
|---|---|---|---|---|
| 1 – Asset Analysis and Recovery | 23.2 | $11,610.00 | $500.43 | 7.2% |
| 2 – Asset Disposition (Sale of Purchaser Interest) | 242.9 | $130,470.00 | $537.13 | 80.7% |
| 3 – Assumption and Rejection of Executory Contracts | -- | -- | -- | -- |
| 4 – Avoidance Action Analysis | -- | -- | -- | -- |
| 5 – Budgeting (Case) | -- | -- | -- | -- |
| 6 – Business Operations | -- | -- | -- | -- |
| 7 – Case Administration | 15.7 | $8,760.00 | $557.96 | 5.4% |
| 8 – Claims Administration and Objections | 6.0 | $3,450.00 | $575.00 | 2.1% |
| 9 – Corporate Governance and Board Matters | -- | -- | -- | -- |
| 10 – Employee Benefits and Pensions | -- | -- | -- | -- |
| 11 – Employment and Fee Applications | 9.0 | $4,710.00 | $523.33 | 2.9% |
| 12 – Employment and Fee Application Objections | -- | -- | -- | -- |
| 13 – Financing and Cash Collateral | -- | -- | -- | -- |
| 14 – Litigation (Non-Contingency Matters) | -- | -- | -- | -- |
| 15 – Meetings and Communications with Creditors | -- | -- | -- | -- |

| **Task Code and Project Category** | **Hours** | **Fees** | **Blended Rate** | **% of Fees** |
|---|---|---|---|---|
| 16 – Non-Working Travel | -- | -- | -- | -- |
| 17 – Plan and Disclosure Statement | -- | -- | -- | -- |
| 18 – Real Estate | -- | -- | -- | -- |
| 19 – Relief from Stay and Adequate Protection | -- | -- | -- | -- |
| 20 – Reporting | 4.6 | $2,700.00 | $586.96 | 1.7% |
| 21 – Tax | -- | -- | -- | -- |
| 22 – Valuation | -- | -- | -- | -- |
| **Total** | **301.4** | **$161,700.00** | **$536.50** | **100.0%** |

## SERVICES RENDERED

14. Below is a summary of MCBB's principal services in each category. Exhibit A contains the complete record.

### A. Asset Disposition — Sale of the Purchaser Interest (Task Code 2; 242.9 hours; $130,470.00)

15. Most of MCBB's time during the Compensation Period went to the Trustee's proposed sale of an interest in the estate's litigation recoveries, a transaction intended to fund the administration of the estate. MCBB drafted the Trustee's Motion for Entry of (I) an Order Approving Bidding Procedures and Bid Protections and (II) an Order Authorizing the Sale of the Purchaser Interest, filed on August 19, 2026 [ECF 539] (the "**Sale Motion**"). MCBB also drafted the supporting declaration of the Trustee, the Local Rule 4001-2 summary exhibit, and the motion for leave to file an overlength memorandum. In preparing the Sale Motion, MCBB researched the authority for post-petition litigation funding, carve-outs for administrative

expenses, and the treatment of the claim held by Mason Song (the "**Song Claim**"). MCBB also met with the U.S. Trustee about the Sale Motion before it was filed.

16. MCBB prepared and filed a motion to shorten time and a notice of hearing so that the bidding procedures could be heard on September 16, 2026. ECF 546–548. MCBB drafted the proposed bidding procedures order and negotiated it with the purchaser—MetaGate LLC—the Committee, and other parties. It also negotiated and filed a stipulated amendment to the transaction term sheet that resolved concerns raised by the Committee. MCBB prepared replies to the objections of Douglas J. Scribner [ECF 573], Parsons Behle & Latimer, and a group of joining creditors, and to later supplemental objections. MCBB prepared for and attended the September 16 hearing. The Court entered the Bidding Procedures Order on September 22, 2026. ECF 591. MCBB then negotiated and finalized the definitive Purchase Agreement, and on September 30, 2026, it filed the Notice of Sale Agreement, which set out the competing-bid, auction, and objection procedures. ECF 596. In October, MCBB evaluated the competing bid submitted by Mr. Scribner and filed the notice of the results of the competing-bid process. ECF 599. It prepared the Trustee's declarations, her witness and exhibit list [ECF 609], and her reply to Mr. Scribner's supplemental objection [ECF 610], and it prepared for and attended the October 20, 2026 sale hearing. On October 29, 2026, the Court issued its memorandum decision and entered its order and judgment approving the sale and the Prepaid Forward Purchase Agreement. ECF 623, 624. MCBB then filed the notice of funding. ECF 625. Mr. Lee (135.1 hours; $81,060.00), Mr. Sabin (95.8 hours; $43,110.00), and Mr. Gilmore (12.0 hours; $6,300.00) worked in this category.

17. *Benefit to the estate:* These services produced a court-approved process to market-test, and to obtain up to $2,000,000 in funding for, an estate with limited liquidity and

substantial litigation assets. The process was designed to maximize value by inviting competing bids. The Court approved the sale, and the estate is now funded.

**B. Case Administration (Task Code 7; 15.7 hours; $8,760.00)**

18. MCBB scheduled hearings with the Court, calculated and docketed deadlines, and handled service and notice requirements for the Trustee's filings. That work included reviewing the service list. MCBB also met with the Trustee about case status, priorities, and staffing, and it handled stipulations and other procedural matters. It arranged with chambers to continue the September 8, 2026 hearing on three pending motions to November 3, 2026. In October, it met with the U.S. Trustee about case status and funding. Mr. Lee (11.6 hours; $6,960.00), Mr. Sabin (3.8 hours; $1,710.00), and Ms. Schelin (0.3 hours; $90.00) worked in this category.

**C. Asset Analysis and Recovery (Task Code 1; 23.2 hours; $11,610.00)**

19. MCBB reviewed and revised the Trustee's motion concerning property of the estate and identified the parties who needed notice of it. MCBB obtained and reviewed the financing statements filed against the Debtor and the liens asserted in the schedules and claims register, and it researched lien-rights questions raised by the U.S. Trustee. MCBB also coordinated the review of books and records produced by the Debtor, to help the Trustee identify and evaluate estate assets. It met with parties familiar with the Debtor's history, drafted a Rule 2004 examination motion, and reviewed the Debtor's transaction and exchange records. Mr. Lee (7.6 hours; $4,560.00), Mr. Sabin (14.0 hours; $6,300.00), Mr. Gilmore (1.2 hours; $630.00), and Ms. Jones (0.4 hours; $120.00) worked in this category.

**D. Employment and Fee Applications (Task Code 11; 9.0 hours; $4,710.00)**

20. MCBB prepared the applications to employ the Trustee's professionals, including MCBB's own application [Doc. No. 535], answered the U.S. Trustee's questions about them,

and worked with chambers to schedule the related hearings. It also began preparing this Application. Mr. Lee (4.4 hours; $2,640.00) and Mr. Sabin (4.6 hours; $2,070.00) worked in this category.

**E. Reporting (Task Code 20; 4.6 hours; $2,700.00)**

21. MCBB worked with the Trustee's financial advisor, J.S. Held, on monthly operating reports, and it prepared and filed motions to extend the deadline to file them. It also reviewed the September monthly operating report before it was filed. ECF 615. Mr. Lee (4.2 hours; $2,520.00) and Mr. Sabin (0.4 hours; $180.00) worked in this category.

**F. Claims Administration and Objections (Task Code 8; 6.0 hours; $3,450.00)**

22. MCBB reviewed the claims register to determine whether each party objecting to the Sale Motion held a claim against the estate. It also prepared the Trustee's omnibus reply on the Song Claim [ECF 577] and analyzed Claim No. 13, filed by the Scribner Charitable Remainder Unitrust. Mr. Lee (5.0 hours; $3,000.00) and Mr. Sabin (1.0 hour; $450.00) worked in this category.

## ACTUAL AND NECESSARY EXPENSES

23. During the Compensation Period, MCBB incurred $3,132.25 in actual and necessary out-of-pocket expenses, itemized in Exhibit B. These consist of court records from PACER ($280.10), photocopies and printing ($2,752.15), and filing fees for *pro hac vice* admission ($100.00). MCBB requests reimbursement only of its actual cost, without markup, and does not seek reimbursement for overhead or computerized legal research.

## REASONABLENESS OF THE REQUESTED COMPENSATION

24. Section 330(a)(1) authorizes the Court to award a professional employed under § 327 "reasonable compensation for actual, necessary services" and reimbursement for "actual, necessary expenses." In deciding what is reasonable, the Court considers the nature, extent, and value of the services, taking into account all relevant factors. Those factors include the time spent, the rates charged, whether the services were necessary or beneficial when rendered, whether the time spent was commensurate with the complexity of the task, the professional's skill and experience, and whether the compensation is customary. 11 U.S.C. § 330(a)(3). Necessity and benefit are judged by whether the services were reasonably likely to benefit the estate when rendered, not with hindsight. *In re Macco Props., Inc.*, 540 B.R. 793, 868 (Bankr. W.D. Okla. 2015) ("[t]he appropriate time for measuring benefit to the estate is as of the time the services are provided, and not at the time the court ultimately reviews the fee application").

25. MCBB's request meets these standards. The services were necessary to the Trustee's administration of the estate and were reasonably likely to benefit the estate when rendered. Above all, they produced a court-approved process to fund the estate and to market-test that funding. MCBB charged the rates approved in the Employment Order. It staffed the matter with three attorneys and assigned work to the lowest-rate timekeeper able to handle it. Approximately 40% of the hours were billed by the associate on the matter.

## PAYMENT

26. MCBB asks that its allowed compensation and expenses be allowed as an administrative expense of the estate under 11 U.S.C. §§ 503(b)(2) and 507(a)(2), and that the Trustee be authorized to pay the allowed amounts from available estate funds.

## CERTIFICATIONS AND DISCLOSURES

27. The undersigned certifies that (a) he has read this Application; (b) to the best of his knowledge, information, and belief, formed after reasonable inquiry, the compensation and expenses sought comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and the U.S. Trustee Guidelines; (c) every service for which compensation is sought was actually performed, and every expense for which reimbursement is sought was actually incurred, for the Trustee and the estate and not for any other person; and (d) MCBB has not shared, or agreed to share, any compensation or reimbursement awarded in this case with anyone other than its members and employees, except as permitted by 11 U.S.C. § 504(b). MCBB has made no agreement with the Trustee or anyone else for compensation or reimbursement in this case that has not been disclosed to the Court.

28. The Trustee has reviewed this Application and the time records in Exhibit A and approves the relief requested. MCBB continues to monitor its connections with parties in interest and will supplement its disclosures as required.

## NOTICE

29. Notice of this Application and of the hearing on it has been given under Rule 2002(a)(6) and Local Rule 9013-1(d) to (a) the Office of the United States Trustee; (b) the Committee; (c) all parties who have requested notice in this case; and (d) all creditors on the mailing matrix. No further notice is required.

## CONCLUSION

WHEREFORE, MCBB respectfully requests that the Court enter an order, substantially in the form of the proposed order submitted concurrently with this filing, (i) allowing MCBB, on an interim basis, compensation of $161,700.00 and reimbursement of expenses of $3,132.25, for

a total of $164,832.25, for the Compensation Period; (ii) allowing those amounts as an administrative expense of the estate under 11 U.S.C. §§ 503(b)(2) and 507(a)(2); (iii) authorizing the Trustee to pay the allowed amounts from available estate funds, and (iv) granting such other relief as is just.

DATED November 24, 2026.

**MANNING CURTIS BRADSHAW & BEDNAR PLLC**

/s/ Trevor J. Lee
Trevor J. Lee
Brett C. Gilmore
Austin C. Sabin
*Counsel for Angela J. Somers, Chapter 11 Trustee*

## DECLARATION

I, Trevor J. Lee, a partner of Manning Curtis Bradshaw & Bednar PLLC, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Application; that the time and expense records attached as Exhibits A and B were prepared from MCBB's contemporaneous records kept in the ordinary course of business; and that the statements in the Application are true and correct to the best of my knowledge, information, and belief.

Executed on November 24, 2026.

/s/ Trevor J. Lee
Trevor J. Lee