# SUMMARY COVER SHEET OF FEE APPLICATION

| | |
|---|---|
| Name of applicant | Johnson Van Kwawegen LLP |
| Name of client | Angela J. Somers, Chapter 11 Trustee |
| Time period covered by this application | July 1, 2026 to October 31, 2026 |
| Total compensation sought this period | $263,535.00 |
| Total expenses sought this period | $0.00 |
| Petition date | June 20, 2024 |
| Employment application date | July 1, 2026 |
| Date of order approving employment | September 30, 2026 (effective July 1, 2026) |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Total compensation and expenses paid to date | $0.00 |
| Blended rate in this application for all timekeepers | $1,448.79 |
| Compensation and reimbursement sought in this application already paid but not yet allowed | $0.00 |
| Number of professionals included in this application | 5 |
| Number of professionals billing fewer than 15 hours to the case during this period | 3 |

| | |
|---|---|
| Case Name: | In re Power Block Coin, LLC |
| Case Number: | 2:24-bk-23041-CDP |
| Applicant's Name: | Johnson Van Kwawegen LLP |
| Date of Application: | November 24, 2026 |
| Interim or Final: | Interim |

Angela J. Somers
Jonathan Zweig
**JOHNSON VAN KWAWEGEN LLP**
485 Madison Ave. | 15th Floor
New York, NY 10022
asomers@jvk-law.com
Jonathan@jvk-law.com

Trevor J. Lee (16703)
Brett C. Gilmore (17371)
Austin C. Sabin (19667)
**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
(801) 363-5678
tlee@mc2b.com
bgilmore@mc2b.com
asabin@mc2b.com

*Counsel for Angela J. Somers, Chapter 11 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br>**POWER BLOCK COIN, LLC,**<br>*Debtor.* | Case No. 2:24-bk-23041-CDP<br><br>Chapter 11<br><br>Hon. Cathleen D. Parker |

**FIRST INTERIM APPLICATION OF JOHNSON VAN KWAWEGEN LLP, COUNSEL FOR THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF COMPENSATION FOR THE PERIOD JULY 1, 2026 THROUGH OCTOBER 31, 2026**

Johnson Van Kwawegen LLP ("**JVK**"), counsel for Angela J. Somers, the Chapter 11 trustee (the "**Trustee**") of the estate of Power Block Coin, LLC (the "**Debtor**"), submits this first interim application (the "**Application**") under 11 U.S.C. §§ 328(b), 330, and 331, Federal Rule of Bankruptcy Procedure 2016, and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Office of the United States Trustee (the "**U.S. Trustee Guidelines**"). JVK seeks interim allowance of $263,535.00 in

compensation for the period July 1, 2026 through October 31, 2026 (the "**Compensation Period**"). JVK does not seek reimbursement of expenses. In support, JVK states as follows:

**RELIEF REQUESTED AND GROUNDS**

1. **Relief requested.** JVK asks the Court to enter an order, substantially in the form submitted concurrently with this filing, that (i) allows JVK, on an interim basis, compensation of $263,535.00; (ii) allows that amount as an administrative expense of the estate; and (iii) authorizes the Trustee to pay it from available estate funds.

2. **Grounds.** JVK actually rendered the services described here. They were necessary to the Trustee's administration of the estate and reasonably likely to benefit the estate when rendered, and they were billed at hourly rates. 11 U.S.C. §§ 328(b), 330(a), 331; Fed. R. Bankr. P. 2016(a).

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are 11 U.S.C. §§ 330, 331, 503(b)(2), and 507(a)(2).

**BACKGROUND**

4. The Debtor filed a voluntary Chapter 11 petition on June 20, 2024 (the "**Petition Date**"). ECF 1. On October 24, 2024, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**"). ECF 199. On March 31, 2026, the Court found that appointing a Chapter 11 trustee was in the best interests of creditors, ECF 482, and on May 8, 2026, Angela J. Somers was appointed as the Trustee. ECF 504.

5. On July 1, 2026, the Trustee applied to employ JVK as her counsel, effective that day. ECF 527 (the "**JVK Application**"). Ms. Somers is a partner of JVK. On September 30, 2026, the Court granted the JVK Application. ECF 595 (the "**Employment Order**").

6. JVK is employed on two tracks. All litigation is handled on a full contingency basis under § 328(a). JVK Application ¶ 22. Non-litigation Chapter 11 work is billed hourly, subject to allowance under §§ 330 and 331, at these rates: Ms. Somers, $1,500 (reduced for this case from her standard $1,700); Jonathan Zweig, $1,500; associates and of counsel, $750; and paralegals, $350. *Id.* ¶ 23. JVK's retention was approved on those terms. Employment Order.

7. This Application seeks compensation only for JVK's hourly services. JVK does not seek, and nothing in this Application should be read to seek, any allowance of contingency compensation.

8. Because Ms. Somers is both the Trustee and a JVK partner, JVK may be paid for her time "only to the extent that the trustee performed services as attorney . . . for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate." 11 U.S.C. § 328(b). JVK seeks compensation for Ms. Somers's time only for services she performed as attorney for the estate. Any compensation for her duties as Trustee will come only through the Trustee's commission under 11 U.S.C. § 326.

9. JVK seeks compensation only for services rendered on or after July 1, 2026. As stated in the JVK Application, JVK does not seek compensation for its work on the post-petition transfer complaint filed by Hoggan Lee Hutchinson on June 24, 2026, before JVK was retained. JVK Application ¶ 2.

10. This is JVK's first application for compensation in this case. JVK has not received a retainer and has not been paid from any source for its services in this case.

**SUMMARY OF FEES**

11. JVK's time records for the Compensation Period, organized by project category, are attached as Exhibit A. Each timekeeper recorded time contemporaneously. Attorneys recorded time in tenth-of-an-hour (0.1) increments. Some paraprofessional time was recorded in quarter-hour (0.25) increments; JVK has rounded that time down to the nearest tenth of an hour.

12. Exhibit A describes each service in enough detail for the Court and parties in interest to evaluate it. Because the Trustee is pursuing litigation against several parties in interest, JVK has redacted a limited number of narrative descriptions that would disclose privileged communications or attorney work product. Each redaction is marked. Unredacted time records will be provided to the Court for in camera review and to the U.S. Trustee on request.

13. The following JVK professionals and paraprofessionals rendered hourly services to the Trustee during the Compensation Period:

| Name | Position | Rate | Hours | Fees |
|---|---|---:|---:|---:|
| Angela J. Somers | Partner | $1,500 | 151.9 | $227,850.00 |
| Jonathan Zweig | Partner | $1,500 | 21.9 | $32,850.00 |
| Alisha Akhtar | Paralegal | $350 | 6.7 | $2,345.00 |
| Jay Layfield | Paraprofessional | $350 | 1.0 | $350.00 |
| Robyn Pierce | Paraprofessional | $350 | 0.4 | $140.00 |
| **Total** | | | **181.9** | **$263,535.00** |

Blended hourly rate: $1,448.79 (attorneys only: $1,500.00).

14. JVK categorized its time by task code, using the project categories recommended by the U.S. Trustee Guidelines (categories with no time are marked "--"):

| Task Code and Project Category | Hours | Fees | Blended Rate | % of Fees |
|---|---:|---:|---:|---:|
| 1 – Asset Analysis | 0.2 | $300.00 | $1,500.00 | 0.1% |

| Task Code and Project Category | Hours | Fees | Blended Rate | % of Fees |
|---|---|---|---|---|
| and Recovery | | | | |
| 2 – Asset Disposition (Sale of Purchaser Interest) | 164.4 | $239,700.00 | $1,458.03 | 91.0% |
| 3 – Assumption and Rejection of Executory Contracts | -- | -- | -- | -- |
| 4 – Avoidance Action Analysis | 3.9 | $5,850.00 | $1,500.00 | 2.2% |
| 5 – Budgeting (Case) | -- | -- | -- | -- |
| 6 – Business Operations | -- | -- | -- | -- |
| 7 – Case Administration | 5.9 | $6,435.00 | $1,090.68 | 2.4% |
| 8 – Claims Administration and Objections | 4.8 | $7,200.00 | $1,500.00 | 2.7% |
| 9 – Corporate Governance and Board Matters | -- | -- | -- | -- |
| 10 – Employee Benefits and Pensions | -- | -- | -- | -- |
| 11 – Employment and Fee Applications | 1.0 | $1,500.00 | $1,500.00 | 0.6% |
| 12 – Employment and Fee Application Objections | -- | -- | -- | -- |
| 13 – Financing and Cash Collateral | -- | -- | -- | -- |
| 14 – Litigation (Non-Contingency Matters) | -- | -- | -- | -- |
| 15 – Meetings and Communications with Creditors | 1.1 | $1,650.00 | $1,500.00 | 0.6% |

| Task Code and Project Category | Hours | Fees | Blended Rate | % of Fees |
|---|---|---|---|---|
| 16 – Non-Working Travel | -- | -- | -- | -- |
| 17 – Plan and Disclosure Statement | -- | -- | -- | -- |
| 18 – Real Estate | -- | -- | -- | -- |
| 19 – Relief from Stay and Adequate Protection | -- | -- | -- | -- |
| 20 – Reporting | 0.6 | $900.00 | $1,500.00 | 0.3% |
| 21 – Tax | -- | -- | -- | -- |
| 22 – Valuation | -- | -- | -- | -- |
| **Total** | **181.9** | **$263,535.00** | **$1,448.79** | **100.0%** |

## SERVICES RENDERED

15. Below is a summary of JVK's principal services in each category. Exhibit A contains the complete record.

**A. Asset Disposition—Sale of the Purchaser Interest (Task Code 2; 164.4 hours; $239,700.00)**

16. Almost all of JVK's time during the Compensation Period went to the Trustee's sale of an interest in the estate's litigation recoveries, the transaction that funds the administration of the estate. In July, JVK negotiated and revised the funding term sheet with prospective funders and their counsel. In August and September, it reviewed and revised the Sale Motion [ECF 539] and the proposed bidding procedures order, prepared the Trustee's letter to the Court about the hearing date and the unsigned order shortening time, and drafted the letter agreement with MetaGate extending the funding deadlines. It answered the Committee's questions about the funding waterfall, carve-outs, and the Song Claim, drafted the reply to the

objections to the bidding procedures, and revised the amended term sheet and notice of term sheet amendment after the September 16, 2026 hearing, which Mr. Zweig attended.

17. JVK then negotiated the Prepaid Forward Purchase Agreement with Baker McKenzie, counsel for MetaGate, and prepared the Notice of Sale Agreement. ECF 596. When Douglas J. Scribner submitted a competing bid in October, JVK negotiated its terms with his counsel, specified the financial comparison of the two bids for J.S. Held, and prepared the analysis the Trustee relied on. It drafted the Trustee's supplemental declaration and the reply to Mr. Scribner's supplemental objection [ECF 610], prepared the cross-examination of A. Tilton, and prepared for the October 20, 2026 sale hearing, where Mr. Zweig presented the Trustee's case. The Court approved the sale. ECF 623, 624. Alisha Akhtar, a JVK paralegal, gathered docket materials and prepared the hearing binder. Ms. Somers (137.3 hours; $205,950.00), Mr. Zweig (21.1 hours; $31,650.00), and Ms. Akhtar (6.0 hours; $2,100.00) worked in this category.

18. *Benefit to the estate:* These services produced a court-approved process to market-test, and to obtain up to $2,000,000 in funding for, an estate with limited liquidity and substantial litigation assets. The Court approved the sale, and the estate is now funded.

**B. Claims Administration and Objections (Task Code 8; 4.8 hours; $7,200.00)**

19. JVK conferred with MCBB about the Song lawsuit and Mr. Song's counterclaims. It drafted the reply in support of the stipulated allowance of the Song Claim and the preliminary statement responding to the joinder of the Debtor's affiliates. It also analyzed the proof of claim filed by Mr. Scribner, which the Debtor's books and records do not support, and directed J.S. Held's analysis of that claim for the sale hearing. Ms. Somers (4.8 hours; $7,200.00) worked in this category.

**C. Avoidance Action Analysis (Task Code 4; 3.9 hours; $5,850.00)**

20. JVK conferred with MCBB and J.S. Held about potential preference claims, demand letters to recipients of post-petition transfers, and potential claims against GS Partners. It also reviewed MCBB's draft opposition to Fitz Cange's motion to dismiss, information about transfers to Blue Castle Holdings, and a settlement proposal on estate claims. Ms. Somers (3.9 hours; $5,850.00) worked in this category.

**D. Case Administration (Task Code 7; 5.9 hours; $6,435.00)**

21. JVK conferred with MCBB about case status, open legal tasks, and the continued B2C2 motion; coordinated with J.S. Held; and prepared Mr. Zweig's pro hac vice application. Ms. Somers (3.2 hours; $4,800.00), Mr. Zweig (0.6 hours; $900.00), Ms. Akhtar (0.7 hours; $245.00), Jay Layfield (1.0 hour; $350.00), and Robyn Pierce (0.4 hours; $140.00) worked in this category.

**E. Other categories (Task Codes 1, 11, 15, and 20; 2.9 hours; $4,350.00)**

22. JVK conferred with MCBB about the professionals' fee applications and drafted the contingency-fee paragraph of the Bidding Procedures Order in response to the Committee's comments (Task Code 11; 1.0 hour; $1,500.00). It met with Committee counsel and took part in a call with the Committee (Task Code 15; 1.1 hours; $1,650.00). It conferred with MCBB about the Debtor's schedules and monthly operating reports (Task Code 20; 0.6 hours; $900.00). And Mr. Zweig conferred with Ms. Somers about whether customer crypto is property of the estate (Task Code 1; 0.2 hours; $300.00).

**REASONABLENESS OF THE REQUESTED COMPENSATION**

23. Section 330(a)(1) authorizes the Court to award a professional employed under § 327 "reasonable compensation for actual, necessary services." In deciding what is reasonable,

the Court considers the nature, extent, and value of the services, taking into account all relevant factors. Those factors include the time spent, the rates charged, whether the services were necessary or beneficial when rendered, whether the time spent was commensurate with the complexity of the task, the professional's skill and experience, and whether the compensation is customary. 11 U.S.C. § 330(a)(3). Necessity and benefit are judged by whether the services were reasonably likely to benefit the estate when rendered, not with hindsight. *In re Macco Props., Inc.*, 540 B.R. 793, 868 (Bankr. W.D. Okla. 2015).

24. JVK's request meets these standards. The services were necessary to the Trustee's administration of the estate and were reasonably likely to benefit the estate when rendered. Above all, they produced a court-approved process to fund the estate and to market-test that funding. JVK charged Ms. Somers's reduced rate and staffed the matter mainly with two partners, using paraprofessionals for docket, filing, and hearing support.

**PAYMENT**

25. JVK asks that its allowed compensation be allowed as an administrative expense of the estate under 11 U.S.C. §§ 503(b)(2) and 507(a)(2), and that the Trustee be authorized to pay the allowed amount from available estate funds.

**CERTIFICATIONS AND DISCLOSURES**

26. The undersigned certifies that (a) she has read this Application; (b) to the best of her knowledge, information, and belief, formed after reasonable inquiry, the compensation sought complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and the U.S. Trustee Guidelines; (c) every service for which compensation is sought was actually performed for the Trustee and the estate, and not for any other person; (d) no compensation is sought for the Trustee's performance of her duties as

trustee; and (e) JVK has not shared, or agreed to share, any compensation awarded in this case with anyone other than its members and employees, except as permitted by 11 U.S.C. § 504(b). JVK has made no agreement with the Trustee or anyone else for compensation in this case that has not been disclosed to the Court.

27. The Trustee has reviewed this Application and the time records in Exhibit A and approves the relief requested. JVK continues to monitor its connections with parties in interest and will supplement its disclosures as required.

**NOTICE**

28. Notice of this Application and of the hearing on it has been given under Rule 2002(a)(6) and Local Rule 9013-1(d) to (a) the Office of the United States Trustee; (b) the Committee; (c) all parties who have requested notice in this case; and (d) all creditors on the mailing matrix. No further notice is required.

**CONCLUSION**

WHEREFORE, JVK requests that the Court enter an order, substantially in the form submitted concurrently with this filing, (i) allowing JVK, on an interim basis, compensation of $263,535.00 for the Compensation Period; (ii) allowing that amount as an administrative expense of the estate under 11 U.S.C. §§ 503(b)(2) and 507(a)(2); (iii) authorizing the Trustee to pay the allowed amount from available estate funds; and (iv) granting such other relief as is just.

DATED November 24, 2026.

**JOHNSON VAN KWAWEGEN LLP**

/s/ Angela J. Somers (with permission)
Angela J. Somers
Jonathan Zweig
*Counsel for Angela J. Somers, Chapter 11 Trustee*

## DECLARATION

I, Angela J. Somers, a partner of Johnson Van Kwawegen LLP and the Chapter 11 Trustee in this case, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Application; that the time records attached as Exhibit A were prepared from JVK's contemporaneous records kept in the ordinary course of business; that the time in Exhibit A is for legal services and not for my duties as Trustee; and that the statements in the Application are true and correct to the best of my knowledge, information, and belief.

Executed on November 24, 2026.

/s/ Angela J. Somers (with permission)
Angela J. Somers