## SUMMARY COVER SHEET OF FEE APPLICATION

| | |
|---|---|
| Name of applicant | Adamson & Hoggan LLC, dba Hoggan Lee Hutchinson |
| Name of client | Angela J. Somers, Chapter 11 Trustee |
| Time period covered by this application | June 2, 2026 to July 31, 2026 |
| Total compensation sought this period | $64,478.50 |
| Total expenses sought this period | $0.00 |
| Petition date | June 20, 2024 |
| Employment application date | June 2, 2026 |
| Date of order approving employment | September 22, 2026 (effective June 2, 2026) |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Total compensation and expenses paid to date | $0.00 |
| Blended rate in this application for all timekeepers | $517.48 |
| Compensation and reimbursement sought in this application already paid but not yet allowed | $0.00 |
| Number of professionals included in this application | 3 |
| Number of professionals billing fewer than 15 hours to the case during this period | 1 |

| | |
|---|---|
| Case Name: | In re Power Block Coin, LLC |
| Case Number: | 2:24-bk-23041-CDP |
| Applicant's Name: | Hoggan Lee Hutchinson |
| Date of Application: | November 24, 2026 |
| Interim or Final: | Interim |

Angela J. Somers
Jonathan Zweig
**JOHNSON VAN KWAWEGEN LLP**
485 Madison Ave. | 15th Floor
New York, NY 10022
asomers@jvk-law.com
Jonathan@jvk-law.com

Trevor J. Lee (16703)
Brett C. Gilmore (17371)
Austin C. Sabin (19667)
**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
(801) 363-5678
tlee@mc2b.com
bgilmore@mc2b.com
asabin@mc2b.com

*Counsel for Angela J. Somers, Chapter 11 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br>**POWER BLOCK COIN, LLC,**<br>*Debtor.* | Case No. 2:24-bk-23041-CDP<br><br>Chapter 11<br><br>Hon. Cathleen D. Parker |

**FIRST INTERIM APPLICATION OF HOGGAN LEE HUTCHINSON, FORMER COUNSEL FOR THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF COMPENSATION FOR THE PERIOD JUNE 2, 2026 THROUGH JULY 31, 2026**

Adamson & Hoggan LLC, doing business as Hoggan Lee Hutchinson ("**HLH**"), former counsel for Angela J. Somers, the Chapter 11 trustee (the "**Trustee**") of the estate of Power Block Coin, LLC (the "**Debtor**"), submits this first interim application (the "**Application**") under 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Office of the United States Trustee (the "**U.S. Trustee Guidelines**"). HLH

seeks interim allowance of $64,478.50 in compensation for the period June 2, 2026 through July 31, 2026 (the "**Compensation Period**"). HLH does not seek reimbursement of expenses. In support, HLH states as follows:

## RELIEF REQUESTED AND GROUNDS

1. **Relief requested.** HLH asks the Court to enter an order, substantially in the form submitted concurrently with this filing, that (i) allows HLH, on an interim basis, compensation of $64,478.50; (ii) allows that amount as an administrative expense of the estate; and (iii) authorizes the Trustee to pay it from available estate funds.

2. **Grounds.** HLH actually rendered the services described here. They were necessary to the Trustee's administration of the estate and reasonably likely to benefit the estate when rendered, and they were billed at or below the hourly rates approved in the Employment Order. 11 U.S.C. §§ 330(a), 331; Fed. R. Bankr. P. 2016(a).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are 11 U.S.C. §§ 330, 331, 503(b)(2), and 507(a)(2).

## BACKGROUND

4. The Debtor filed a voluntary Chapter 11 petition on June 20, 2024 (the "**Petition Date**"). ECF 1. On October 24, 2024, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**"). ECF 199. On March 31, 2026, the Court found that appointing a Chapter 11 trustee was in the best interests of creditors, ECF 482, and on May 8, 2026, Angela J. Somers was appointed as the Trustee. ECF 504.

5. On June 2, 2026, the Trustee applied to employ Trevor J. Lee and HLH as her counsel, effective that day. ECF 514. On September 22, 2026, the Court granted the application. ECF 589 (the "**Employment Order**").

6. HLH is compensated at hourly rates of $600 for Mr. Lee, $400 for associates and of counsel, and $275 for paralegals, subject to allowance under §§ 330 and 331. ECF 514 ¶ 23.

7. This Application seeks compensation only for HLH's hourly services. HLH recorded its adversary-proceeding work in a separate matter, and none of that time is included. Some of the time in the bankruptcy matter went to identifying potential estate claims and calendaring their limitations deadlines. HLH includes that time because it was general investigation of the estate's assets and claims within the hourly scope of its employment. ECF 514 ¶ 22(b)–(c).

8. On August 1, 2026, Mr. Lee left HLH and joined Manning Curtis Bradshaw & Bednar PLLC ("MCBB"), which the Trustee then employed as her counsel. ECF 535. HLH seeks compensation only for services rendered from June 2, 2026, the effective date of its employment, through July 31, 2026. Services after that date are addressed in MCBB's applications. HLH does not seek compensation for the preliminary work it performed in May 2026, before its employment took effect.

9. This is HLH's first application for compensation in this case. HLH has not received a retainer and has not been paid from any source for its services in this case.

## SUMMARY OF FEES

10. HLH's time records for the Compensation Period, organized by project category, are attached as Exhibit A. Every timekeeper recorded time contemporaneously in tenth-of-an-hour (0.1) increments.

11. Exhibit A describes each service in enough detail for the Court and parties in interest to evaluate it. Because the Trustee is pursuing litigation against several parties in interest, HLH has redacted a limited number of narrative descriptions that would disclose privileged communications or attorney work product. Each redaction is marked. Unredacted time records will be provided to the Court for in camera review and to the U.S. Trustee on request.

12. The following HLH professionals rendered hourly services to the Trustee during the Compensation Period, at or below the rates approved in the Employment Order:

| Name | Position | Rate | Hours | Fees |
|---|---|---:|---:|---:|
| Trevor J. Lee | Partner | $600 | 99.8 | $59,880.00 |
| Michael House | Law clerk | $185 | 24.1 | $4,458.50 |
| Jenni Webster | Paralegal | $200 | 0.7 | $140.00 |
| **Total** | | | **124.6** | **$64,478.50** |

Blended hourly rate: $517.48.

13. HLH categorized its time by task code, using the project categories recommended by the U.S. Trustee Guidelines (categories with no time are marked "--"):

| Task Code and Project Category | Hours | Fees | Blended Rate | % of Fees |
|---|---:|---:|---:|---:|
| 1 – Asset Analysis and Recovery | 54.0 | $22,398.50 | $414.79 | 34.7% |
| 2 – Asset Disposition (Estate Funding) | 15.3 | $9,180.00 | $600.00 | 14.2% |
| 3 – Assumption and Rejection of Executory Contracts | -- | -- | -- | -- |
| 4 – Avoidance Action Analysis | -- | -- | -- | -- |
| 5 – Budgeting (Case) | -- | -- | -- | -- |
| 6 – Business Operations | -- | -- | -- | -- |
| 7 – Case | 8.4 | $4,760.00 | $566.67 | 7.4% |

| **Task Code and Project Category** | **Hours** | **Fees** | **Blended Rate** | **% of Fees** |
|---|---|---|---|---|
| Administration | | | | |
| 8 – Claims Administration and Objections | 8.1 | $4,860.00 | $600.00 | 7.5% |
| 9 – Corporate Governance and Board Matters | -- | -- | -- | -- |
| 10 – Employee Benefits and Pensions | -- | -- | -- | -- |
| 11 – Employment and Fee Applications | 25.1 | $15,060.00 | $600.00 | 23.4% |
| 12 – Employment and Fee Application Objections | 10.8 | $6,480.00 | $600.00 | 10.0% |
| 13 – Financing and Cash Collateral | -- | -- | -- | -- |
| 14 – Litigation (Non-Contingency Matters) | -- | -- | -- | -- |
| 15 – Meetings and Communications with Creditors | -- | -- | -- | -- |
| 16 – Non-Working Travel | -- | -- | -- | -- |
| 17 – Plan and Disclosure Statement | -- | -- | -- | -- |
| 18 – Real Estate | -- | -- | -- | -- |
| 19 – Relief from Stay and Adequate Protection | -- | -- | -- | -- |
| 20 – Reporting | 2.9 | $1,740.00 | $600.00 | 2.7% |
| 21 – Tax | -- | -- | -- | -- |
| 22 – Valuation | -- | -- | -- | -- |
| **Total** | **124.6** | **$64,478.50** | **$517.48** | **100.0%** |

## SERVICES RENDERED

14. Below is a summary of HLH's principal services in each category. Exhibit A contains the complete record. Mr. Lee did most of the work. Michael House researched and wrote a memo on the Trustee's status and powers and the limitations periods for the estate's claims, and Jenni Webster prepared filings for service by mail.

### A. Asset Analysis and Recovery (Task Code 1; 54.0 hours; $22,398.50)

15. When the Trustee was appointed, she had no access to the Debtor's books and records. HLH worked with the Debtor, its former counsel Parsons Behle & Latimer, the Committee, the Debtor's former financial advisor Ampleo, and the Trustee's financial advisor J.S. Held to locate and obtain those records, and it reviewed the records it received. It reviewed the Debtor's Terms of Use and customer loan agreements and analyzed whether customer cryptocurrency is property of the estate, which became the basis for the Trustee's property-of-the-estate motion. HLH also investigated the estate's potential claims as part of identifying its assets. It reviewed the docket, the Debtor's monthly operating reports, and J.S. Held's transfer analyses to identify potential claims and post-petition transfers, and it identified and calendared the limitations deadlines for those claims. Mr. House researched when the limitations period under § 546(a)(1)(B) runs for the estate's claims and how the Trustee's appointment midway through the case affects it.

### B. Employment and Fee Applications (Task Code 11; 25.1 hours; $15,060.00)

16. HLH prepared the applications to employ the Trustee's professionals: HLH itself [ECF 514], J.S. Held [ECF 516], and Johnson Van Kwawegen LLP [ECF 527]. It also reviewed and revised the Trustee's supplemental Rule 2014 disclosure and prepared and filed the amended disclosure.

**C. Asset Disposition—Estate Funding (Task Code 2; 15.3 hours; $9,180.00)**

17. The estate had little cash to pay for administration. HLH reviewed proposed funding agreements, met with prospective funders, including WealthUnion and Mason Song, and negotiated the term sheet with the Trustee and J.S. Held. It also researched and outlined the funding motion that MCBB later filed. That work led to the funding the Court approved on October 29, 2026. ECF 623, 624.

**D. Claims Administration and Objections (Task Code 8; 8.1 hours; $4,860.00)**

18. HLH reviewed the record in Mr. Song's District of Utah lawsuit against the Debtor and researched the viability of his claims, the estate's claims against him, and the date for valuing his claim. It used that analysis to negotiate with Mr. Song's counsel the treatment of his claim and the release that became part of the funding transaction.

**E. Employment and Fee Application Objections (Task Code 12; 10.8 hours; $6,480.00)**

19. Parsons Behle & Latimer objected to HLH's employment application. ECF 520. HLH researched the objection and prepared and filed the Trustee's reply. ECF 523.

**F. Case Administration (Task Code 7; 8.4 hours; $4,760.00)**

20. HLH tracked the pending motions and deadlines, kept the Trustee's task list, worked with the Court's clerk to reschedule hearings, arranged continuances of pending matters, including the Ampleo fee application, and handled service of the Trustee's filings.

**G. Reporting (Task Code 20; 2.9 hours; $1,740.00)**

21. HLH prepared and filed the Trustee's motions to extend the deadlines to file monthly operating reports and to submit books and records, and worked with the U.S. Trustee on them.

## REASONABLENESS OF THE REQUESTED COMPENSATION

22. Section 330(a)(1) authorizes the Court to award a professional employed under § 327 "reasonable compensation for actual, necessary services." In deciding what is reasonable, the Court considers the nature, extent, and value of the services, taking into account all relevant factors. Those factors include the time spent, the rates charged, whether the services were necessary or beneficial when rendered, whether the time spent was commensurate with the complexity of the task, the professional's skill and experience, and whether the compensation is customary. 11 U.S.C. § 330(a)(3). Necessity and benefit are judged by whether the services were reasonably likely to benefit the estate when rendered, not with hindsight. *In re Macco Props., Inc.*, 540 B.R. 793, 868 (Bankr. W.D. Okla. 2015).

23. HLH's request meets these standards. The services were necessary to the Trustee's administration of the estate and were reasonably likely to benefit the estate when rendered. They gave the Trustee access to the Debtor's records, put her professionals in place, and laid the groundwork for the funding that now pays for the estate's administration. HLH charged at or below the rates approved in the Employment Order. It has also written off its computerized legal research charges and does not seek compensation for its May 2026 pre-employment time.

## PAYMENT

24. HLH asks that its allowed compensation be allowed as an administrative expense of the estate under 11 U.S.C. §§ 503(b)(2) and 507(a)(2), and that the Trustee be authorized to pay the allowed amount from available estate funds.

## CERTIFICATIONS AND DISCLOSURES

25. The undersigned certifies that (a) the undersigned has read this Application; (b) to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, the compensation sought complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and the U.S. Trustee Guidelines; (c) every service for which compensation is sought was actually performed for the Trustee and the estate, and not for any other person; and (d) HLH has not shared, or agreed to share, any compensation awarded in this case with anyone other than its members and employees, except as permitted by 11 U.S.C. § 504(b). HLH has made no agreement with the Trustee or anyone else for compensation in this case that has not been disclosed to the Court.

26. The Trustee has reviewed this Application and the time records in Exhibit A and approves the relief requested.

## NOTICE

27. Notice of this Application and of the hearing on it has been given under Rule 2002(a)(6) and Local Rule 9013-1(d) to (a) the Office of the United States Trustee; (b) the Committee; (c) all parties who have requested notice in this case; and (d) all creditors on the mailing matrix. No further notice is required.

## CONCLUSION

WHEREFORE, HLH requests that the Court enter an order, substantially in the form submitted concurrently with this filing, (i) allowing HLH, on an interim basis, compensation of $64,478.50 for the Compensation Period; (ii) allowing that amount as an administrative expense of the estate under 11 U.S.C. §§ 503(b)(2) and 507(a)(2); (iii) authorizing the Trustee to pay the allowed amount from available estate funds; and (iv) granting such other relief as is just.

DATED November 24, 2026.

**HOGGAN LEE HUTCHINSON**

/s/ Trevor J. Lee
Trevor J. Lee, formerly of Hoggan Lee Hutchinson
*Former Counsel for Angela J. Somers, Chapter 11 Trustee*

## DECLARATION

I, Trevor J. Lee, declare under penalty of perjury under 28 U.S.C. § 1746 that I was a partner of Hoggan Lee Hutchinson through July 31, 2026 and performed or supervised all of the services for which compensation is sought; that I have read the foregoing Application; that the time records attached as Exhibit A were prepared from HLH's contemporaneous records kept in the ordinary course of business; and that the statements in the Application are true and correct to the best of my knowledge, information, and belief.

Executed on November 24, 2026.

/s/ Trevor J. Lee
Trevor J. Lee