**SUMMARY COVER SHEET OF FEE APPLICATION**

| | |
|---|---|
| Name of applicant | J.S. Held, LLC |
| Name of client | Angela J. Somers, Chapter 11 Trustee |
| Time period covered by this application | June 2, 2026 to October 31, 2026 |
| Total compensation sought this period | $1,024,916.00 |
| Total expenses sought this period | $22,620.70 |
| Petition date | June 20, 2024 |
| Employment application date | June 2, 2026 |
| Date of order approving employment | September 22, 2026 (effective June 2, 2026) |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Total compensation and expenses paid to date | $0.00 |
| Blended rate in this application for all timekeepers | $594 |
| Compensation and reimbursement sought in this application already paid but not yet allowed | $0.00 |
| Number of professionals included in this application | 22 |
| Number of professionals billing fewer than 15 hours to the case during this period | 3 |

| | |
|---|---|
| Case Name: | In re Power Block Coin, LLC |
| Case Number: | 2:24-bk-23041-CDP |
| Applicant's Name: | J.S. Held, LLC |
| Date of Application: | November 24, 2026 |
| Interim or Final: | Interim |

Angela J. Somers
Jonathan Zweig
**JOHNSON VAN KWAWEGEN LLP**
485 Madison Ave. | 15th Floor
New York, NY 10022
asomers@jvk-law.com
Jonathan@jvk-law.com

Trevor J. Lee (16703)
Brett C. Gilmore (17371)
Austin C. Sabin (19667)
**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
201 S. Main Street, Suite 750
Salt Lake City, Utah 84111
(801) 363-5678
tlee@mc2b.com
bgilmore@mc2b.com
asabin@mc2b.com

*Counsel for Angela J. Somers, Chapter 11 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br>**POWER BLOCK COIN, LLC,**<br>*Debtor.* | Case No. 2:24-bk-23041-CDP<br><br>Chapter 11<br><br>Hon. Cathleen D. Parker |

FIRST INTERIM APPLICATION OF J.S. HELD, LLC, FINANCIAL ADVISOR TO THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 2, 2026 THROUGH OCTOBER 31, 2026

J.S. Held, LLC ("**J.S. Held**"), financial advisor to Angela J. Somers, the Chapter 11 trustee (the "**Trustee**") of the estate of Power Block Coin, LLC (the "**Debtor**"), submits this first interim application (the "**Application**") under 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Office of the United States Trustee (the "**U.S. Trustee Guidelines**"). J.S. Held seeks interim allowance of (i) $1,024,916.00 in compensation

and (ii) $22,620.70 in reimbursement of actual and necessary expenses, for a total of $1,047,536.70, for the period June 2, 2026 through October 31, 2026 (the "**Compensation Period**"). In support, J.S. Held states as follows:

## RELIEF REQUESTED AND GROUNDS

1. J.S. Held asks the Court to enter an order, substantially in the form submitted concurrently with this filing, that (i) allows J.S. Held, on an interim basis, compensation of $1,024,916.00 and reimbursement of expenses of $22,620.70, for a total of $1,047,536.70; (ii) allows those amounts as an administrative expense of the estate; and (iii) authorizes the Trustee to pay them from available estate funds.

2. J.S. Held actually rendered the services described here. They were necessary to the Trustee's administration of the estate and reasonably likely to benefit the estate when rendered, and they were billed at the hourly rates approved in the Employment Order. 11 U.S.C. §§ 330(a), 331; Fed. R. Bankr. P. 2016(a).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are 11 U.S.C. §§ 330, 331, 503(b)(2), and 507(a)(2).

## BACKGROUND

4. The Debtor filed a voluntary Chapter 11 petition on June 20, 2024 (the "**Petition Date**"). ECF 1. On October 24, 2024, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**"). ECF 199. On March 31, 2026, the Court found that appointing a Chapter 11 trustee was in the best interests of creditors, ECF 482, and on May 8, 2026, Angela J. Somers was appointed as the Trustee. ECF 504.

5. On June 2, 2026, the Trustee applied to employ J.S. Held as her financial advisor, effective on the filing date. ECF 516 (the "**Employment Application**"). The Court granted the Employment Application on September 22, 2026. ECF 590 (the "**Employment Order**"). The Employment Order approves J.S. Held's employment under 11 U.S.C. §§ 327(a) and 330 on the terms in the Employment Application and in the engagement letter between the Trustee and J.S. Held dated May 28, 2026 (the "**Engagement Letter**"). Employment Order ¶ 2.

6. J.S. Held had the following rates approved as part of its Employment Order: Senior Managing Director, $1,050; Managing Director, $900; Senior Director, $775; Director, $700; Senior Consultant, $575; and Consultant, $500. Employment Application ¶ 22. J.S. Held has discounted most of these rates, and the rates by person are listed below. J.S. Held bills in six-minute increments, and travel time during which no work is performed is billed at 50% of standard rates. *Id.* ¶ 23. J.S. Held may revise its rates each January 1. *Id.* All time in this Application was billed at or below the approved 2026 rates.

7. The Employment Order conditions J.S. Held's retention on paragraph 20 of the Employment Application. Employment Order ¶ 3. Under that paragraph, J.S. Held agreed to provide services beyond storing the estate's books and records and other preliminary services only if pre-trustee professional fees were subordinated or the Trustee obtained financing with a carve-out giving the Trustee's professionals priority. Employment Application ¶ 20. The Trustee met that condition through the financing approved in the Sale Order. The approved term sheet provides for payment of the fees of the Trustee's court-approved professionals, including J.S. Held's accrued fees, from the first funding tranche after the Court approves them, with priority over the fees of all other professionals. ECF 581-1 § 2(c), (e). The Court approved the sale and the Prepaid Forward Purchase Agreement on October 29, 2026. ECF 623, 624 (the "**Sale Order**").

8. The Employment Application provides for a $50,000 retainer, payable once the Trustee obtained financing. Employment Application ¶ 24. There has been no retainer paid to date.

9. This is J.S. Held's first application for compensation in this case. J.S. Held has not been paid from any source for its services or expenses in this case.

10. J.S. Held seeks compensation only for services rendered on or after June 2, 2026, the effective date of its employment. J.S. Held is compensated only on an hourly basis and has no contingency arrangement in this case.

**SUMMARY OF FEES AND EXPENSES**

11. J.S. Held's time records for the Compensation Period, organized by project category, are attached as Exhibit A, and its itemized expenses are attached as Exhibit B. Every timekeeper recorded time contemporaneously in tenth-of-an-hour (0.1) increments.

12. Exhibit A describes each service in enough detail for the Court and parties in interest to evaluate it. Because the Trustee is investigating and pursuing claims against several parties in interest, J.S. Held has redacted a limited number of narrative descriptions that would disclose privileged communications or work product. Each redaction is marked. Unredacted time records will be provided to the Court for *in camera* review and to the U.S. Trustee on request.

13. The following J.S. Held professionals rendered services to the Trustee during the Compensation Period, at rates at or below those approved in the Employment Order:

| Name | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| Alexa Maldonado | Consultant | $285 | 23.20 | $6,612.00 |
| Amy Yurish | Managing Director | $775 | 308.70 | $239,242.50 |

| Name | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| Dilin Massand | Consultant | $450; discounted to $275 effective 9/1/2026 | 135.00 | $52,700.00 |
| Doug Smith | Managing Director | $500 | 21.50 | $10,750.00 |
| Hannah Siegel | Senior Consultant | $340 | 1.00 | $340.00 |
| James P. Brennan | Senior Managing Director | $950; discounted to $500 effective 10/1/2026 | 178.50 | $145,410.00 |
| John White | Senior Consultant | $300 | 133.00 | $39,900.00 |
| Kathryn Trinh | Senior Consultant | $400 | 41.30 | $16,520.00 |
| Kinza Kherani | Consultant | $300 | 20.90 | $6,270.00 |
| Matt Shifflett | Senior Consultant | $500 | 70.00 | $35,000.00 |
| Melanie Arias | Consultant | $300 | 54.80 | $16,440.00 |
| Omer Khan | Managing Director | $800 | 49.50 | $39,600.00 |
| Richard Chung | Managing Director | $550 | 9.90 | $5,445.00 |
| Ryan Gaudet | Senior Director | $500 | 180.90 | $90,450.00 |
| Sean Lynch | Senior Director | $775 | 335.40 | $259,935.00 |
| Shane Jaeger | Consultant | $375 | 21.10 | $7,912.50 |
| Vincent Albanese | Director | $400 | 37.60 | $15,040.00 |
| Carlos Cardenas | Managing Director | $400 | 22.00 | $8,800.00 |
| Dan Paulus | Senior Managing Director | $420 | 22.70 | $9,534.00 |

| Name | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| JR Gulledge | Senior Consultant | $250 | 28.00 | $7,000.00 |
| Andrew Short | Managing Director | $550 | 8.80 | $4,840.00 |
| Cole Rasmussen | Senior Consultant | $350 | 20.50 | $7,175.00 |
| **Total** | | | | **$1,024,916.00** |

Blended hourly rate: $594.

14. J.S. Held categorized its time using the project categories in the U.S. Trustee Guidelines, including the categories listed for accountants and financial advisors (categories with no time are marked "--"). 28 C.F.R. pt. 58, app. A, exh. A.

| Task code | Category | Hours | Fees | Blended rate | % of fees |
|---|---|---|---|---|---|
| 1 | Asset Analysis and Recovery | 334.3 | $225,923.00 | $675.81 | 22.04% |
| 2 | Asset Disposition | 171.4 | $126,315.00 | $736.96 | 12.32% |
| 4 | Case Administration | 52.5 | $31,807.50 | $605.86 | 3.10% |
| 5 | Claims Administration and Objections | 152.5 | $98,775.00 | $647.70 | 9.64% |
| 7 | Fee/Employment Applications | 1.0 | $410.00 | $410.00 | 0.04% |
| 14 | Accounting/Auditing | 163.9 | $102,297.50 | $624.15 | 9.98% |
| 17 | Data Analysis | 529.1 | $252,320.00 | $476.89 | 24.62% |
| 18 | Litigation Consulting | 246.5 | $161,620.00 | $655.66 | 15.77% |
| 21 | Valuation | 73.1 | $25,448.00 | $348.13 | 2.48% |

## SERVICES RENDERED

15. Below is a summary of J.S. Held's principal services in each category. Exhibit A contains the complete record.

A. Data Analysis and Reconstruction Accounting (Task Code 14 -Accounting / Auditing; 163.9 hours; $102,297.50) (Task Code 17 – Data Analysis; 529.1 hours; $252,320.00)

16. When the Trustee was appointed, the Debtor's books and records were incomplete and its customer and digital-asset records were spread across several platforms. J.S. Held collected and stored the estate's books and records, including the Debtor's QuickBooks data and exchange records, and hosted them for review. It reconstructed customer accounts and the movement of digital assets to and from the Debtor's exchange and wallet accounts, including records from Coinbase, and it identified the post-petition transfers of estate property.

17. This work gave the Trustee a reliable picture of the estate's assets and of transfers she may be able to recover, which the Debtor's own records did not provide.

B. Asset Analysis and Recovery (Task Code 1-Asset Analysis and Recovery; 334.3 hours; $225,923.00)

18. J.S. Held analyzed potential estate claims, including transfers to insiders and affiliates of the Debtor, and prepared a list of potential claims and supporting analyses for the Trustee and her counsel. It traced transfers to individual recipients, including the post-petition transfers that are the subject of demand letters and adversary proceedings the Trustee has filed.

C. Asset Disposition—Sale of the Purchaser Interest (Task Code 2 – Asset Disposition; 171.4 hours; $126,315.00)

19. J.S. Held supported the Trustee's motion to sell an interest in the estate's litigation recoveries in exchange for up to $2,000,000 in funding. ECF 539. After Douglas J. Scribner submitted a competing bid, J.S. Held prepared a comparison of the two bids and an executive summary for the Trustee, an analysis of Mr. Scribner's bid and claim, and a breakdown of the

estate's claims against insiders that the Trustee offered at the sale hearing. ECF 609 (Trustee Ex. 17). James P. Brennan testified at the October 20, 2026 sale hearing. The Court approved the sale on October 29, 2026. ECF 623, 624.

20. This work helped the Trustee evaluate and obtain funding that lets a previously illiquid estate pursue its claims.

D. Case Administration and Reporting (Task Code 4 - Case Administration; 52.5 hours; $31,807.50)

21. J.S. Held prepared the Trustee's monthly operating reports, including the September 2026 report. ECF 615. It assembled the supporting bank and account data for each report and provided the information the Trustee's counsel needed for her motions to extend the time to file them. *See* ECF 604.

E. Claims Administration and Objections (Task Code 5 – Claims Administration and Objections; 152.5 hours; $98,775.00)

22. J.S. Held compared the Debtor's records with Proof of Claim No. 13-1, filed by the Scribner Charitable Remainder Unitrust, and with the amounts scheduled for Mr. Scribner. ECF 486. It also took part in the Trustee's October 28, 2026 call with the U.S. Trustee about Mr. Scribner's claim and his dealings with the Debtor.

F. Litigation Consulting (Task Code 18 – Litigation Consulting; 246.5 hours; $161,620.00)

23. J.S. Held collected, reviewed, and produced documents in response to a request from the United States Attorney's Office, including the production delivered on October 28, 2026 (PBCJS001). It also supported the Trustee's counsel in the adversary proceedings and in discovery from third parties.

G. Fee/Employment Applications (Task Code 7 – Fee / Employment Applications; 1.0 hours; $410.00)

24. J.S. Held reviewed the employment and fee applications and corresponded with the Trustee's counsel about the timing of fee applications.

H. Valuation (Task Code 21 - Valuation; 73.1 hours; $25,448.00)

25. In connection with the evaluation of bids received from the Trustee's motion to sell an interest in the estate's litigation recoveries in exchange for funding, J.S. Held performed preliminary analysis and valuation of the Washington County, Utah property that was purchased in connection with an insider related note.

**ACTUAL AND NECESSARY EXPENSES**

26. During the Compensation Period, J.S. Held incurred $22,620.70 in actual and necessary out-of-pocket expenses, itemized in Exhibit B. These consist of data hosting on the Reveal review platform, bank and financial statement processing through Valid8, Microsoft Azure managed services, and computer software. J.S. Held does not seek reimbursement for overhead.

**REASONABLENESS OF THE REQUESTED COMPENSATION**

27. Section 330(a)(1) authorizes the Court to award a professional employed under § 327 "reasonable compensation for actual, necessary services" and reimbursement for "actual, necessary expenses." In deciding what is reasonable, the Court considers the nature, extent, and value of the services, taking into account all relevant factors. Those factors include the time spent, the rates charged, whether the services were necessary or beneficial when rendered, whether the time spent was commensurate with the complexity of the task, the professional's skill and experience, and whether the compensation is customary. 11 U.S.C. § 330(a)(3). Necessity and benefit are judged by whether the services were reasonably likely to benefit the estate when rendered, not with hindsight. *In re Macco Props., Inc.*, 540 B.R. 793, 868 (Bankr. W.D. Okla.

2015) ("[t]he appropriate time for measuring benefit to the estate is as of the time the services are provided, and not at the time the court ultimately reviews the fee application").

28. J.S. Held's request meets these standards. The services were necessary to the Trustee's administration of the estate and were reasonably likely to benefit the estate when rendered. J.S. Held charged the rates approved in the Employment Order and assigned work to the lowest-rate professional able to handle it.

## PAYMENT

29. J.S. Held asks that its allowed compensation and expenses be allowed as an administrative expense of the estate under 11 U.S.C. §§ 503(b)(2) and 507(a)(2), and that the Trustee be authorized to pay the allowed amounts from available estate funds.

## CERTIFICATIONS AND DISCLOSURES

30. J.S. Held certifies, through the declaration below, that (a) it has read this Application; (b) to the best of its knowledge, information, and belief, formed after reasonable inquiry, the compensation and expenses sought comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and the U.S. Trustee Guidelines; (c) every service for which compensation is sought was actually performed, and every expense for which reimbursement is sought was actually incurred, for the Trustee and the estate and not for any other person; and (d) J.S. Held has not shared, or agreed to share, any compensation or reimbursement awarded in this case with anyone other than its members and employees. J.S. Held has made no agreement with the Trustee or anyone else for compensation or reimbursement in this case that has not been disclosed to the Court.

31. J.S. Held disclosed its connections with parties in interest in the declaration attached to the Employment Application. ECF 516, Ex. A. It has reviewed its connections since then and has found none that requires a supplemental disclosure.

32. The Trustee has reviewed this Application and the time records in Exhibit A and approves the relief requested.

## NOTICE

33. Notice of this Application and of the hearing on it has been given under Rule 2002(a)(6) and Local Rule 9013-1(d) to (a) the Office of the United States Trustee; (b) the Committee; (c) all parties who have requested notice in this case; and (d) all creditors on the mailing matrix. No further notice is required.

## CONCLUSION

J.S. Held asks that the Court enter an order, substantially in the form submitted concurrently with this filing, (i) allowing J.S. Held, on an interim basis, compensation of $1,024,916.00 and reimbursement of expenses of $22,620.70, for a total of $1,047,536.70, for the Compensation Period; (ii) allowing those amounts as an administrative expense of the estate under 11 U.S.C. §§ 503(b)(2) and 507(a)(2); (iii) authorizing the Trustee to pay the allowed amounts from available estate funds; and (iv) granting any other relief that is just.

DATED November 24, 2026.

**MANNING CURTIS BRADSHAW & BEDNAR PLLC**

/s/ Trevor J. Lee
Trevor J. Lee
Brett C. Gilmore
Austin C. Sabin
*Counsel for Angela J. Somers, Chapter 11 Trustee*

**DECLARATION**

I, James P. Brennan, a Senior Managing Director of J.S. Held, LLC, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Application; that the time and expense records attached as Exhibits A and B were prepared from J.S. Held's contemporaneous records kept in the ordinary course of business; that the certifications in the Application are true; and that the statements in the Application are true and correct to the best of my knowledge, information, and belief.

Executed on November 24, 2026.

/s/ James P. Brennan [signed with permission]
James P. Brennan